**OFFICIAL LOCAL FORM 8**
UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br>    ANDREW GREENHUT,<br>         Debtor | IN PROCEEDINGS UNDER<br>CHAPTER 13<br>CASE NO. |

## CHAPTER 13 AGREEMENT BETWEEN DEBTOR AND COUNSEL AS TO THE RIGHTS AND RESPONSIBILITIES OF DEBTOR AND DEBTOR'S COUNSEL

The Courts have determined that it is important for debtors who file bankruptcy cases under Chapter 13 to understand their rights and responsibilities in relation to their counsel and to understand what their attorney's responsibilities are, as well as the importance of communicating with their attorney in order to make the case successful. The Courts have also determined that Debtors should also know that they may expect certain services to be performed by their attorney. In order to encourage that debtors and their attorneys understand their rights and responsibilities in the bankruptcy process, the Courts require that, pursuant to the provisions of Chapter 13 Rule 13-2(a)(8), as incorporated by MLBR 3015-1, following terms and conditions be incorporated into any fee agreement with Debtor's Counsel. These provisions shall be in addition to those set forth in the Legal Services and Retainer Agreement attached hereto as Exhibit "A":

### RIGHTS AND RESPONSIBILITIES BEFORE THE BANKRUPTCY CASE HAS BEEN FILED

The DEBTOR agrees to:

1. Provide the attorney with accurate financial information; and

2. Discuss with the attorney the debtor's objectives in filing the case.

DEBTORS' COUNSEL agrees to provide the following legal services for the Initial Fee set forth below and in the Legal Services and Retainer Agreement attached as Exhibit "A":

1. Meet with the debtor to review the debtor's debts, assets, income and expenses;

2. Counsel the debtor regarding the advisability of filing either a Chapter 7 or Chapter 13 case, discuss both procedures with the debtor, and answer the debtor's questions;

3. Explain what payments will be made through the plan, and what payments will be made directly by the debtor for mortgage and vehicle loan payments, as well as which claims accrue interest;

4. Explain to the debtor how, when, and where to make the Chapter 13 plan payments, as well as the debtor's obligation to continue making mortgage payments, without interruption, and the likely consequences for failure to do so;

5. Explain to the debtor how the attorney's fees and trustee's fees are paid, and provide an executed copy of this document to the debtor;

6. Explain to the debtor that the first plan payment must be made to the Trustee within 30 days of the date the plan is filed;

7. Advise the debtor of the requirement to attend the 341 Meeting of Creditors, and instruct debtor as to the date, time and place of the meeting;

8. Advise the debtor of the necessity of maintaining appropriate insurance on all real estate, motor vehicles and business assets; and

9. Timely prepare and file the debtor's petition, plan and schedules.

## RIGHTS AND RESPONSIBILITIES AFTER THE BANKRUPTCY HAS BEEN FILED

The DEBTOR agrees to:

1. Keep the Trustee and attorney informed for the debtor's address and telephone number;

2. Inform the attorney of any wage garnishments or attachments of assets which occur or continue after the filing of the case;

3. **_IMMEDIATELY_** contact the attorney if the debtor loses his/her job or has other financial problems (the attorney may be able to have the Chapter 13 plan payments reduced or suspended in those circumstances), or alternatively obtains a material increase in income or assets;

4. Advise counsel if the debtor is sued during the case;

5. Inform the attorney if tax refunds to which the debtor is entitled are seized or not received;

6. Advise counsel and the Trustee **_BEFORE_** buying or selling property or before entering into any long-term loan agreements, to determine what approvals are required;

7. Provide the Trustee and the attorney, **_PRIOR_** to the Section 341 meeting of creditors, with documentary evidence as to debtor's income from all sources and the value of any asset in which the debtor has an interest, together with a copy of any declaration of homestead covering the debtor's real estate, proof of insurance on any real property or automobiles in which the debtor has an interest, and any other documents which the Trustee might reasonably request in order to assess whether the debtor's proposed plan should be confirmed.

