UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br>ANDREW GREENHUT,<br>Debtor | IN PROCEEDINGS UNDER<br>CHAPTER 13<br>CASE NO.: 19-10782 |

### OBJECTION OF DEBTOR TO THE AMENDED PROOF OF CLAIM OF GITA SRIVASTAVA CLAIM NO. 8 AND REQUEST FOR EVIDENTIARY SANCTIONS UNDER FED. R. BANKR. PRO. 3001(C)(2)(D)

NOW COMES the Debtor, Andrew Greenhut, and herby serves notice, pursuant to 11 U.S.C. § 502(b)(1) and (9), of his objections to the allowance of the Amended Proof of Claim of unsecured creditor Gita Srivastava (the "Creditor") as Claim No. 8 in the above-captioned Chapter 13 case and further requests that, pursuant to Fed. R. Bankr. Pro. 3001(c)(2)(D), the Creditor be (a) precluded from presenting the information omitted by the Creditor, in any form, as evidence in any contested matter or adversary proceeding, including, but not limited to (a) this Claim Objection and (b) the Creditor's Motion to Dismiss Chapter 13 Case (See ECF Document No. 42) in this case as a result of the Creditor's failure to comply with therequirements of Fed. R. Bankr. Pro. 3001(c)(2)(A). As grounds therefor, the Debtor states as follows:

### STATEMENT OF FACTS

1. On March 12, 2019, the Debtor filed his Voluntary Petition under Chapter 13 of the Bankruptcy Code.

2. Among the unsecured creditors listed in the Debtor's Schedule "E/F" was that of Gita Srivastava as a disputed unsecured claim in the face amount of $164,500.00. Pursuant to the requirements of 11 U.S.C. § 1325(b), the Debtor submitted a detailed Statement of Current Monthly Income and Calculation of Commitment Period in Official Form 122C-1 (See ECF

Document No. 6). As a result of the calculations set forth in the Debtor's Statement of Current Monthly Income and Calculation of Commitment Period in Official Form 122C-1, under Line 45 thereof, the debtors monthly disposable income under 11 U.S.C. § 1325(b)(2) was determined to be $1,747.06.

3. The debtor timely submitted in compliance with 11 U.S.C. § 521, his tax returns and pay advices to the Chapter 13 Trustee, corroborating the Debtor's net disposable income.

4. The Section 341 Meeting of Creditors was conducted by the Chapter 13 Trustee on May 1, 2019. The Creditor attended the Section 341 Meeting, by and through her counsel Alex Matera of Partridge, Snow and Hahn, LLP.

5. The court established a bar date for the filing of all proofs of claim, other than that of governmental entities, to be no later than May 21, 2019.

6. On May 21, 2019, the Creditor, by and through her counsel Alex Matera of Partridge, Snow and Hahn, LLP, filed a Proof of Claim in the face amount of $164,500.00, exactly matching the figure listed by the Debtor in his Schedule "E/F" based upon a "property division" claim that she has as against the Debtor.

7. Despite the fact that in Part 2, Section 7 of the Original Proof of Claim, setting forth that the amount sought by the Creditor, the Creditor indicated that the sum listed included amounts for accrued interests and attorney's fees and checked the box indicating the same, the creditor failed to include an attached "statement itemizing the interest, fees, expenses or other charges required by Bankruptcy Rule 3001(c)(2)(A)". Indeed, no supporting documentation of any kind was included with the file and of the Original Proof of Claim. A true and accurate copy of the original Proof of Claim of the Creditor is attached hereto as Exhibit "A".

8. On June 5, 2019, after the bar date for the filing of Proofs of Claim had elapsed, the Creditor by and through her counsel Alex Matera of Partridge, Snow and Hahn, LLP, filed an Amended Proof of Claim in the face amount of $290,749.17, based upon a "property settlement pursuant to final judgment" against the Debtor.

9. Once again, despite the fact that in Part 2, Section 7 of the Amended Proof of Claim, setting forth that the amount sought by the Creditor, the Creditor indicated that the sum listed included amounts for accrued interests and attorney's fees and checked the box indicating the same, the creditor failed to include an attached "statement itemizing the interest, fees, expenses or other charges required by Bankruptcy Rule 3001(c)(2)(A)"

10. Once again, no supporting documentation of any kind was included with the Amended Proof of Claim. A true and accurate copy of the Amended Proof of Claim of the Creditor is attached hereto as Exhibit "B".

