UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br>ANDREW GREENHUT,<br>               Debtor | IN PROCEEDINGS UNDER<br>CHAPTER 13<br>CASE NO.: 19-10782 |

**OBJECTION OF DEBTOR TO MOTION OF
GITA SRIVASTAVA TO DISMISS DEBTOR'S CASE**

NOW COMES the Debtor, Andrew Greenhut, and herby serves notice, pursuant to 11 U.S.C. § 1307(c), of his Objections to the Motion of Unsecured Creditor Gita Srivastava (the "Creditor") to Dismiss Debtor's Case (the "Motion") and as grounds therefor, the debtor states as follows:

1. At the outset, the Creditor has failed to identify *any* of the enumerated bases for the dismissal of this Chapter 13 case as set forth under 11 U.S.C. § 1307(c). All of the bases identified by the Creditor in her Motion to Dismiss Debtor's Case, other than the question of the Debtor's eligibility to file a Chapter 13 Voluntary Petition under 11 U.S.C. § 109(e), are, in point of fact, merely complaints associated with the confirmation of the Debtor's First-Amended Chapter 13 Plan. Specifically, the creditor questions (a) the "good faith" of the Debtor in proposing his First Amended Chapter 13 Plan and (b) whether or not the Debtor is utilizing all of his "disposable income", within the meaning of 11 U.S.C. § 1325(b)(2), proposing to pay a dividend to unsecured creditors (including the Creditor) under the terms of the First Amended Chapter 13 Plan.

2. With respect to the Creditor's presentation of allegations regarding the "Prepetition Divorce Proceedings" and the "Debtor's Bankruptcy Filing" contained in the Motion, the Creditor has demonstrably mischaracterized the actual objective history between the parties and, in

particular, that the Debtor actions regarding the litigation was in any way "frivolous". With respect to the 2017 Enforcement action brought by the Creditor against the Debtor, among the relief sought by her was the allegation that she was entitled, *in loco parentis,* for the parties' daughter, D.S. to make a recovery against the Debtor under that portion of the Marital Settlement Agreement that should the Debtor obtain "a windfall event, such as his receiving an inheritance, a large increase in income, or a large gift, any of which are in excess of $30,000 per year or more, husband shall transfer all his interest or all of such amount into an account at the discretion of and as directed by wife for the child, D.S.., or in a trust for the benefit of the child, D.S." [1] Such additional relief was denied by the Texas District Court as part of its Enforcement Judgment.[2] Moreover, the Debtor was, in fact, quite successful in obtaining a decision in his favor before the Texas Court of Appeals in which it was found that the Courts of the State of Texas could not assert jurisdiction to make determinations regarding child custody and parental rights concerning the parties' child, D.S. under the Texas version of the Uniform Child Custody Jurisdiction and Enforcement Act.

3. With respect to the Amended Proof of Claim filed by the Creditor, based upon her allegations set forth in paragraph 12 of the Motion, the creditor is seeking an additional $126,249.17, not in her *individual* capacity, but rather in a *representative* capacity, on behalf of the parties' daughter, D.S., so-called. The Creditor's original proof of claim related solely to claims that

---

[1] **Agreed Final Decree of Divorce** dated November 25, 2015, "Property Awarded to The Child, D.S., C-2, pp. 13. *See* Exhibit "C" to Objection of Debtor to The Amended Proof of Claim of Gita Srivastava Claim No. 8 And Request for Evidentiary Sanctions Under Fed. R. Bankr. Pro. 3001(c)(2)(D).

[2] *See,* pp. 7 on **Order on Petitioner's First Amended Petition For Enforcement Of Property Division**, *See* Exhibit "D" to Objection of Debtor to The Amended Proof of Claim of Gita Srivastava Claim No. 8 And Request for Evidentiary Sanctions Under Fed. R. Bankr. Pro. 3001(c)(2)(D).

she *individually* had as against the Debtor. The Creditor's "Amended" Proof of Claim is not "amended" at all because it does *not* relate to rights that she has individually as in her original proof of claim; rather, this is a claim of a separate, distinct party, that requires a separate proof of claim since it relates to the rights of a person other than the Creditor herself. As such, because the "Amended Proof of Claim" was filed on June 5, 2019 after the bar date for the filing of all such claims, it is subject to disallowance pursuant to 11 U.S.C. Section 502(b)(9).[3]

4. Contemporaneously with the filing of this objection, the Debtor has filed an Objection to the Creditor's Amended Proof of Claim under 11 U.S.C. §§ 502(b)(1) and 502(b)(9). As a consequence of the foregoing the Debtor's, based upon the original, timely-filed, proof of claim filed by the Creditor, the total unsecured debt comprising the Debtor's Chapter 13 estate, based upon the timely proofs of claim filed with the Court, amounts to a grand total of $394,345.47. That sum is less than the unsecured debt limit as of the date of the Debtor's Chapter 13 filing under 11 U.S.C. Section 109(e) of $394,725.00. Therefore, there is no necessity for the dismissal of the case for lack of eligibility under 11 U.S.C. Section 109(e).

