UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)

| In re | |
|---|---|
| ANDREW GREENHUT, | Chapter 13<br>Case No. 19-10782-FJB |
| Debtor. | |

**MOTION OF CREDITOR GITA SRIVASTAVA TO
COMPEL DEBTOR TO WITHDRAW FILING AND REDACT DOCUMENT**
(Emergency Determination Requested)

Gita Srivastava ("Srivastava"), the holder of divorce-related claims against Andrew Greenhut (the "Debtor"), hereby moves this Honorable Court to enter an order compelling the Debtor to withdraw exhibits filed in violation of Texas court orders sealing the parties' divorce records. Furthermore, such documents include personal information in violation of the privacy protections provided by Rule 9037 of the Federal Rules of Bankruptcy Procedure. This is at least the third such violation to date in the Debtor's bankruptcy case alone. In further support of this Motion, Srivastava represents as follows:

1. On November 25, 2015, the Texas court rendered an *Agreed Final Decree of Divorce* (the "Agreement") that implemented an agreed property division between the Debtor and Srivastava.

2. Prior to the entry of the Agreement, the court had also entered an *Agreed Order on Motion to Seal Court Records* (the "Seal Order") on October 15, 2015. The Seal Order ordered that all documents in the parties' divorce matter be sealed, and not opened or released except by further court order.

3.      The Seal Order and the Agreement are both styled to include the phrase "**NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA**" in bold, all-capitals print at the top left-hand corner of the first page.

4.      On March 12, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 13 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Massachusetts (Eastern Division).

5.      In his Schedules of Assets and Liabilities [Doc. No. 1] (collectively, the "Schedules"), the Debtor discloses the full name of Srivastava's child, a minor, in violation of Rule 9037 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").[1]  Srivastava identified this violation in her *Limited Response of Creditor Gita Srivastava to Debtor's Motion to Employ Special Counsel* [Doc. No. 20] filed on April 16, 2019.  More than two months later, the Debtor has failed to correct the violation.

6.      On May 21, 2019, Srivastava filed her proof of claim [Claim No. 8-1] in the Debtor's case, asserting her claim based upon the Agreement.  Srivastava subsequently amended her claim on June 5, 2019 [Claim No. 8-2] (collectively, the "Srivastava Claim").  Due to the Seal Order, Srivastava was unable to append the Agreement to the Srivastava Claim.

7.      On June 18, 2019, the Debtor filed, *inter alia*, his *Objection of Debtor to the Amended Proof of Claim of Gita Srivastava Claim No. 8 and Request for Evidentiary Sanctions Under Fed. R. Bankr. Pro. 3001(c)(2)(D)* [Doc. No. 45] (the "Claim Objection").  The Debtor included numerous exhibits to the Claim Objection, filed openly with the Court and available publicly on the PACER system, including but not limited to:

   a.      Exhibit C—*Agreed Final Decree of Divorce*;

---

[1] The disclosure is made in response to Question 31 on Schedule B.  Srivastava identified the violation in her response in Paragraph 2, Page 2.

      b.      Exhibit D—*Order on Petitioner's First Amended Petition for Enforcement of Property Division*;

      c.      Exhibit F—*Judgment of Garnishment*; and

      d.      Exhibit G—*Judgment of Garnishment*.

8.      Exhibits C and D to the Claim Objection are pleadings from the Texas divorce case, subject to the Seal Order. The Debtor, along with Srivastava and any other party, is prohibited from disclosing such pleadings. Indeed, the pleadings themselves contain the helpful reminder, in bold, all-capital letters, **NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA**. As such, the Debtor should be compelled to withdraw the Exhibits C and D, and such pleadings should be removed from the Court's docket in compliance with the Seal Order.

9.      Moreover, Exhibit C includes personal information about Srivastava's child, including the full date of birth, in violation of Bankruptcy Rule 9037. The Debtor failed to redact such information.

10.      These violative disclosures are not an innocent mistake by the Debtor. This is at least the third violation by the Debtor in this case alone, which has been pending for only three months: (a) the Debtor disclosed Srivastava's child's name in his Schedules; (b) the Debtor was notified by the Court of another privacy violation by notice dated May 9, 2019; and (c) the Debtor disclosed Srivastava's child's full date of birth in the Claim Objection. Tellingly, in Exhibits F and G to the Claim Objection, *the Debtor carefully and consistently redacted his own account information*. The Debtor is clearly aware of the duty to redact, but only did so for his own benefit. To the extent the Debtor's violations of Srivastava's child's privacy were not calculated and malicious, they were at a minimum reckless and negligent.

11.   These latest violations follow a pattern of abuse and prohibited disclosure by the Debtor stretching back to 2015. The Debtor and his professionals frequently disclosed prohibited private information in various Texas matters, and regularly violated the Seal Order and other Texas protective orders by publicly filing sealed documents, despite repeated orders by Texas courts to address such violations. Srivastava eventually was forced to obtain a mandamus to address improper attempts to disclose the child's name and birth date in violation of Texas law.

12.   Massachusetts Local Bankruptcy Rule ("MLBR") 9037-1 provides, in pertinent part:

> All electronic or paper filings with the Court shall comply with Fed. R. Bankr. P. 9037. Counsel or, if applicable, the party making a filing ***shall be solely responsible for*** compliance with this Rule…

MLBR 9037-1(a) (emphasis added). Srivastava should not bear the cost of forcing the Debtor's compliance with his own obligations under the Bankruptcy Rules and MLBR. Indeed, the Debtor has been aware of the first violation for over two months and has failed and refused to address it. Moreover, this is the Debtor's third violation, and he has demonstrated that he is perfectly capable of redacting his own information, just not the information of others, including Srivastava's minor child. Accordingly, Srivastava requests that the Court award her reasonable attorneys' fees and costs associated with this compliance effort.

13.   Srivastava has requested emergency determination of this Motion in an effort to protect her child's privacy and to limit the potential damage of the Debtor's breach of the Seal Order.

WHEREFORE, for all of the foregoing reasons, Srivastava requests that this Honorable Court enter an order: (i) allowing the Motion; (ii) ordering the Debtor to redact the Schedules in compliance with Bankruptcy Rule 9037 and MLBR 9037-1; (iii) ordering the Debtor to

withdraw Exhibits C and D to the Claim Objection; (iv) awarding Srivastava her fees and costs in connection with this Motion; and (v) granting Srivastava such other and further relief as just and necessary.

> Respectfully submitted,
>
> GITA SRIVASTAVA,
>
> By her attorneys,
>
> /s/  Alex F. Mattera
> Alex F. Mattera, BBO No. 641760
> Partridge Snow & Hahn LLP
> 30 Federal Street
> Boston, MA  02110
> Telephone:  (857) 214-3118
> Facsimile:  (617) 272-7910
> Email:     amattera@psh.com

Dated:  June 19, 2019

## CERTIFICATE OF SERVICE

I, Alex F. Mattera, hereby certify that on the 19th day of June 2019 I caused to be served a copy of the above pleading on all parties registered for electronic service through the CM/ECF system.

> /s/ Alex F. Mattera
> Alex F. Mattera