UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

In re
ANDREW GREENHUT,
                        Debtor

IN PROCEEDINGS UNDER
CHAPTER 13
CASE NO.: 19-10782

## OBJECTION OF DEBTOR IN RESPONSE TO SECOND MOTION OF CREDITOR GITA SRIVASTAVA TO COMPEL DEBTOR TO WITHDRAW FILING AND REDACT DOCUMENT AND REQUEST FOR ORDER TO SHOW CAUSE WHY THE MOVANT OR HER COUNSEL OR BOTH SHOULD NOT BE SANCTIONED

NOW COMES the Debtor, Andrew Greenhut, and, pursuant to Fed. R. Bankr. Pro. 9037 and MLBR 9037-1, hereby responds to the Supplemental Motion of Creditor Gita Srivastava (the "Creditor") to Compel Debtor to Withdraw Filing and Redact Document (the "Motion") as follows:

1. The Debtor admits the allegations contained in Paragraph 1 of the Motion.

2. The Debtor admits so much of Paragraph 2 of the Motion concerning this Court's Orders restricting access to Claims Objection exhibits, but denies all remaining allegations contained therein.

3. The Debtor admits so much of Paragraph 3 of the Motion concerning the Debtor's filing of a Redacted version of the Objection of Debtor to The Amended Proof of Claim of Gita Srivastava Claim No. 8 and Request for Evidentiary Sanctions Under Fed. R. Bankr. Pro. 3001(c)(2)(D) (the "Debtor's Redacted Claim Objection"), but denies all other allegations contained therein.

4. The Debtor denies the factual allegations contain in Paragraph 4 of the Motion.

## **REQUEST FOR SHOW CAUSE ORDER**

The Debtor respectfully requests that the Court issue an Order, pursuant to Fed. R. Bankr. Pro. 9011(c)(1)(B), for the Movant and her Counsel to Show Cause why they should not be sanctioned for failing to timely withdraw the Movant's Supplemental Motion of Creditor Gita Srivastava to Compel Debtor to Withdraw Filing and Redact Document for the following reasons:

1.  On April 17, 2017, the Texas State District Court for the 470th Judicial District of Collin County Texas issued an "Order on Motion to Seal Court Records", that superseded any prior orders concerning the availability of documents filed concerning the Movant and Debtor's Divorce Proceedings (the "Sealing Order of April 17, 2017"). A true and accurate copy of the Protective Order of April 17, 2017 is attached hereto as Exhibit "A".

2.  On September 18, 2017, the 470th Judicial District of Collin County Texas issued an "Order on Redactions of Sensitive Data". This Order traced a timeline that included a notification of that Court's intention to unseal the entire court file concerning the Movant and Debtor's Divorce Proceedings (the "Order on Redactions of Sensitive Data of September 18, 2017"). A true and accurate copy of the Order on Redactions of Sensitive Data of September 18, 2017 is attached hereto as Exhibit "B".

3.  As part of the Order on Redactions of Sensitive Data of September 18, 2017, the court, with the exception of certain pleadings that are not relevant to this Chapter 13 case or the Debtor's Redacted Claim Objection, ordered that "**upon the lifting of this day by the 5th District Court of Appeals**, the April 17, 2017 order on Motion to Seal Court Records be immediately vacated and the court records in cause numbers 470-01775-2016 and 470-05429-2016 be immediately unsealed." (Emphasis original).

4.  On February 14, 2018, after the Movant had sought a Writ of Mandamus, the 5th District Court of Appeals, in rejecting the Movant's Request simply issued an Order redacting the parties' child's name and date of birth from all documents that were filed in the trial court in the bill of review proceedings. A true and accurate copy of the Decision and Order of the Texas 5th District Court of Appeals dated February 12, 2018 is attached hereto as Exhibit "C".

5.  The same day that the Texas 5th District Court of Appeals entered its Order, on February 12, 2018, the Texas State District Court for the 470th Judicial District of Collin County Texas issued a "Second Order on Redactions of Sensitive Data" that provided, in pertinent part, that "[u]pon the appellate courts lifting of its August 24, 2017 order staying this court's decision to unseal the records in cause numbers 470-01775-2016 and 470-05429-2016, it is ORDERED that those cause numbers be *immediately unsealed* pursuant to this Court's July 26, 2017 ruling and the September 18, 2017 order." (Emphasis supplied). A true and accurate copy of the Second Order on Redactions of Sensitive Data is attached hereto as Exhibit "D"

6.  On June 20, 2019 Debtor's Counsel sent to Movant's Counsel emails that included copies of both the original Order on Redactions of Sensitive Data dated September 18, 2017 and the Decision and Order of the Texas 5th District Court of Appeals dated February 12, 2018, and requested that, based upon the fact that the records of the parties' divorce proceeding had, in fact been and remain unsealed since at least February 12, 2018, the Movant immediately file a withdrawal of the Movant's Supplemental Motion of Creditor Gita Srivastava to Compel Debtor to Withdraw Filing and Redact Document. A true and

accurate copy of the emails sent to Movant's Counsel on June 20, 2019 are attached hereto as Exhibit "E"

7. Despite Debtor's Counsel providing clear and comprehensive evidence that there exists no outstanding order sealing the records of the parties' divorce proceeding, completely undercutting the factual basis for continuing with the Supplemental Motion of Creditor Gita Srivastava to Compel Debtor to Withdraw Filing and Redact Document, Movant and her Counsel have failed and refused to file a notice of withdrawal of the Supplemental Motion of Creditor Gita Srivastava to Compel Debtor to Withdraw Filing and Redact Document, thereby unnecessarily requiring the Debtor's Counsel to expend time defending the Movant's Supplemental Motion, despite the fact that they were put on notice that the continuation of said motion was, in reality, wholly without basis in fact.

