UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

*In re:*

ANDREW GREENHUT,                         Ch 13
         Debtor                                19-10782-JEB

**PRETRIAL ORDER on Good Faith Issues**
**(Re: Motion to Dismiss Involuntary Petition)**

1. **Bifurcation of Issues.** The Court will bifurcate the determination of the issues raised in the Motion of Creditor Gita Srivastava To Dismiss Debtor's Case ("Motion"). For the reasons previously set forth on the record, the Court will initially consider the issue of the Debtor's good faith in filing the petition raised in the Motion. The Court will defer the issue of the determination of the eligibility of the Debtor under Section 109(c) including the validity and amount of any claims against the Debtor. This pretrial order addresses the matters relating to the "good faith" issue. If the Court determines the filing was made in good faith, the Court will separately issue a pretrial order regarding the determination of eligibility under Section 109(c).

2. **Further Pretrial Hearing.** The Court will hold a further pretrial hearing on **April 29, 2020 at 10:30 a.m.** Courtroom 3, J.W. McCormack Post Office & Court House, 5 Post Office Square, 12th Floor, Boston, MA 02109.

3. **Evidentiary Hearing.** An evidentiary hearing on the issue of good faith is set for **May 11, 2020 at 9:30 a.m.,** Courtroom 3, J.W. McCormack Post Office & Court House, 5 Post Office Square, 12th Floor, Boston, MA 02109.

4. **Scope of Issues.** As more fully set forth on the record, in considering the issue of the Debtor's good faith, the Court will consider the following:

    a. The Debtor's reasons for the bankruptcy filing and the timing of the filing;

    b. The extent and status of noninsider claims as of the filing; and

    c. The timing, preparation and execution of the note to the Debtor's parents and the historical treatment of the sums received by the Debtor from his parents. These issues will be considered to the extent they bear on the good faith of the Debtor, but shall not involve a determination of the claims of the Debtor's parents. The determination of the claim of the Debtor's parents and Gita Srivastava's objection to that claim are deferred to a later date.

5. **Compliance Required**. **Unless otherwise ordered, the parties shall comply with all obligations and deadlines set forth herein.**

1

6. **Cooperation.** The parties and counsel must cooperate during all aspects of discovery. Failure by any party or counsel to make required disclosures or cooperate in discovery may warrant the imposition of sanctions under Fed. R. Civ. P. 37.

7. **Proportionality in Discovery**. Pursuant to Fed. R. Civ. P. 26(b)(1) and 26(g), the discovery in this case shall be proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' relative resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

8. **Discovery-Related Disputes and Motions.** Pursuant to Fed. R. Civ. P. 16(b)(3)(B)(v), no discovery-related motion may be filed unless the moving party has attempted in good faith, but without success, to resolve the dispute and has requested a pre-motion conference with the Court to discuss the dispute and to attempt to resolve it informally. The request must be made by filing a one-page written request with the Court that contains only a general summary of the issues to be discussed. Any request for a pre-motion conference shall not contain argument. No response to the request should be filed unless directed by the Court. If the Court does not grant the request for a pre-motion conference, or if the conference fails to resolve the dispute, a discovery motion may then be filed.

9. **Completion of Discovery.** Discovery on the issue of good faith must be completed by **February 28, 2020** unless otherwise ordered by the Court upon motion.

10. **Joint Pretrial Memorandum.** Absent further order of the Court, the parties are ordered to file a Joint Pretrial Memorandum regarding the issues of good faith by **March 31, 2020**. The Joint Pretrial Memorandum must be approved and signed by all counsel and unrepresented parties.[1] The Joint Pretrial Memorandum shall supersede the pleadings to the extent of any inconsistency and will govern the course of trial. The Joint Pretrial Memorandum must set forth the following:

    a. A statement regarding the Court's authority to enter a final order as to each matter in dispute.

    b. A statement as to whether each party consents to the entry of a final order by this Court as to each matter in dispute.

    c. Facts to which the parties have stipulated.

    d. The issues of fact regarding good faith which remain to be litigated. The issues of law to be determined regarding good faith.