DEBTOR'S COUNSEL agrees to provide, up until the date that the Debtor's Chapter 13 Plan is confirmed and approved by the court, the following legal services in consideration of the compensation further described below:

1. Appear at the 341 Meeting of Creditors with the debtor;

2. Respond to objections to plan confirmation, and where necessary, prepare an amended plan;

3. Prepare, file and serve any necessary modification to the plan which may include suspending, lowering, or increasing plan payments;

4. Prepare, file and serve necessary amended schedules in accordance with information provided by the debtor, subject to the Debtor paying the appropriate filing fee, if any;

5. Prepare, file and serve necessary motions to buy, sell or refinance real property to the extent such purchase, sale or refinancing was contemplated and provided for as a part of the Debtor's original Chapter 13 Plan;

6. Object to improper or invalid claims, if necessary, based upon documentation provided by the debtor, to the extent deemed prudent and appropriate by Debtor's Counsel, and except as provided under the terms of the Legal Services Retainer and Fee Agreement;

7. Represent the debtor in Motions for Relief from Stay;

8. Where appropriate, prepare, file and serve necessary motions to avoid liens on real or personal property; and

9. Provide such other incidental legal services as necessary for the proper administration of the case.

The Initial Fee charged in this case is $3,500.00. Additional sums may be required for post-petition services in the Chapter 13 case, including, but not limited to a Motion for Entry of Chapter 13 Discharge. The remaining terms and conditions of representation, including additional terms of compensation and additional services agreed to be rendered, if any, are set forth in the Legal Services Retainer and Fee Agreement, which is annexed hereto as Exhibit "A". To the extent set

forth under the terms of the attached Legal Services and Retainer Agreement, if the initial fees are not sufficient to compensate the attorney for the legal services rendered in this case, the attorney (to the extent required by the Massachusetts Local Bankruptcy Rules) may apply to the court for the payment of additional fees. If the debtor disputes the legal services provided or the fees charged by the attorney, an objection may be filed with the court and the matter set for hearing.

Executed this __23__ day of __January__, 2019.

_____
Andrew Greenhut

_____
Richard N. Gottlieb, Esq.

# EXHIBIT "A"

## Legal Services and Retainer Agreement

I, Andrew Greenhut ("Client") hereby agree to retain the Law Offices of Richard N. Gottlieb (the "Firm"), in connection with the filing of a bankruptcy petition under Chapter 13 of the Bankruptcy Code according to the following terms and conditions.

1. Legal Services to be Provided by the Firm under this Agreement

(a) General Counseling and Representation. The Firm shall, in general, provide counseling to and legal representation for the Client regarding the Client's bankruptcy case as may be appropriate and applicable to the Client and shall provide the following specific services.

(b) Financial Analysis and Bankruptcy Documents. The Firm shall review and analyze the Client's financial condition, assets, liabilities and the availability of exemptions with respect to the Bankruptcy Code and shall prepare all necessary documents for the filing of a Chapter 13 bankruptcy case, including a Chapter 13 Plan that conforms to the Massachusetts Local Bankruptcy Rules (the "MLBR").

(c) Defense of Claims of Exemption. In the event that a creditor or the Chapter 13 Trustee files an objection to the claims of exemption prepared by the Firm on the Client's Schedule "C", the Firm will defend such claim of exemption before the United States Bankruptcy Court.

(d) Bifurcation of Undersecured Claims. To the extent required under the terms of the Client's original Chapter 13 Plan, the Firm will, where appropriate, prepare, file and serve necessary motions to bifurcate any undersecured claims of the Client.

(e) Voluntary Conversion or Dismissal. The Firm, up until the date that the Client's Chapter 13 Plan is confirmed and approved by the court, after consultation with the Client, will prepare and file a voluntary conversion of the Client's case to another Chapter of the Bankruptcy Code under 11 U.S.C. § 1307(a) or seeking voluntary dismissal under 11 U.S.C. § 1307(b).

(f) Legal Services Provided Under Chapter 13 Agreement Between Debtor and Counsel as to the Rights and Responsibilities of Debtor and Debtor's Counsel. In addition to the legal services described immediately above, the Firm shall provide, to the extent necessary, those legal services described and set forth in the "Chapter 13 Agreement Between Debtor and Counsel as to the Rights and Responsibilities of Debtor and Debtor's Counsel" to which this Legal Services and Retainer Agreement is attached.