11. On the very same day her Amended Proof of Claim, the Creditor filed an Objection to the Confirmation of the Debtor's First Amended Chapter 13 Plan, based upon the amount that she listed as being owed to her on her Amended Proof of Claim.

12. The following day, June 6, 2019,[1] the Creditor filed a Motion to Dismiss the Debtor's Chapter 13 Case (See ECF Document No. 42), based in large part upon the allegation that the Debtor's total unsecured debt, when the Creditor's Amended Proof of Claim amount of $290,749.17 was included, exceeded the statutory debt ceiling for unsecured debt under 11 U.S.C. § 109(e).[2]

---

[1] Somewhat ironically, the date of the filing of the Creditor's Motion to Dismiss coincides with the 75th anniversary of the storming of the beaches at Normandy during the World War II.

[2] Although the Amended Proof of Claim, that filed in the Creditor's *individual* name, provides no explanation as to how the additional amount of $126,249.17 (over and above the

## FIRST BASIS FOR REQUESTED RELIEF

13. The Debtor and the Creditor have, for many years been embroiled in internecine litigation domestic relations with each other in the State Courts of the State of Texas.[2] The Debtor asserts that the Creditor's Amended Proof of Claim is fundamentally flawed in its calculation and that it was filed simply as a pretext and ruse in an to attempt to disrupt the Debtor from effectively reorganizing his debts.

14. The Debtor asserts that the appropriate calculation of the amount due of $164,500.00 (which amount the Creditor initially agreed by way of her Original Proof of Claim) was arrived at by the following methodology:

   (a) the original debt arose as a part of an Agreed Final Decree of Divorce that became part of a divorce decree signed on November 25, 2015 in the aggregate amount of $220,000.00.[4]

---

$164,500.00) was determined or from what the claim arises, ¶ 12 of the Creditor's Motion to Dismiss alludes to the exact same amount. To the extent that this is what the creditor is referring to as the basis for the Amended Proof of Claim, the claim appears to arise from the parties' **Agreed Final Decree of Divorce**, attached hereto as Exhibit "C", but is not a claim held by the Creditor individual; rather it is a distinct and separate claim of the Debtor's Daughter, D.S., that the Creditor seeks to enforce.

[3]   Indeed, as of the date of the commencement of this Chapter 13 case, the Creditor was (and still is pursuing an appeal with the Texas Supreme Court relating of a Decision of the Texas Court of Appeals in the case of **In re D.S.** 555 S.W.3d 301 (Tex. App.—Dallas 2018, pet. filed) in which the Texas Court of Appeals vacated an Order of the Texas state trial court that effectively divested the Debtor of the right to pursue his parental rights *via à vis* the parties' minor child based upon a lack of subject matter jurisdiction under the Texas version of the Uniform Child Custody Jurisdiction and Enforcement Act. The Texas Court of Appeals made its decision based upon a finding that the "Home State" of the child in question for the purposes of subject matter jurisdiction was not the State of Texas but rather the Commonwealth of Massachusetts.

[4]   *See* **Agreed Final Decree of Divorce**, Exhibit "C" attached hereto, pp. 15, Debt to Husband H-4 "The sum of $210,000.00 payable by Husband to Wife…" and pp. 16, Debt to Husband H-6 "The sum of $10,000 due and payable by Andrew D Greenhut to Gita Srivastava for home renovations as provided in this Order."

(b) From February through June of 2016, the Debtor paid the Creditor five (5) monthly installments of $3,500 each, totaling an aggregate amount of $17,500, and thereby reducing the balance owed the Creditor to $202,500.00.[5]

(c) In February of 2017, the Creditor brought suit against the Debtor, claiming that the Debtor is in arrears of the Agreed Final Decree of Divorce. In March of 2017, the Creditor was awarded $38,000 in damages representing eight (8) missed payments of $3,500 each and a single payment of $10,000, pre-judgment interest of $1,061.91 at the statutory rate of 5.00% on the judgment, and an award of attorney fees in the amount of $15,487.75 for a total of $54,549.66, thereby increasing the total amount due by the Debtor from $202,500.00 to a net figure of $219,049.66;[6]

(d) From October and November of 2018, the Creditor obtains the recovery of:

(1) $13,344.45 from the Debtor's deposit account with Bank of America on October 29, 2018;[7]

(2) $6,633.27 from the Debtor's deposit account with TD Ameritrade on November 26, 2018;[8] and

---

[5] Although, the Agreed Final Decree of Divorce does provide for the reimbursement of any attorney's fees with respect to any debt owed by one party for which payment is demanded of the opposite party, (See **Agreed Final Decree of Divorce**, pp. 25), nothing in the Agreed Final Decree of Divorce provides for the accrual or payment of any interest on the amounts owed or the recovery of any legal fees or expenses incurred in connection with the enforcement of the Agreed Final Decree of Divorce.