5. The Debtor reaffirms that the Debtor's expenses, as set forth in the Debtor's Schedule "J", accurately reflect the Debtor's expenses. In particular, the amount of the Debtor's continuing legal expenses is due to the fact of the ongoing litigation between the parties in the courts of the State of Texas. Indeed, but for the Creditor's attempt in the Texas Supreme Court to

---

[3]/    *See* **In re San Miguel Sandoval**, 327 B.R. 493 (B.A.P. 1st Cir., 2005) (notice sent to attorney sufficient to impose obligation on creditor to monitor proceedings; untimely filed proof of claim disallowed as creditor's counsel was aware of claim deadline); *accord* **In re Manausa**, 2013 WL 12233953 (Bankr. N.D. Fla. Dec. 12, 2013) (e-mail notice received by counsel providing less than thirty-six (36) hours' notice held insufficient). *See also* **Gee v. Breedlove** (**In re Breedlove**), Adv. Pro. No. 16-5179 (Bankr. N.D. Ga., 2018).

reverse a decision in favor of the Debtor from the Texas Court of Appeals in which it was found that the Courts of the State of Texas could not assert jurisdiction to make determinations regarding child custody and parental rights concerning the parties' child, D.S. under the Texas version of the Uniform Child Custody Jurisdiction and Enforcement Act, the debtor would have no necessity for the continued retention and payment of legal counsel to defend the appeal that she herself is prosecuting.

6. The Debtor's Chapter 13 Plan provides for the payment of all of the Debtor's" disposable income", as that phrase is understood pursuant to 11 U.S.C. Section 1325(b)(2) and as calculated and set forth on the Debtor's Form 122C-1 and 122C-2. Under Line 45 of Debtor's Form 122C-2, "Chapter 13 Calculation of Your Disposable Income", the Debtor's monthly "disposable income" has been determined to be $1,747.06, which amounts to, over the 60-month "applicable commitment period", to a total of $104,823.60. The Debtor's First Amended Chapter 13 Plan proposes to pay unsecured creditors, including the Creditor, the aggregate amount of ***$104,835.00***, thereby ***exceeding*** the amount needed in order to confirm a Chapter 13 Plan based upon an unsecured creditor's objection to the same pursuant to 11 U.S.C. Section 1325(b)(1). The Debtor has maintained his payments on a regular basis to the Chapter 13 Trustee.

7. The Debtor respectfully asserts that, the Creditor's vituperations to the contrary notwithstanding, by any ***objective*** measure, the Debtor's chapter 13 case and Chapter 13 plan were submitted with the requisite "good faith" as (a) the claims involved are dischargeable in nature, (b) the Debtor did not misrepresent his assets of income on his Schedules or Statement of Financial Affairs, (c) the Chapter 13 Plan pays general unsecured creditors, like the Creditor at bar, a dividend greater than what might otherwise be received in a Chapter 7

case and (d) the Debtor's motivation in this Chapter 13 case is plainly to settle his financial affairs without the continued risks and harassments associated with the Creditor's pre-petition garnishment of his assets and income which have been amply documented as part of the Debtor's Objection to the Creditor's Amended Proof of Claim. [4]

WHEREFORE, the Debtor respectfully requests that the Motion of Unsecured Creditor Gita Srivastava to Dismiss Debtor's Case be denied and for such other and further relief as the Court deems mete and just under the circumstances.

                                                ANDREW GREENHUT, Debtor
                                                By his Attorney,

Date:  6/18/2019                         /s/ Richard N. Gottlieb, Esq.
                                                Richard N. Gottlieb, Esq. BBO# 547970
                                                Law Offices of Richard N. Gottlieb
                                                Ten Tremont Street
                                                Suite 11, 3rd Floor
                                                Boston, MA 02108
                                                (617) 742-4491
                                                rnglaw@verizon.net

---

[4] *See* **In re Richall**, 470 B.R. 245, 2012 BNH 3 (Bankr. N.H., 2012) (Where Debtor's Chapter 13 Plan complies with the requirements of 11 U.S.C. § 1325(b), Chapter 13 Trustee's objection to confirmation based on lack of good faith is overruled.). *Compare* **Zizza v. Pappalardo**, 500 B.R. 288 (B.A.P. 1st Cir., 2013) (Where Debtor failed to list two assets, a pair of civil lawsuits she was prosecuting for a monetary recovery, the bankruptcy court was justified in find lack of "good faith" requiring the conversion of the case to Chapter 7.)

UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br>ANDREW GREENHUT,<br>　　　　　　　Debtor | IN PROCEEDINGS UNDER<br>CHAPTER 13<br>CASE NO.: 19-10782 |

## CERTIFICATE OF SERVICE

I, Richard N. Gottlieb, Esq., do hereby certify that I have this day served a copy of the Objection of Debtor to Objection of Gita Srivastava to Dismiss Debtor's Case electronically via the CM/ECF Electronic Messaging System on the persons listed below.

Date: June 18, 2019　　　　　　　　　　*/s/ Richard N. Gottlieb, Esq.*
　　　　　　　　　　　　　　　　　　　Richard N. Gottlieb, Esq. BBO # 547970
　　　　　　　　　　　　　　　　　　　Law Offices of Richard N. Gottlieb
　　　　　　　　　　　　　　　　　　　Ten Tremont Street
　　　　　　　　　　　　　　　　　　　Suite 11, 3rd Floor
　　　　　　　　　　　　　　　　　　　Boston, Massachusetts 02108
　　　　　　　　　　　　　　　　　　　(617) 742-4491
　　　　　　　　　　　　　　　　　　　rnglaw@verizon.net

**PERSONS SERVED:**

**Carolyn Bankowski, Esq.**
Chapter 13 Trustee
(Served via CM/ECF)

**Alex Mattera, Esq.**
Partridge, Snow and Hahn, LLP
Counsel to Gita Srivastava
(Served via CM/ECF)