8. Indeed, other than the small redactions for the Debtor's child's birth date, **none** of the documents included as exhibits to the Debtor's Redacted Claim Objection, contain any documents that were *ever* subject to *any impoundment order* of *any court, as they are Orders of the issuing Court itself and not any pleading of either party.*

WHEREFORE, the Debtor respectfully requests that the Court issue an Order:

1. Denying the Supplemental Motion of Creditor Gita Srivastava to Compel Debtor to Withdraw Filing and Redact Document

2. Directing the Movant and her Counsel to Show Cause, pursuant to Fed. R. Bankr. Pro. 9011(c)(1)(B), why they should not be sanctioned for failing to timely withdraw the Movant's Supplemental Motion of Creditor Gita Srivastava to Compel Debtor to Withdraw Filing and Redact Document; and

3.  For such other and further relief as the court deems mete and proper under the

    circumstances.

                                        ANDREW GREENHUT, Debtor,
                                        By her attorney,


Date:6/24/2019                          */s/Richard N. Gottlieb, Esq.*
                                        Richard N. Gottlieb, Esq. BBO # 547970
                                        Law Offices of Richard N. Gottlieb
                                        Ten Tremont Street
                                        Suite 11, 3rd Floor
                                        Boston, MA 02108
                                        (617)742-4491
                                        rnglaw@verizon.net

# Exhibit "A"

## NO. 470-05429-2016

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | IN THE DISTRICT COURT |
| MARRIAGE OF | § | |
| | § | |
| GITA SRIVASTAVA | § | |
| AND | § | 470TH JUDICIAL DISTRICT |
| ANDREW D. GREENHUT | § | |
| | § | |
| AND IN THE INTEREST OF D.S., | § | |
| A CHILD | § | COLLIN COUNTY, TEXAS |

## NO. 470-01775-2016

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE DISTRICT COURT |
| | § | |
| D.S. | § | 470TH JUDICIAL DISTRICT |
| | § | |
| A CHILD | § | COLLIN COUNTY, TEXAS |

## ORDER ON MOTION TO SEAL COURT RECORDS

On this day, the Court considered the Motion to Seal Court Records brought by Respondent, Gita Srivastava.

All parties appeared by and through their respective counsel. After considering the pleadings and the arguments of counsel, the Court finds that GITA SRIVASTAVA's Motion to Seal Court Records is **GRANTED**.

IT IS ORDERED that all documents bearing Cause No. 470-05429-2016 and styled "In the Matter of the Marriage of Gita Srivastava and Andrew D. Greenhut and In the Interest of D.S., a Child" are sealed, except those documents that are required by law to be recorded in the minutes of the Court. IT IS FURTHER

ORDERED that these documents may only be released to either party, an attorney for either party, or a staff member of an attorney for either party on that attorney's behalf. Other than one of those persons, the file shall not be opened or documents released except on appropriate court order.

IT IS FURTHER ORDERED that all documents bearing Cause No. 470-01775-2016 and styled "In the Interest of D.S., a Child" are sealed, except those documents that are required by law to be recorded in the minutes of the Court. IT IS FURTHER ORDERED that these documents may only be released to either party, an attorney for either party, or a staff member of an attorney for either party on that attorney's behalf. Other than one of those persons, the file shall not be opened or documents released except on appropriate court order.

SIGNED on April  17  , 2017.

_____
**JUDGE**

# Exhibit "B"

ACCEPTED
05-17-00998-CV
COURT OF APPEALS
DALLAS, TEXAS
9/18/2017 4:22 PM
LISA MATZ
CLERK

## NO. <u>470-01775-2016</u>

| | | |
|---|---|---|
| **IN THE INTEREST OF** | § | **IN THE DISTRICT COURT** |
| | § | |
| **D.S.** | § | **470TH JUDICIAL DISTRICT** |
| | § | |
| **A CHILD** | § | **COLLIN COUNTY, TEXAS** |

## NO. <u>470-05429-2016</u>

| | | |
|---|---|---|
| **IN THE MATTER OF THE** | § | **IN THE DISTRICT COURT** |
| **MARRIAGE OF** | § | |
| | § | |
| **GITA SRIVASTAVA** | § | |
| **AND** | § | **470TH JUDICIAL DISTRICT** |
| **ANDREW GREENHUT** | § | |
| | § | |
| **AND IN THE INTEREST OF D.S.,** | § | |
| **A CHILD** | § | **COLLIN COUNTY, TEXAS** |

## <u>ORDER ON REDACTIONS OF SENSITIVE DATA</u>

This court's plenary power may expire by September 26, 2017.  Nothing in this order is intended to conflict with any appellate order.

**<u>Timeline</u>**

| April 17, 2017 | Court signed *Order on Motion to Seal Court Records* |
|---|---|
| May 22, 23, and 31, 2017 | Trial held |
| June 13, 2017 | Judgments signed |
| June 28, 2017 | Parties notified about court's intention to unseal the file |
| July 7, 2017 | Hearing date set regarding court's unsealing of the file |

| July 26, 2017 | Contested hearing held on court's unsealing of the file. The court ruled that the records should be unsealed on 8/25/2017, allowing the parties 30 days to identify sensitive data they requested be redacted |
|---|---|
| August 24, 2017 | Respondent filed *Emergency Motion to Stay Pending Mandamus*, which was granted by the 5th District Court of Appeals the same day |
| August 25, 2017 | Court signed an order extending the parties' deadline to identify sensitive data to September 15, 2017 |
| September 11, 2017 | Counsel for both parties appeared to redact sensitive data from trial exhibits |
| September 13, 2017 | Hearing set for court to rule on disagreements regarding redaction of sensitive data. Counsel reached agreements set forth below. |
| September 15, 2017 | Counsel for both parties appeared to redact sensitive data from trial exhibits and provide substitute redacted pleadings |
| September 18, 2017 | Brief filed regarding redaction of child's name |