---

[1] If the parties cannot cooperate in filing a Joint Pretrial Memorandum, then each party shall be responsible for filing, by the same date, a separate Pretrial Memorandum that contains the information required by this paragraph and a statement as to why the parties could not cooperate in filing the Joint Pretrial Memorandum.

    e.      A brief summary of each party's case.

    f.       The name, address, and telephone number of each witness, separately identifying witnesses each party expects to present and those witnesses to be called only if the need arises.[2]

    g.      A list of witnesses whose testimony will be presented by means of a deposition.

    h.      A statement confirming that the parties have exchanged exhibits.

    i.       If applicable, a statement disclosing any records of regularly conducted business activity under Fed. R. Evid. 803(6) that a party intends to present by certification, as permitted by Fed. R. Evid. 902(11) and (12), rather than by testimony of an authentication witness.

    j.       Any objections, including the grounds for the objection, to the calling of any witnesses, including experts, the presentation of testimony through use of a deposition, or the admissibility of documents or exhibits. Any objection not set forth in the Joint Pretrial Memorandum, other than objections under Fed. R. Evid. 402 and 403, shall be deemed waived unless excused by the Court for good cause shown.

    k.      An estimated length of trial.

11.    **Exhibits.**[3]

    a.      On or before **April 7, 2020 at 5:00 p.m.**, the parties shall submit to the Court a single, jointly created, tabbed binder containing all exhibits that either party may offer at trial.

    b.      The parties shall submit enough copies of the binder to provide one for each of the Judge, the Courtroom Deputy, the Law Clerk, and the witness. Each party shall retain a copy of the binder for their own use.

    c.      Each tab shall consist of only one proposed exhibit. The exhibits shall be consecutively lettered or numbered, regardless of which party might introduce the exhibit at trial—that is, the lettering or numbering shall not re-start based upon which party anticipates possibly offering any particular exhibit.

    d.      The binder containing the exhibits shall contain a table of contents. The table of contents shall list each exhibit by corresponding tabbed number or letter, state

---

[2] If an interpreter is required for any witness, it will be the responsibility of the party calling the witness to supply the interpreter. The Court cannot and does not supply interpreters.

[3] The courtroom is equipped with an electronic presentation system for displaying trial exhibits. Questions regarding the electronic evidence presentation system should be directed to the Courtroom Deputy, Ms. Leah Kaine at Leah_Kaine@mab.uscourts.gov or (617) 748-5327.

    who anticipates presenting the exhibit at trial, and state whether the opposing party stipulates to the exhibit's admissibility.

  e. For each exhibit to which there is any objection other than an objection based upon foundation, a succinct but specific statement of the bases for any objection(s) shall be stated in the table of contents. Such basis may be stated summarily, such as "hearsay," or "relevancy." Any objection not stated (other than an objection based upon foundation) will be deemed waived under Fed. R. Civ. P. 26(a)(3).

  f. Inclusion in the binder will not require any exhibit to be offered, nor will any exhibit become part of the evidence for purposes of trial unless offered and admitted.

  g. No other exhibits or form of exhibits than those in the joint binder will be permitted at trial except for rebuttal or upon a showing of good cause as to why such an exhibit was omitted from the binder.

12. **Valuation Testimony.** Unless otherwise ordered by the Court in advance or at trial, any expert testimony as to the valuation of assets may be presented in the following manner:

  a. The direct testimony of the expert will consist of his or her report, which shall be under oath. A copy of the report must be delivered to opposing parties on or before **February 28, 2020**.

  b. By **April 7, 2020**, the party shall submit to the Court copies of the report sufficient to provide one for each of the Judge, the Courtroom Deputy, the Law Clerk, and the witness.

  c. Cross-examination will be conducted as if the witness had testified to the contents of the report.

  d. If the opposing party wishes to challenge the qualifications of the expert, it may do so in cross-examination.

13. **Motions in Limine**. The parties shall have up to and including **April 10, 2020** to file any motions in limine or other pretrial matters regarding trial procedure. The opposing party shall have up to **April 24, 2020** to file any opposition. The Court will consider any such motions on **April 29, 2020 at 10:30 a.m**.

14. **Trial Briefs.** No later than **April 22, 2020,** counsel may, but need not, file trial briefs.

15. **Proposed Findings of Fact and Conclusions of Law.** After trial, counsel may (by separate order) be required to submit proposed findings of fact and conclusions of law.

16. **Failure to Comply with this Order.** This Order and the deadlines set by the Court may not be modified absent further Court order. Failure to comply with the provisions of this

Order may, pursuant to Fed. R. Civ. P. 16 and 37, result in sanctions, including the entry of a dismissal or default, exclusion of evidence or testimony, or monetary sanctions.

_____
Janet E. Bostwick
United States Bankruptcy Judge

Dated:  1/3/2020