2. Legal Services that are not Provided for under this Agreement for the Initial Fee Provided

(a) Matters Which are Specifically Not Included in this Agreement. The legal services required to be performed under this for the Initial Fee provided for below shall not include any legal services not specifically set forth above, including, but not limited to the following types of matters:

(1) objecting to or otherwise defending a motion for relief from the automatic stay filed after the date that the Client's Chapter 13 Plan is confirmed and approved by the Court, with respect to property of the Client;

(2) objecting to or otherwise defending a Motion to Dismiss Chapter 13 Case, filed after the date that the Client's Chapter 13 Plan is confirmed and approved by the Court;

(3) defending any adversary proceeding commenced against the Client;

(4) commencing or prosecuting any adversary proceeding or other litigation on behalf of the Client in either State or Federal courts;

(5) prosecuting or defending any appeal of any decision of the U.S. Bankruptcy Court in any appellate court, regardless of whether the decision of the U.S. Bankruptcy Court that is the subject of the appeal arises from a matter initially included in this Agreement;

(6) objecting to the proof of claim of any creditor, except to the extent necessary in any lien avoidance proceeding under 11 U.S.C. § 522(f) and other than claims which the client can timely establish to the Firm's satisfaction a meritorious defense;

(7) representing the Debtor as part of any Rule 2004 Examination ordered to be taken of any party in interest;

(8) seeking, after the date that the Client's Chapter 13 Plan is confirmed and approved by the court and except as provided for in the Client's Original Chapter 13 Plan, approval of the purchase, sale or refinancing of any real or personal property, including any requests for the retention of any brokers or auctioneers.

(9) seeking, after the date that the Client's Chapter 13 Plan is confirmed and approved by the court, voluntary conversion of the Client's case to another Chapter of the Bankruptcy Code under 11 U.S.C. § 1307(a) or seeking voluntary dismissal under 11 U.S.C. § 1307(b).

(b) <u>Retention of Firm to Provide Legal Services Not Included in this Agreement</u>.

(1) In the event that the Client wishes to retain the Firm to represent the Client in any matter not included in the retainer paid under this Agreement and the Firm agrees to represent the Client with respect to such matter, as set forth above, then the Client shall execute a new "Legal Services Retainer Agreement" and provide an additional retainer, as set forth below, to the Firm as determined by the Firm.

(2) With respect to any other legal service provided under section 2(a), as set forth above, the additional retainer shall be determined by the Firm and the Firm shall bill the Client on a time-expended basis based upon the Firm's normal and usual hourly rates against the retainer so provided. The hourly billing rate of Richard N. Gottlieb for this matter is currently $450.00. The hourly billing rate for the Firm's associates for this matter is currently $150.00. The hourly billing rate for the Firm's paralegals for this matter is currently $85.00. These rates are subject to change upon notice to the Client.

(3) At the Firm's discretion, the Firm may, in the alternative, offer to provide to the Client any other legal service provided under section 2(a), as set forth above, upon a fixed fee basis. In that event, unless otherwise agreed, the Firm will undertake such other legal services requested by the Client only upon the receipt of the agreed refresher.

3. The Retainer for Legal Services Provided under this Agreement

(a) Retainer and Expenses to be Paid by Client to the Firm. The retainer for the legal services provided under this Agreement shall be $3,500.00. The Client shall also pay to the Firm the sum of $420.00, representing the cost of the filing fee, credit report download and pre- and post-petition counseling services required for any consumer bankruptcy filing. Additional sums may be required for post-petition services in the Chapter 13 case, including a Motion for Entry of Chapter 13 Discharge. Additionally, in the event that the Client desires to amend the Client's Schedules or Statement of Affairs, the Client shall pay to the Firm the additional sum of $31.00 to pay the cost of the amendment fee required by the Bankruptcy Court.

(b) Payment of Retainer in Full Prior to Filing Bankruptcy Petition. The Client hereby understands and agrees that until the retainer and court costs set forth above have been paid in full to the Firm in the form of payment required above, the Firm will not file the Client's bankruptcy petition nor proceed with the Client's bankruptcy case.