[6] A true and accurate copy of the "Order on Petitioner's First Amended Petition for Enforcement of Property Division" is attached hereto as Exhibit "D".

[7] A true and accurate copy of the "Judgment of Garnishment" as to Bank of America is attached hereto as Exhibit "E".

[8] A true and accurate copy of the "Judgment of Garnishment" as to TD Ameritrade and the Monthly Statement showing the deduction for the garnishment is attached hereto as Exhibit "F".

(3) $39,975.02 from the Debtor's deposit account with Fidelity Investments on November 26, 2018,[9]

For a total aggregate recovery of $59,952.74 representing the recovery of the Creditor's judgment of $54,549.66, plus the payment of post-judgment interest of $5,403.08.

(e) As the Creditor's judgment has now been satisfied in full, the Debtor's current outstanding debt to the Creditor is calculated as follows:

| | |
|---|---|
| The amount of balance as of March 2017 | $219,049.66 |
| *LESS* the amount paid in satisfaction of the March 2017 judgment, | $54,549.66 |
| *LESS* the amount due in accrued court costs and post-judgment interest between March 2017 and November of 2018, | $5,403.08[10] |
| Net amount due as of the date of the commencement of this case | **$164,500.00** |

15. Therefore, based on foregoing documentation and calculation, the Debtor owes the Creditor no more than $164,500.00 as of the date of the commencement of this case, net of all applicable interest on the March 30, 2017 Judgment of 5.00% per annum and all attorney's fees assessed thereon and, consequently, pursuant to 11 U.S.C. § 502(b)(1), the Creditor's claim is not entitled to any additional sums in excess of $164,500.00.

---

[9] A true and accurate copy of the "Judgment of Garnishment" as to Fidelity Investments and the Monthly Statement showing the deduction for the garnishment is attached hereto.as Exhibit "G".

[10] Although the Debtor cannot be precisely certain of the *exact* amount of accrued court costs and post-judgment interest accruing at 5.00% per annum, the extra $5403.08 is deemed to have been taken for this reason based upon the formula for estimated compound 5% interest for 21 months as $54,549.66*(1+(.05/12))^(21) = $59,526.98. leaving the net sum of approximately $425 allocated towards court costs assessed against the Debtor.

16. In filing a Proof of Claim with this Court in any case where, as here, the Debtor is an individual, under Fed. R. Bankr. Pro. 3001(c)(2)(A), "[i]f, in addition to its principal amount, a claim includes interest, fees, expenses, or other charges incurred before the petition was filed, an itemized statement of the interest, fees, expenses, or charges *shall* be filed with the proof of claim." (Emphasis supplied.)

17. Under Fed. R. Bankr. Pro. 3001(c)(2)(D), provides that:

> If the holder of a claim fails to provide any information required by this subdivision (c), the court may, after notice and hearing, take either or both of the following actions:
>
> > (i) preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless; or
> >
> > (ii) award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

18. Because the both the Creditor's Original Proof of Claim and, more importantly, her Amended Proof of Claim each clearly indicate that the sum listed as owed by the Debtor includes amounts for accrued interests and attorney's fees and checked the appropriate box indicating the same to be the case, the Creditor was required to include with her Original and Amended Proofs of Claim "an itemized statement of the interest, fees, expenses, or charges".

19. The Creditor not only failed to attach the required "itemized statement of the interest, fees, expenses, or charges", but failed to attach *any documentation at all* to her Proofs of Claim.

20. The Creditor's failure to provide any documentation, much less the "itemized statement of the interest, fees, expenses, or charges" required under Fed. R. Bankr. Pro. 3001(c)(2)(A), not once, but twice over a matter of approximately two weeks, makes it clear that the omissions were not accidental or inadvertent and consequently not "substantially justified" within the meaning of Fed. R. Bankr. Pro. 3001(c)(2)(D)(i).