A hearing was set for September 13, 2017, for the court to rule on disagreements regarding redaction of sensitive data. Counsel for both parties appeared on September 13, 2017, and the following agreements were reached regarding the redaction of sensitive data:

(1) Attorneys will appear 9/15/2017 at 10:00 a.m. to redact sensitive data per TRCP 21c from trial exhibits and provide substitute redacted pleadings;

(2) Trial exhibits will be sealed;

(3) By 9/18/2017 at noon, attorneys will file a list of trial transcript page and line numbers that contain sensitive data per 21c and if any exists, the sensitive data will be protected from release

[this deadline was changed to 3:00 p.m. on 9/15/2017 because the court of appeals directed the court reporter to file her transcript by 9/17/2017];

(4)   By 9/18/2017 at noon, attorneys will file any briefs about whether the child's name should be redacted.

## Findings Regarding TRCP 21c

The court finds that the inclusion of the child's name and date of birth is specifically required by the Texas Family Code.

The court finds that TRCP 21c entitles the parties to redact sensitive data from documents filed with the court, but does not require the redaction of information from a trial transcript.

However, due to privacy concerns about full personal identification numbers and full financial account numbers, the court is permitting that information to be redacted from the trial transcript. After reviewing the parties' proposed transcript redactions, no full personal identification numbers or full financial account numbers appear in the transcript.

The court finds that the record does not identify the home address of the child the subject of the current suits. Out of caution, the court is ordering that the 5xxx Exxxxxxxxx Place address be redacted from the trial transcript, as it was unclear whether that is the child's home address. The evidence showed that the other addresses not ordered to be redacted from the trial transcript are not the child's home address.

## Other Findings Relating to the Unsealing of the Court's Records

The court finds that the procedures of TRCP 76a were not followed with respect to the sealing of the court records.

The court finds that the child was not a party and was not represented by an attorney ad litem in the underlying termination, the underlying divorce, or either bill of review.

The court finds that the orders herein are in the best interest of the child, including the ability of the child or her representative to access these records in the future.

## Rulings

The court reporter is ordered to seal the May 22, 23, and 31, 2017 trial exhibits.

The court reporter is ordered to redact from the trial transcript the house number and street name as follows:  5xxx Exxxxxxxxx Place

Pursuant to TRCP 21c(e), redacted substitute versions of pleadings and orders that contain sensitive data have been provided to the district clerk.

The district clerk is further ordered to seal the following individual pleadings:

- Respondent's Response to Petitioner's Motion for Authorization to Release Medical Information, filed 6/28/2016 in cause number 470-01775-2016

- Respondent's Motion for Reconsideration, filed 7/22/2016 in cause number 470-01775-2016

- Motion to Compel, filed 5/5/2017 in cause numbers 470-01775-2016 and 470-55383-2015

Having ruled on all redactions of sensitive data pursuant to the rules, it is hereby ordered that, **upon the lifting of the stay by the 5th District Court of Appeals**, the April 17, 2017 *Order on Motion to Seal Court Records* be immediately vacated and the court records in cause numbers 470-01775-2016 and 470-05429-2016 be immediately unsealed.

Signed on 9/18/2017.

JUDGE PRESIDING

# Exhibit "C"

**Conditionally granted in part, Denied in part, and Opinion Filed February 12, 2018**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

---

### No. 05-17-00998-CV

---

### IN RE GITA SRIVASTAVA, Relator

**Original Proceeding from the 470th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 470-05429-2016**

## MEMORANDUM OPINION

Before Justices Lang, Myers, and Boatright
Opinion by Justice Myers

The underlying proceeding relates to the redaction of certain information included in the trial court records and trial transcript of bill of review proceedings relating to divorce and parental termination proceedings. In this original proceeding, relator complains that the trial court refused to redact certain information from the record of those proceedings that relator contends is sensitive data requiring redaction either under Rule 21c of the rules of civil procedure or pursuant to constitutionally-protected privacy interests. Relator seeks a writ of mandamus directing the trial court to redact the information from the trial transcript[1] and documents filed in the trial court. We conditionally grant the writ in part and deny the writ in part.

---

[1] Relator and the trial court use the term "trial transcript" to describe the court reporter's record of testimony and argument at trial, and the term "trial exhibits" to describe the exhibits admitted into evidence at trial. The parties have agreed to seal the trial exhibits, but disagree on what should be redacted from the trial transcript. For consistency and to avoid confusion, we refer to the court reporter's record of testimony and argument at trial as the "trial transcript" rather than as the "reporter's record."

**Background**

Relator Gita Srivastava and real party in interest Andrew Greenhut were married in 2007 and, in January 2015, had a child.  Srivastava filed for divorce later that year.  The trial court ultimately entered an "Agreed Order of Termination of Parent-Child Relationship" that terminated Greenhut's parental rights and entered an "Agreed Final Decree of Divorce."  In 2016, Greenhut filed two separate bills of review; one challenged the parental termination order and the other challenged the agreed final divorce decree.  Srivastava moved to seal the court records in the bill of review proceedings.  And, on April 17, 2017, the trial court granted Srivastava's motion to seal court records.  The sealing order states that "all documents bearing" either of the bill of review cause numbers "are sealed" and "may only be released to either party, an attorney for either party, or a staff member of an attorney for either party on that attorney's behalf."  The trial court denied the bills of review on June 13, 2017.  The trial court then held a hearing on its own motion to unseal the court records in the bill of review proceedings and stated that the court would unseal the bill of review records on August 25, 2017.