(c) Maintenance and Application of Retainer. The retainer and court costs paid to the Firm by the Client may be applied at the time of retention. Except as otherwise provided in Paragraph 4(e) of this Agreement, the Firm's fee under this Agreement shall be deemed fully earned upon the conclusion of the First Meeting of Creditors.

4. Further Terms of Legal Representation

(a) Ethical Responsibilities of the Firm to Client. The Firm, under the terms of this Agreement, agrees to provide competent and effective legal counseling and representation. The Firm agrees that it will zealously represent the interests of the Client in all matters included within this Agreement within the bounds of Massachusetts law and propriety. The Firm agrees to carry out the instructions of the Client to the extent permitted under the Disciplinary Rules and Canons of Ethics as provided under the Laws of the Commonwealth of Massachusetts. The Firm covenants to be honest and forthright in all its dealings with the Client and shall at all times promptly communicate any important matter to the Client.

(b) Ethical Responsibilities of Client to Lawyer. The Client agrees that the Client will at all times be honest and forthright with the Firm and will not withhold or misrepresent any information provided to the Firm in the performance of the Firm's responsibilities under this Agreement.

(c) Client's Responsibilities to Cooperate with Firm, Follow Legal Advice and Appear for Hearings. The Client agrees to at all times cooperate with and promptly respond to any request for information from the Firm. The Client agrees to follow the Firm's legal advice in the legal matters included under this Agreement. Upon receipt of notice, the Client covenants and agrees to promptly arrive and appear at all hearings, meetings and examinations at which the Client's presence is required by the Firm, by Court Order, or as a requirement under law.

(d) Client's Responsibility to Provide Accurate Information to the Firm; Amendments to Schedules. It shall be the Client's responsibility to provide complete and accurate information to the Firm, including a complete and accurate listing of all creditors, so that the Firm may be able to effectively represent the Client and prepare accurate Schedules and Statement of Financial Affairs for the Client.

(e) <u>Events that may Cause Firm to Withdraw its Representation</u>. In the event that the Client

   (1) fails to cooperate with the Firm;

   (2) insists that the Firm advance a legal position or theory that the Firm believes is not supported by the facts of the case or by applicable law or a good faith extension of the same; or

   (3) in any way breaches *any* provision of this Agreement,

upon notice to the Client at the Client's address listed above, the Firm may, in the exercise of its sole discretion, withdraw its representation of the Client in any matter in which the Firm has entered and appearance on behalf of the Client and terminate the Firm's legal relationship with the Client. In such an event, the Client agrees that any retainer paid shall be deemed fully earned by the Firm at the time that the Firm serves notice to the Client of its intent to withdraw its representation of the Client.

(f) <u>Client Recognition of Unpredictable Nature of Legal Proceedings</u>. The Client understands and agrees that, while the Firm will in all respects use its best efforts to represent the Client competently and zealously within the bounds of the law and propriety, because of the unpredictable nature of any legal proceeding, the Firm does not in any way promise or guarantee a specific result will, in fact, be achieved, including any situation in which the Client and the Firm agree to proceed based upon a novel legal theory.

   <u>5. Miscellaneous Provisions</u>

(a) <u>Expiration of Agreement</u>. Unless otherwise mutually agreed by both the Client and the Firm, the Firm's representation will expire and the Firm's representation under this Agreement shall cease, unless otherwise previously terminated, at the time of the earlier of the dismissal of the bankruptcy case or the Client's receipt of a bankruptcy discharge.

(b) <u>Incorporation by Reference of Massachusetts Code of Professional Responsibility</u>. The provisions of this Agreement shall include by reference the Rules of Professional Conduct as set forth in Massachusetts Supreme Judicial Court Rule 3:07, as may from time to time be amended.

(c) <u>Agreement Governed by Laws of the Commonwealth of Massachusetts</u>. This Agreement shall be governed by the Laws of the Commonwealth of Massachusetts.

Agreed this __23__ day of __January__, 2019.

_____  
Andrew Greenhut

_____  
Richard N. Gottlieb, Esq.,  
Law Offices of Richard N. Gottlieb

I have received a signed copy of this Agreement this __23__ day of __January__, 2019.

_____  
Andrew Greenhut