21. The Creditor's failure to provide any documentation, much less the "itemized statement of the interest, fees, expenses, or charges" required under Fed. R. Bankr. Pro. 3001(c)(2)(A), with her Amended Proof of Claim, makes it impossible for the Debtor to determine: (a) on what documentary or statutory basis the Debtor should owes the Creditor anything other than the remaining $164,500.00 and (b) just how she arrived at a figure of $290,749.17 based upon an Agreed Final Decree of Divorce that, by its very terms, does *not* provide for the accrual of interest or the payment of attorney fees and expenses for the enforcement thereof.

22. Particularly in light of the Motion to Dismiss the Debtor's Chapter 13 Case (that was filed by the Creditor only one (1) day after filing her Amended Proof of Claim) that is largely based the questionable allegation that the Debtor's unsecured debts exceed the eligibility ceiling under 11 U.S.C. § 109(e) that, in turn, is based *precisely* upon an amount of her Amended Proof of Claim of $290,749.17, the Creditor's failure to provide an "itemized statement of the interest, fees, expenses, or charges" required under Fed. R. Bankr. Pro. 3001(c)(2)(A), with her Amended Proof of Claim *is not and cannot* be deemed, in either intent or effect, "harmless" within the meaning of Fed. R. Bankr. Pro. 3001(c)(2)(D)(i).

### SECOND BASIS FOR REQUESTED RELIEF

23. To the extent that the underlying legal basis Amended Proof of Claim derives from her allegations set forth in paragraph 12 of the Creditor's Motion to Dismiss, the Creditor is seeking an additional $126,249.17, not in her *individual* capacity, but rather in a *representative* capacity, on behalf of the parties' daughter, D.S., so-called.[11]

24. The Creditor's original proof of claim related solely to claims that she *individually* had as against the Debtor. The Creditor's "Amended" Proof of Claim is, therefore, not "amended" at

---

[11] *See* **Agreed Final Decree of Divorce**, Exhibit "C", attached hereto, C-2, pp. 13.

all because it does *not* relate to rights that she has individually as in her original proof of claim.

25. Rather, the claim for the differential amount of $126,249.17 belongs to a separate, distinct party, the parties' child, as the true "party in interest". As such, the enforcement of such a claim that requires a *separate* proof of claim be filed since the claim relates to the rights of a person other than the Creditor herself. Consequently, because the "Amended Proof of Claim" was filed on June 5, 2019, well after the bar date for the filing of all such unsecured claims had elapsed, it is subject to disallowance pursuant to 11 U.S.C. Section 502(b)(9) for not being timely-filed, despite the Creditor having had full knowledge of the bar date and having actively participated in this bankruptcy case.[12]

### THIRD BASIS FIR REQUESTED RELIEF

26. Even were it the case that the Amended Proof of Claim were timely filed, the calculation of the differential amount associated with the parties' child, D.S., of $126,249.17 is simply wrong based upon an inaccurate reading of the **Agreed Final Decree of Divorce**. The terms of the provision upon which this differential amount may be found is on pp. 13 under Paragraph C-2 and reads as follows:

> If . . . Husband obtains a windfall event, such as his receiving an inheritance, a large increase in income, or a large gift, any of which are in excess of $30,000 per year or more, husband shall transfer all of his interest or all of such amount into an account at the discretion of and as directed by wife for the child, D.S., or in a trust for the benefit of the child, D. S. The parties stipulate that the husband's current income at the time this order is entered is $140,000 per year. THE PARTIES AGREE AND IT IS THEREFORE ORDERED that, on the condition that the

---

[12] *See* **In re San Miguel Sandoval**, 327 B.R. 493 (B.A.P. 1st Cir., 2005) (notice sent to attorney sufficient to impose obligation on creditor to monitor proceedings; untimely filed proof of claim disallowed as creditor's counsel was aware of claim deadline); *accord* **In re Manausa**, 2013 WL 12233953 (Bankr. N.D. Fla. Dec. 12, 2013) (e-mail notice received by counsel providing less than thirty-six (36) hours' notice held insufficient). *See also* **Gee v. Breedlove (In re Breedlove)**, Adv. Pro. No. 16-5179 (Bankr. N.D. Ga., 2018).

parties mutually agree in writing, husband may withhold up to 50% of any such inheritance, large increase in income, or gift amount. The parties agree and it is therefore ordered that the husband shall inform wife in writing each year on or before December 31 of each year, beginning in the year 2016 (i.e. on December 31, 2016), of any inheritance, increase in income, or gift he received (other than his $140,000 salary) that year in excess of $30,000.