In her petition for writ of mandamus, Srivastava complained that the trial court had not given the parties a meaningful opportunity to meet and to reach agreements on what sensitive data should be redacted from the record.  Srivastava sought a writ staying the trial court's decision to unseal the records until the parties are given a meaningful opportunity to review the trial transcript and exhibits and request appropriate redactions.  We stayed the trial court's decision to unseal the records and requested a response to the petition from Greenhut.  The trial court then directed the parties to schedule a conference with the court to review the trial exhibits and filed documents to identify sensitive data requiring redaction.  The trial court also directed the parties to schedule a hearing for the court to rule on any contested issues relating to the requested redactions.

The trial court then signed an "Order on Redactions of Sensitive Data." The redaction order states that the parties agreed to seal the trial exhibits and agreed to file a list of trial transcript page and line numbers that contain Rule 21c sensitive data for review by the court "and if any exists, the sensitive data will be protected from release." The trial court also agreed to permit redaction of "full personal identification numbers and full financial account numbers" from the trial transcript "due to privacy concerns," but found that no such information appears in the transcript. The redaction order also includes the trial court's findings regarding Rule 21c and unsealing the court records. Specifically, the trial court found that the family code requires the child's name and date of birth to be included in the court records, Rule 21c "entitles" parties to redact sensitive data in documents filed with the court but does not require redaction of the information from the trial transcript, Rule 76a was not followed with respect to sealing the court records, the child was not a party to or represented by an attorney ad litem in the divorce, termination, or bill of review proceedings, and the "orders herein are in the best interest of the child." The trial court ordered the court reporter to seal the trial exhibits from the bill of review proceedings and to redact an address in the trial transcript that might be the child's home address. The court also ordered the district clerk to seal three specific pleadings and noted that the redacted, substituted versions of pleadings and orders containing sensitive data had been provided to the district clerk.

Srivastava then filed a "Status Report Filed Under Seal" with this Court, complaining that the redaction order did not redact all sensitive data and should be vacated or modified. We treat the status report as an amended petition. In that status report. Srivastava asks for a writ ordering the district court to either redact the remaining sensitive data from the trial transcript and pleadings or order the district court to partially vacate its redaction order to the extent that order unseals the documents containing the sensitive data. Srivastava also asks the Court to order the district court

to partially vacate the redaction order to the extent it unseals documents from the original divorce and termination proceedings that were sealed in those cases by agreement and attached as exhibits to pleadings in the two bills of review.  The real party in interest filed a response to Srivastava's "status report filed under seal," and Srivastava filed a reply brief.

### Standard of Review

To be entitled to mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy.  *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).  "Documents once unsealed cannot effectively be resealed after appeal." *Upjohn Co. v. Marshall*, 843 S.W.2d 203, 205 (Tex. App.— Dallas 1992, no writ).  There is, thus, no adequate remedy by appeal of an erroneous order requesting a party to produce privileged or protected documents.  *In re York Risk Servs. Group, Inc.*, No. 12-17-00210-CV, 2017 WL 5622951, at *2 (Tex. App.—Tyler Nov. 22, 2017, orig. proceeding); *Pittsburgh Corning Corp. v. Caldwell*, 861 S.W.2d 423, 424 (Tex. App.—Houston [14th Dist.] 1993, orig. proceeding) ("Clearly, once privileged information is disclosed, there is no way to retrieve it; therefore, mandamus is an appropriate remedy to prevent the publication of confidential documents.").  Mandamus is, therefore, the appropriate remedy where protected material is ordered discoverable.  *In re Higgins*, 246 S.W.3d 744, 745 (Tex. App.—Eastland 2007, orig. proceeding) (citing *In re Anderson*, 973 S.W.2d 410, 411 (Tex. App.—Eastland 1998, orig. proceeding)).

### Discussion

Srivastava asserts three general grounds for her complaint that the trial court abused its discretion by denying her requested redactions.  First, she argues that the information sought to be redacted but denied is sensitive data that must be redacted pursuant to Rule 21c.  Second, she argues that the information should be redacted because the information falls within her and the

–4–

child's zone of privacy and there is no legitimate public concern for unsealing such sensitive information.  Third, Srivastava maintains that the trial court abused its discretion by lifting the sealing order.  We address each argument in turn.

## A.    Redaction under Rule 21c

Sensitive data must be redacted from documents "filed with a court" unless the information is required to be included by a statute, rule, or administrative regulation.  TEX. R. CIV. P. 21c(b).  Rule 21c(a) defines "sensitive data" as the following:

> (1) a driver's license number, passport number, social security number, tax identification number, or similar government-issued personal identification number;
>
> (2) a bank account number, credit card number, or other financial account number; and
>
> (3) a birth date, home address, and the name of any person who was a minor when the underlying suit was filed.

TEX. R. CIV. P. 21c(a)(1), (2), (3). Srivastava complains that the following information must be redacted from some or all of the trial record pursuant to Rule 21c:

- The child's name in pleadings, depositions, orders, and the trial transcript;

- The child's date of birth in pleadings, depositions, orders, and the trial transcript;

- The name of the child's physician in pleadings and the trial transcript;

- Discussions in the trial transcript of the real party in interest's lists of what Srivastava describes as disturbing sexual and violent fantasies about Srivastava and the child; and

- The real party in interest's lists of the above-mentioned fantasies, which were exhibits to the pleadings in the bills of review.

Neither the name of the child's physician nor the lists or discussions of the real party in interest's fantasies are defined as sensitive data under Rule 21c.  As such, we conclude that Rule 21c does not require the trial court to redact the name of the child's physician or the lists or discussion of the real party in interest's fantasies.  We deny the petition for writ of mandamus to

–5–

the extent Srivastava seeks a writ ordering the trial court to redact that information pursuant to Rule 21c.