27. A fair reading of the foregoing makes it clear that any report of increases in income is regarding an increase above $30,000 of the $140,000 mark, hence the use of the words "of such amount" and "such" in the foregoing paragraph. Furthermore, the "income" being described plainly refers to funds from the debtor's job or other "windfall event" such as an inheritance or other "large gift". The differential figure of $126,249.17, appears to be based upon items listed on the Debtor's Statement of Financial Affairs, under Question #5, regarding "Income other than from employment or operation of business", based upon the following formulation:

**2017**: $157,742.86 + $37,645.65 + $730.00 + $94.00 = $196,212.51
**2018**: $164,145.72 + $7,355.84 + $37,458.10 + $923.00 + $154.00 = $210,036.66
==========================================================================
**Total**: $196,212.51 + $210,036.66 − (2 * $140,000) = $126,249.17

28. The basic problem with this approach however is the simple fact that *none* of the items listed on Question # 5, would constitute "income" for the purposes of Paragraph C-2 of the **Agreed Final Decree of Divorce**. Rather, each of the items represent the proceeds of the assets awarded to the Debtor, specifically stock awards and interest and dividends arising therefrom, as part of the debtor's allocation of assets under Paragraph H-5 of the **Agreed Final Decree of Divorce**. It hardly seems reasonable, much less rational, that a probate court would make an award to the debtor of property on the one hand but find that the interest and dividends as well as the stock itself would then be taken away from the debtor as "income" arising from a "windfall event". A "windfall" in common parlance is an event that is unexpected and arises through mere luck or serendipity, not one that is, as in this case where

a party is allocated those assets in the first place, the value of those assets is easily and readily foreseeable.

29. Consequently, the differential amount between the Creditor's Original Proof of Claim and that set forth in her Amended Proof of Claim, seemingly attributed to the Debtor's child's, D.S.'s, property allocation not only is incorrectly calculated, but, in fact, no "windfall event" has, as yet, even arisen, so as to trigger the provisions of Paragraph C-2 in the first place.

30. As a result, the claim is not enforceable as of the date of the debtor's chapter 13 filing and is subject to being disallowed pursuant to 11 U.S.C. section 502(b)(1).

WHEREFORE, the Debtor respectfully requests that the Court issue an Order:

1. Disallowing the Creditor's Amended Proof of Claim, Claim No. 8, to the extent that it exceeds $164,500.00, pursuant to 11 U.S.C. § 502(b)(1) or, alternatively, 11 U.S.C. § 502(b)(9);

2. Pursuant to Fed. R. Bankr. Pro. 3001(c)(2)(D)(i), barring the Creditor from presenting any evidence, in any form, in any contested matter or adversary proceeding, including, but not limited to (a) this Claim Objection and (b) the Creditor's Motion to Dismiss the Debtor's Chapter 13 Case (*See* ECF Document No. 42), in the case, that the amount owed to her by the Debtor is in excess of the amount of $164,500.00; and

3. For such other and further relief as the Court deems just and proper under the circumstances.

                ANDREW GREENHUT, Debtor
                By his Attorney,

Date: 6/18/2019

*/s/ Richard N. Gottlieb, Esq.*
Richard N. Gottlieb, Esq. BBO# 547970
Law Offices of Richard N. Gottlieb
Ten Tremont Street
Suite 11, 3rd Floor
Boston, MA 02108
(617) 742-4491
rnglaw@verizon.net

# Exhibit "A"

**Fill in this information to identify the case:**

Debtor 1: Andrew Greenhut

Debtor 2 (Spouse, if filing):

United States Bankruptcy Court for the: District of Massachusetts

Case number: 19-10782

Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

**1. Who is the current creditor?**
Gita Srivastava
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**
✓ No
__ Yes. From whom? ____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Alex F. Mattera, Partridge Snow and Hahn LLP
Name

30 Federal Street
Number   Street

Boston          MA       02110
City            State    ZIP Code

Contact phone  (857) 214-3118

Contact email  amattera@psh.com

Where should payments to the creditor be sent? (if different)