But the child's name and date of birth are considered sensitive data under Rule 21c. The trial court was, therefore, required to redact the child's name and date of birth from documents "filed with a court" unless the information is required to be included by a statute, rule, or administrative regulation. TEX. R. CIV. P. 21c(b). In denying the request for redaction of the child's name and date of birth, the trial court found "that the inclusion of the child's name and date of birth is specifically required by the Texas Family Code." Srivastava avers that this finding is based on the trial court's belief that section 102.008(b)(2) of the family code requires the disclosure of the child's name and birth date in all court filings.

Section 102.008(b)(2) requires the child's name and date of birth to be included in a petition in a suit affecting the parent-child relationship (SAPCR). TEX. FAM. CODE § 102.008(b)(2). Here, Srivastava maintains that the child's name and birth date are included in documents filed in two bills of review and in the trial transcript and those documents do not include a SAPCR petition. Section 102.008 is, thus, inapplicable here, and Rule 21c controls and requires the information be redacted from any documents filed in the trial court in the bill of review proceedings. Because Rule 21c(a)(3) defines the child's name and date of birth as "sensitive data" and Rule 21c(b) requires that all such sensitive data must be redacted from documents filed in the trial court, the trial court abused its discretion by denying the request to redact the child's name and date of birth from documents filed in the trial court. Accordingly, we conditionally grant the petition for writ of mandamus as to Srivastava's request that the child's name and date of birth be redacted from documents that were filed in the trial court in the bill of review proceedings.

The answer is less clear regarding whether the child's name and date of birth must be redacted from the trial transcript pursuant to Rule 21c(b) because it is unclear whether the trial

transcript has been filed with the trial court.  Rule 21c(b) speaks specifically to "the filing" of documents containing sensitive data and applies to documents "filed with a court." TEX. R. CIV. P. 21c(b).  If the trial transcript has been filed with the trial court or is considered a document "filed with a court" regardless of whether it has been physically filed, then it falls under Rule 21c(b) and the trial court was required to grant the redaction request.  But if the trial transcript has not been filed with the trial court, then the transcript does not fall under the plain language of Rule 21c and the trial court is not required to redact that information under Rule 21c.

The parties do not address whether trial or hearing transcripts are subject to Rule 21c, and we have found no authorities directly answering that question.  However, a document is filed "when it is tendered to the clerk, or otherwise put under the custody or control of the clerk". *Jamar v. Patterso*n, 868 S.W.2d 318, 319 (Tex. 1993); *Standard Fire Ins. Co. v. LaCoke*, 585 S.W.2d 678, 680 (Tex. 1979) ("an instrument is deemed in law filed at the time it is left with the clerk, regardless of whether or not a file mark is placed on the instrument and regardless of whether the file mark gives some other date of filing"); *see also* TEX. R. CIV. P. 74 ("The filing of pleadings, other papers and exhibits as required by these rules shall be made by filing them with the clerk of the court").  Here, the record does not show that the trial transcript has been tendered to the clerk or otherwise placed in the clerk's custody or control.  The trial transcript, thus, has not been "filed." And, although the trial transcript is the record of what happened in open court, we conclude that the transcript, standing alone, is not currently a document filed with the court for purposes of Rule 21c.  *See In re M-I L.L.C.*, 505 S.W.3d 569, 579 (Tex. 2016) (the testimony given at a hearing is not a court record as defined by Rule 76a and is not by itself a document "filed in connection with any matter before any civil court").  Accordingly, we deny the petition for writ of mandamus to the extent it seeks a writ ordering the trial court to redact the child's name and date of birth from the trial transcript pursuant to Rule 21c.

B.      **Redaction to protect privacy concerns**

Srivastava also argues that the child's name, date of birth, physician's name, trial testimony regarding Greenhut's lists of allegedly sexual and violent fantasies, and the lists of those fantasies should be redacted or remain sealed because the information falls within her and the child's zone of privacy and there is no legitimate public concern for unsealing such sensitive information. Srivastava relies on the general law providing that the Texas Constitution protects personal privacy from unreasonable intrusion.  *See, e.g., Tex. State Emps. Union v. Tex. Dept. of Mental Health & Mental Retardation*, 746 S.W.2d 203, 205 (Tex. 1987).  "This right to privacy should yield only when the government can demonstrate that an intrusion is reasonably warranted for the achievement of a compelling governmental objective that can be achieved by no less intrusive, more reasonable means."  *Id.*

In deciding whether or not to seal court records, the trial court must "balance the public's interest in open court proceedings against an individual litigant's personal or proprietary interest in privacy."  *Nguyen v. Dallas Morning News, L.P.*, No. 02-06-298-CV, 2008 WL 2511183, at *4 (Tex. App.—Fort Worth June 19, 2008, no pet.) (mem. op.) (quoting *Gen. Tire, Inc. v. Kepple*, 970 S.W.2d 520, 526 (Tex. 1998)).  A trial court abuses its discretion by sealing court records if the record does not show "a specific, serious and substantial interest which clearly outweighs this presumption of openness. . . ."  *Boardman v. Elm Block Dev. Ltd. P'ship*, 872 S.W.2d 297, 299 (Tex. App.—Eastland 1994, no writ).  Certain personal matters fall within a "constitutionally protected zone of privacy," including matters related to "[m]arital relationships, procreation, contraception, family relationships, child rearing and education, and medical records. . . ." *Nguyen*, 2008 WL 2511183 at *4.  "Although there is a presumption under Texas law that the public has no legitimate interest in private embarrassing facts about private citizens, whether a given matter

–8–

is of legitimate public concern depends on the factual context of each particular case, the nature of the information, and the public's legitimate interest in its disclosure." *Id.*

The protection of children from abuse "is of the utmost importance in Texas" and information regarding such abuse has been found to be of legitimate public concern such that a trial court does not abuse its discretion by refusing to seal or redact the information. *Id.* (trial court did not abuse its discretion by refusing to seal personnel files that included allegations of sexual assaults of children by a priest). Similarly, in *Backes v. Misko*, this Court found in an Anti-SLAPP case that statements indicating a child may be suffering abuse related to health or safety and fell within the statutory definition of matter of public concern. 486 S.W.3d 7, 18 (Tex. App.—Dallas 2015, pet. denied) (citing TEX. CIV. PRAC. & REM. CODE § 27.001(7)); *see also Shipp v. Malouf*, 439 S.W.3d 432, 438 (Tex. App.—Dallas 2014, pet. denied) ("A matter of public concern is defined broadly; therefore, the legislature expressed its intent that the statute, enacted to protect the right of free speech, be construed broadly").