Name

Number   Street

City            State    ZIP Code

Contact phone

Contact email

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

**4. Does this claim amend one already filed?**
✓ No
__ Yes. Claim number on court claims registry (if known) ____  Filed on ____
                                                                 MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
✓ No
__ Yes. Who made the earlier filing? ____

Official Form 410                              Proof of Claim                              page 1

Case 19-10782   Doc 45-1   Filed 06/18/19   Entered 06/18/19 12:24:55   Page 2 of 8
Document      Page 15 of 78

### Part 2: Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**
✓ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7. How much is the claim?**  $ _____ 164,500.00 . Does this amount include interest or other charges?
\* together with interest and attorneys' fees
☐ No
✓ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
Limit disclosing information that is entitled to privacy, such as health care information.

Property division

**9. Is all or part of the claim secured?**
✓ No
☐ Yes. The claim is secured by a lien on property.

**Nature of property:**
☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe: _____

**Basis for perfection:** _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____
**Amount of the claim that is secured:** $_____
**Amount of the claim that is unsecured:** $_____  (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed)_____%
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**
✓ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.**  $_____

**11. Is this claim subject to a right of setoff?**
✓ No
☐ Yes. Identify the property: _____

Official Form 410                                       Proof of Claim                                            page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ✓ No<br>Yes. *Check one:* | Amount entitled to priority |
|---|---|---|
| | Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

✓ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   05/21/2019
                   MM / DD / YYYY

/s/ Alex F. Mattera
_____
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Alex F. Mattera, Esq., BBO No. 641760 |
| | First name    Middle name    Last name |
| Title | Counsel |
| Company | Partridge Snow and Hahn LLP |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | 30 Federal Street |
| | Number    Street |
| | Boston                                    MA        02110 |
| | City                                      State    ZIP Code |
| Contact phone | (857) 214-3118        Email   amattera@psh.com |

# Exhibit "B"

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | Andrew Greenhut |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | District of Massachusetts |
| Case number | 19-10782 |

Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

**1. Who is the current creditor?**
Gita Srivastava
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**
✓ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Alex F. Mattera, Partridge Snow and Hahn LLP
Name

30 Federal Street
Number   Street

Boston          MA      02110
City            State   ZIP Code

Contact phone  (857) 214-3118

Contact email  amattera@psh.com

Where should payments to the creditor be sent? (if different)

Name

Number   Street

City    State   ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ - __ __ __ __ - __ __ __ __ - __ __ __ __

**4. Does this claim amend one already filed?**
☐ No
✓ Yes. Claim number on court claims registry (if known) 8-1          Filed on 05/21/2019
                                                                              MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
✓ No
☐ Yes. Who made the earlier filing? _____

Official Form 410                           Proof of Claim                                  page 1

### Part 2: Give Information About the Claim as of the Date the Case Was Filed

| | |
|---|---|
| 6. Do you have any number you use to identify the debtor? | ✓ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____ |
| 7. How much is the claim? | $ **290,749.17**. Does this amount include interest or other charges?<br>\* together with interest and attorneys' fees<br>☐ No<br>✓ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Property settlement pursuant to final judgment |
| 9. Is all or part of the claim secured? | ✓ No<br>☐ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $_____<br>**Amount of the claim that is secured:** $_____<br>**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $_____<br><br>**Annual Interest Rate** (when case was filed) _____%<br>☐ Fixed<br>☐ Variable |
| 10. Is this claim based on a lease? | ✓ No<br>☐ Yes. Amount necessary to cure any default as of the date of the petition.  $_____ |
| 11. Is this claim subject to a right of setoff? | ✓ No<br>☐ Yes. Identify the property: _____ |

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ✓ No | | |
|---|---|---|---|
| | Yes. Check one: | | Amount entitled to priority |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | | $_____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | | |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

**If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.**

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☐ I am the creditor.
✓ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  06/05/2019
                  MM / DD / YYYY

/s/ Alex F. Mattera
_____
Signature

Print the name of the person who is completing and signing this claim:

| Name | Alex F. Mattera |
| --- | --- |
| | First name   Middle name   Last name |
| Title | Counsel |
| Company | Partridge Snow and Hahn LLP |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | 30 Federal Street |
| | Number   Street |
| | Boston                              MA       02110 |
| | City                                State    ZIP Code |
| Contact phone | (857) 214-3118           Email   amattera@psh.com |

Official Form 410                                    Proof of Claim                                        page 3