Srivastava contends that the trial court abused its discretion by refusing to redact information Srivastava believes falls within her and her child's zone of privacy. To establish an abuse of discretion, the relator must establish that the trial court could reasonably have reached only one decision. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "Even if the reviewing court would have decided the issue differently, it cannot disturb the trial court's decision unless it is shown to be arbitrary and unreasonable." *Id.* Here, the information regarding the real party in interest's alleged fantasies certainly sounds like information that one would consider private and embarrassing. However, Srivastava has not provided a transcript from the hearings regarding the redactions or a sealed copy of the information at issue. She has merely presented her opinion that this information, as well as the physician's name, is private and subject to privacy protections. In light of the authorities permitting information regarding child abuse to

be unsealed and the lack of a complete record, Srivastava has not shown that the trial court could

have reached only one decision with respect to whether privacy interests clearly outweighed the

presumption of openness. *See D.B. v. Rodriguez*, No. 04-00-00335-CV, 2000 WL 33128680, at

*2 (Tex. App.—San Antonio Dec. 6, 2000, pet. denied) (not designated for publication) (trial court

did not abuse its discretion by denying motion to seal party's medical records showing Hepatitis

C diagnosis).   This Court may not make factual determinations regarding disputed facts or

substitute its opinion for the trial court's opinion.   *See Walker*, 827 S.W.2d at 839–40.

Accordingly, we conclude that the trial court did not abuse its discretion in refusing to redact the

information pursuant to privacy concerns.

## C.    Lifting of the order sealing the bill of review records

Srivastava avers that the underlying divorce and termination proceedings were sealed by

agreement of the parties and that documents from those proceedings are part of the records in the

bill of review proceedings.   She complains that the sealed records from the underlying proceedings

will be impermissibly unsealed and made public when the trial court lifts the sealing order

regarding the records from the bill of review proceedings.   Srivastava has not provided a copy of

the sealing order(s) from the underlying divorce and termination proceedings or other proof that

the records from those proceedings were sealed.   We deny Srivastava's petition to the extent it

seeks a writ requiring the records from the bill of review proceedings to remain sealed or partially

sealed based on the alleged sealing of the underlying divorce and termination proceedings.

We also deny Srivastava's petition to the extent she argues that the trial court abused its

discretion by lifting the April 17, 2017 sealing order regarding the records of the bill of review

proceedings.   Srivastava takes issue with the trial court's findings in the redaction order that the

parties did not follow the procedures of Rule 76a to seal the bill of review proceedings and that

"the orders herein are in the best interest of the child, including the ability of the child or her

–10–

representative to access these records in the future." After denying the bills of review, the trial

court held a hearing on its own motion to unseal the court records in the bill of review proceedings.

The trial judge purportedly stated at the hearing that the court would unseal the records from the

bill of review proceedings on August 25, 2017. Srivastava has not provided this Court with a

transcript from that hearing. Without a complete record, this Court cannot determine whether the

trial court could reasonably reach only one conclusion regarding unsealing the records of the bill

of review proceedings. Accordingly, we deny the petition to the extent it seeks a writ directing

the trial court to vacate its order unsealing the records in the bill of review proceedings.

### Conclusion

We conclude the petition should be granted in part and denied in part. We conditionally

grant the writ and direct the trial court to redact the child's name and date of birth from all

documents that were filed in the trial court in the bill of review proceedings. We further direct the

trial court to issue a written order requiring those redactions be made within fifteen (15) days of

the date of this opinion. A writ will issue only if the trial court fails to comply with this opinion

and the order of this date. We deny the petition on all other grounds.


/Lana Myers/
LANA MYERS
JUSTICE


170998F.P05

Order entered February 12, 2018



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

### No. 05-17-00998-CV

---

### IN RE GITA SRIVASTAVA, Relator

---

**Original Proceeding from the 470th Judicial District Court
Collin County, Texas
Trial Court Cause No. 470-05429-2016**

---

## ORDER
Before Justices Lang, Myers, and Boatright

Based on the Court's opinion of this date, we **CONDITIONALLY GRANT IN PART** and **DENY IN PART** relator's petition for writ of mandamus. We **CONDITIONALLY GRANT** the writ in part and **ORDER** the trial court to redact the child's name and date of birth from all documents that were filed in the trial court in the bill of review proceedings. We further **ORDER** the trial court to, within fifteen (15) days of the date of this opinion, issue a written order requiring those redactions be made. We further **ORDER** the trial court to file with this Court, within twenty-one (21) days of the date of this order, a certified copy of its order(s) issued in compliance with this order and with the Court's opinion of this date. Should the trial court fail to comply with this order, the writ will issue. We **DENY** all other relief requested in the petition for writ of mandamus.

Following confirmation of the trial court's compliance with this order and the Court's opinion of this date, the Court will issue an order lifting its August 24, 2017 order staying the district court's decision to unseal the records in the bill of review proceedings in trial court cause numbers 470-05429-2016 and 270-55383-2015.

/s/     LANA MYERS
        JUSTICE

# Exhibit "D"

NO. <u>470-01775-2016</u>

| | | |
|---|---|---|
| **IN THE INTEREST OF** | § | **IN THE DISTRICT COURT** |
| | § | |
| **D.S.** | § | **470TH JUDICIAL DISTRICT** |
| | § | |
| **A CHILD** | § | **COLLIN COUNTY, TEXAS** |

NO. <u>470-05429-2016</u>

| | | |
|---|---|---|
| **IN THE MATTER OF THE MARRIAGE OF** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| **GITA SRIVASTAVA** | § | |
| **AND** | § | **470TH JUDICIAL DISTRICT** |
| **ANDREW GREENHUT** | § | |
| | § | |
| **AND IN THE INTEREST OF D.S.,** | § | |
| **A CHILD** | § | **COLLIN COUNTY, TEXAS** |

## <u>SECOND ORDER ON REDACTIONS OF SENSITIVE DATA</u>

*Findings*

The February 12, 2018 Memorandum Opinion and Order of the Dallas Court of Appeals held that, pursuant to Tex. R. Civ. P. 21c, the birth date and name of D.S. must be redacted in any document filed in the trial court in the bill of review cause numbers 470-01775-2016 and 470-05429-2016.

Texas Rule of Civil Procedure 21c(c) requires that this sensitive data (the birth date and name of D.S.) must be redacted by using the letter "X" in place of each omitted digit or character or by removing the sensitive data in a manner indicating that the data has been redacted. Texas Rule of Civil Procedure 21c(c)

also requires that the filing party must retain an unredacted version of the filed document during the pendency of the case and any related appellate proceedings filed within six months of the date the judgment is signed.

### *Ruling*

Within 21 days, each party is ORDERED to resubmit to the Collin County District Clerk's Office a redacted, substitute document for any non-conforming document that party has filed in cause number 470-01775-2016 or 470-05429-2016 containing the unredacted birth date or name of D.S.

If either party believes that the other party has failed to redact the birth date or name of D.S. in a filed document, that party may submit additional redacted, substitute documents to the Collin County District Clerk's Office by the 30th day after the date of this order.

The following documents not filed by either party contain the unredacted birth date or name of D.S.:

| 470-01775-2016 | |
|---|---|
| 6/27/2016 | Certificate of Deposition |
| 6/29/2016 | Order on Respondent's Objections to Petitioner's Summary Judgment Evidence and Motion to Strike |
| 7/6/2017 | Trial Court's Findings of Fact and Conclusions of Law |

| 470-05429-2016 | |
|---|---|
| 7/6/2017 | Trial Court's Findings of Fact and Conclusions of Law |

This court provided redacted, substitute versions of those documents to the Collin County District Clerk's Office on February 14, 2018.

Upon the appellate court's lifting of its August 24, 2017 order staying this court's decision to unseal the records in cause numbers 470-01775-2016 and 470-05429-2016, it is ORDERED that those cause numbers be immediately unsealed pursuant to this court's July 26, 2017 ruling and September 18, 2017 order.

Signed on 2/14/2018.

JUDGE PRESIDING







STATE OF TEXAS )
COUNTY OF COLLIN )

I, Lynne Finley, District Clerk in and for Collin County Texas,
do hereby certify that the above foregoing is a true and correct copy of the
original document as the same appears on the file in the District Court,
Collin County, Texas. Witness my hand and seal of said Court, this
the 14 day of FEB A.D., 20 1t

LYNNE FINLEY, DISTRICT CLERK
COLLIN COUNTY, TEXAS
N. Adams
——————— DEPUTY

# Exhibit "E"

**rnglaw@verizon.net**

| | |
|---|---|
| **From:** | rnglaw@verizon.net |
| **Sent:** | Thursday, June 20, 2019 4:04 PM |
| **To:** | 'Mattera, Alex F.' |
| **Subject:** | RE: In re Greenhut - Order Sealing Case |
| **Attachments:** | Court of Appeals Decision of 2-12-2018 Rejecting Reimposition of Sealing Order.pdf; Order on Court of Appeals Decision of 2-12-2018 Rejecting Reimposition of Sealing Order.pdf |

Dear Alex:

Enclosed please find the Memorandum Opinion and Order of the Texas Court of Appeals. Apparently, the trial court, *sua sponte*, indicated that it would unseal those records effective August 25, 2017 as part of the bill of review proceedings. Your client sought a writ of mandamus. The Texas Court of Appeals stayed the trial's court decision to unseal the records and requested a response to the petition from my client. Ultimately the trial court then executed an "Order on Redactions of Sensitive Data". Apparently the trial court agreed to permit the redaction of "full personal identification numbers and full financial account numbers" from the trial transcript "due to privacy concerns", even though no such information actually existed in the transcript. Furthermore, the trial court found the applicable state "family code" required the child's name and date of birth to be included in the court records. I sensibly your client was not satisfied with the scope of the reaction order issued by the trial court and ask that at that be vacated as part of a Writ of Mandamus.

The upshot of the decision is that the Texas Court of Appeals while stating that the protection of children from abuse "is of the utmost importance in Texas", nonetheless found that the trial court did not abuse its discretion and did not engage in reversible error as a result of effectively unsealing the parties' state court divorce records, concluding that "In light of the authorities permitting information regarding child abuse to be unsealed and the lack of a complete record, Srivastava has not shown that the trial court could have reached only one decision with respect to whether privacy interests clearly outweighed the presumption of openness. This Court may not make factual determinations regarding disputed facts or substitute its opinion for the trial court's opinion. Accordingly, we conclude that the trial court did not abuse its discretion in refusing to redact the information pursuant to privacy concerns." Pp. 9-10.

In light of this superseding order from an appellate court *affirming* the trial court's decision to effectively *unseal* its records, I ask that you *now,* in light of the redacted objection to your client's proof of claim, withdraw your 2nd Motion to Compel the Debtor to Withdraw and Redact, as the suppose it "order" you sent to me was effectively nullified as of February 12, 2018. I look forward to your taking action no later than the close of business tomorrow so that both of us can avoid the necessity of appearing on this matter come Thursday next. My best regards to you and yours! I remain…

Your devoted colleague,


*/s/Richard N. Gottlieb, Esq.*
Law Offices of Richard N. Gottlieb
Ten Tremont Street
Suite 11, 3rd Floor
Boston, MA 02108
Tel (617) 742-4491
Fax(617) 742-5188
www.rngbankruptcy.com
Board Certified Specialist – Consumer Bankruptcy Law – American Board of Certification*
Board Certified Specialist – Business Bankruptcy Law – American Board of Certification*

*Original Certification 1995; Re-Certified 2000, 2005 and 2010
Pursuant to Mass. SJC Rule 3:03, The American Board of Certification is "a private organization whose standards for certification are not regulated by the Commonwealth of Massachusetts."

P.S. in case you are wondering I was able to download a copy of both the memorandum and order from the following **_public_** websites:

Memorandum= http://search.txcourts.gov/SearchMedia.aspx?MediaVersionID=ee5abb20-fcc8-49ed-bab5-885e387ec5d7&coa=coa05&DT=Opinion&MediaID=1d177846-f3b8-4d2c-a183-fe6492de5fa1
Order= http://search.txcourts.gov/SearchMedia.aspx?MediaVersionID=5a491a88-ddcd-4145-9845-6af0230ca990&coa=coa05&DT=Order&MediaID=b522c962-00d5-487e-888c-ff3d0e927a2a

---

**From:** Mattera, Alex F. <amattera@psh.com>
**Sent:** Thursday, June 20, 2019 1:50 PM
**To:** rnglaw@verizon.net
**Subject:** In re Greenhut - Order Sealing Case

Dear Richard,

Thank you again for your call back this morning. As we discussed, the order sealing the above-referenced Debtor's and Ms. Srivastava's divorce case is itself sealed in that very case. My client is agreeable to providing you with a copy of the order subject to your treating the order as sealed and keeping the order confidential until further order of the Bankruptcy Court or the Texas court originating the seal order. Attached please find a copy of the order, which is being furnished subject to these terms.

Yours,

Alex



**Alex F. Mattera**
Counsel
**Partridge Snow & Hahn LLP**
30 Federal Street
Boston, MA 02110
t: (857) 214-3118 · f: (617) 292-7910 · c: (978) 930-7300
**amattera@psh.com**
Learn more about our lawyers at psh.com

Linked**in**

----------------------------

This email message contains confidential and/or legally privileged information belonging to the sender and intended only for the review and use of the intended recipient. If you are not the intended recipient, any disclosure, dissemination, distribution, copying, review or use of the information contained in this e-mail message or any attachment is strictly prohibited. If you think you have received this e-mail message in error, please notify Partridge Snow & Hahn LLP at (401) 861-8200, and purge this e-mail message from your computer system immediately. Thank you.

**rnglaw@verizon.net**

| | |
|---|---|
| **From:** | rnglaw@verizon.net |
| **Sent:** | Thursday, June 20, 2019 4:12 PM |
| **To:** | 'Mattera, Alex F.' |
| **Subject:** | Copy of Formal Redaction Order unsealing court records |
| **Attachments:** | Case No. 05-17-00998-CV - Order on Redactions of Sensitive Data (003).pdf |

Dear Alex:

For your further edification enclosed please find a copy of the order (from which your client ostensibly sought a Writ of Mandamus that was ultimately rejected), formally unsealing the records of the state court litigation. I have highlighted the effective language on the last page of the document. My best regards as always! I remain…

Very truly yours,

*/s/Richard N. Gottlieb, Esq.*
Law Offices of Richard N. Gottlieb
Ten Tremont Street
Suite 11, 3rd Floor
Boston, MA 02108
Tel (617) 742-4491
Fax(617) 742-5188
www.rngbankruptcy.com
Board Certified Specialist – Consumer Bankruptcy Law – American Board of Certification*
Board Certified Specialist – Business Bankruptcy Law – American Board of Certification*
*Original Certification 1995; Re-Certified 2000, 2005 and 2010
Pursuant to Mass. SJC Rule 3:03, The American Board of Certification is "a private organization whose standards for certification are not regulated by the Commonwealth of Massachusetts."

UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br>ANDREW GREENHUT,<br><div align="right">Debtor</div> | IN PROCEEDINGS UNDER<br>CHAPTER 13<br>CASE NO.: 19-10782 |

## <u>CERTIFICATE OF SERVICE</u>

I, Richard N. Gottlieb, Esq., hereby certify that I have this day served the foregoing

Objection of Debtor to Second Motion of Creditor Gita Srivastava to Compel Debtor to

Withdraw Filing and Redact Document electronically by the court's CM/ECF System.

Date: 6/24/2019                    */s/Richard N. Gottlieb, Esq.*
                                   Richard N. Gottlieb, Esq. BBO # 547970
                                   Law Offices of Richard N. Gottlieb
                                   Ten Tremont Street
                                   Suite 11, 3rd Floor
                                   Boston, MA 02108
                                   (617)742-4491
                                   rnglaw@verizon.net

Persons served:

**Carolyn Bankowski, Esq.**
Chapter 13 Trustee
(Served via CM/ECF)

**Alex Mattera, Esq.**
Partridge, Snow and Hahn, LLP
Counsel to Gita Srivastava
(Served via CM/ECF)