UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)

|  |  |
|---|---|
| In re<br><br>ANDREW GREENHUT,<br><br>Debtor. | Chapter 13<br>Case No. 19-10782-JNF |

## OBJECTION OF CREDITOR GITA SRIVASTAVA TO APPLICATION FOR COMPENSATION BY SPECIAL COUNSEL, CHARLES "CHAD" BARUCH

Gita Srivastava ("Srivastava"), the holder of divorce-related claims against Andrew Greenhut (the "Debtor") and the only significant bona fide claim holder in this case, hereby files this Objection to the *Application by Attorney for the Debtor(s) for Compensation under 11 U.S.C. § 330(a) and MLBR Appendix 1, Rule 13-7(f)(1)* filed by Attorney Charles "Chad" Baruch ("Baruch") [Doc. No. 150] (the "Baruch Application"). The Debtor previously filed two successive motions to employ Baruch before finally obtaining authority, and the Court specifically cautioned the Debtor and Baruch that any application for fees was subject to review by the Court and objection by Srivastava. Baruch undertook representation of the Debtor with the clear understanding and risk of nonpayment by the bankruptcy estate. Moreover, Baruch is not bankruptcy counsel and is not being retained as such. Baruch's engagement is manifestly not in the best interest of the Debtor's estate and creditors. In further support of this Objection, Srivastava represents as follows:

### Introduction

1.      The Baruch Application suffers from block billing, terse descriptions of services, and a narrative reduced to a single sentence describing the services rendered. As such, the

Baruch Application fails to meet even the most liberal of requirements for a fee application under the Bankruptcy Code and the Local Rules of this Court.

2.      Even were the Baruch Application to be allowed, payment of any fees would be inappropriate. The Debtor is already subject to at least *ten* separate rulings requiring him to perform under the terms of his *agreed-upon* divorce settlement with Srivastava, and the Debtor remains in contempt of that agreement. The Debtor remains subject to garnishment and related orders in Texas. Allowing the Debtor to misdirect funds owed to Srivastava to yet another attorney in yet another unfounded lawsuit attacking yet another final judgment is manifestly inequitable. The Debtor's funds (including any funds held in retainer by Baruch or other attorneys) should instead be used to pay the Debtor's court-ordered obligations to Srivastava.

3.      Although Baruch styled his fee request as an "Application by attorney for the debtor," Baruch provided no services to the bankruptcy estate. Nevertheless, Baruch is seeking compensation from that estate. Despite not providing any services or benefit to the Debtor's creditors, payment to Baruch would penalize those creditors—the beneficiaries of and interest holders in the estate—by reducing payments to them.

4.      The Debtor elected to file his bankruptcy petition while the Texas litigation, in which Baruch represents the Debtor, was pending. Any difficulty this creates is entirely Debtor's own making—both by committing funds to Baruch while acting in contempt of court-ordered payments owed to creditor Srivastava, and by the Debtor's choice to file bankruptcy while his own lawsuits in Texas are pending. The Debtor's scheme is a transparent attempt to convert funds belonging to Srivastava to his own use as legal fees for his ongoing frivolous challenges to Texas court orders.

2

5.    The Bankruptcy Court (pursuant to the hearings conducted by Judge Bailey on May 2, 2020, and June 27, 2020) put the Debtor and Baruch on notice that, while Debtor was permitted to engage counsel, *no permission was granted to use funds from the bankruptcy estate to pay for such engagement*. In fact, the Debtor has indicated that Baruch's engagement for the last several years has been funded by Debtor's parents. There is no reason that should change now. Instead, the Debtor would have this Court prejudice creditor Srivastava by directly liquidating funds from the bankruptcy estate that are owed to creditor Srivastava. Any dispute in connection with Srivastava's claims and rights to funds should be resolved in connection with her pending Motion to Dismiss. This Court is entitled to fully evaluate the issues, consider the Motion to Dismiss for bad faith, and then make a determination which will also resolve any question of fees to Baruch.

6.    To the extent the Debtor claims this creates a hardship, the hardship is of his own making. He chose to file for bankruptcy mid-stream in the Texas proceedings. The Debtor has argued that, although Baruch provides no bankruptcy services or benefit to the estate, Baruch's engagement is necessary and beneficial to the Debtor personally. Indeed, the Debtor is entitled to engage counsel for his own interests, however, the Debtor is not entitled to exhaust estate assets to pay such counsel. It would be prejudicial and inequitable to allow the Debtor to seek the benefits of bankruptcy protection to stay creditor Srivastava's pending and ongoing efforts in the Texas courts to enforce her judgments against him, while allowing him to use the bankruptcy estate funds to fund his own litigation in Texas. The Debtor may not simultaneously use the bankruptcy stay as both sword and shield.

## Prepetition Divorce and Termination Proceedings

**A.      Divorce and Property Settlement**

7.      The Debtor is a serial litigant who has dragged Srivastava through more than four years of litigation in four courts across two states. After proposing, agreeing to, and obtaining judgment on an agreement for divorce and property division (the "Agreed Divorce Property Judgment"), the Debtor later changed his mind and decided to collaterally attack the final judgment that he did not appeal. The Debtor's bankruptcy filing, coming contemporaneously with his continued efforts to challenge Texas divorce court orders, is merely his latest attempt to evade long-standing court orders. The Debtor has spent the last three years squandering the money he owes Srivastava on frivolous litigation attacking the Agreed Divorce Property Judgment. Without exception, every Texas court examining the issue has rejected his attacks.

8.      The Debtor initially followed the Agreed Divorce Property Judgment. After five months, however, he stopped making payments and decided to stop complying with this and other court orders. The Debtor then spent the next three and a half years refusing to comply with the property division he himself requested. He stands in violation of at least ten Texas court orders.

**B.      Enforcement Proceedings**

9.      In July 2016, due to the Debtor's absolute refusal to comply with orders of the Texas Trial Court, including the Agreed Divorce Property Judgment, Srivastava was forced to file a *Petition for Enforcement of Property Division* in Texas. Both parties appeared with counsel and, after a trial, the court entered judgment against the Debtor on March 30, 2017. Rejecting the Debtor's spurious defenses, the Texas court found ten separate violations of the Agreed Divorce Property Judgment and rendered judgment against the Debtor in the amount of $38,000, plus fees

and interest. The Texas court even ordered the Debtor to pay Srivastava's attorneys' fees. The

Debtor still refused to pay.

10.    In August 2018, to effectuate the March 2017 enforcement judgment, Srivastava

was forced to file three separate garnishment actions against the Debtor in Texas. Srivastava won

each action, obtaining orders against the Debtor from October through November 2018.

Nevertheless, the Debtor continued his pattern of refusing to accept the Texas courts' rulings and

filed a motion for new trial in the garnishment cases. The Texas court denied his motions on

February 6, 2019.

11.    Once again, the Debtor failed to file any appeal. Although all of the garnishment

orders remain in effect, prior to his bankruptcy filing, the Debtor refused to pay or to comply

with any such orders. Instead, the Debtor devoted his funds to engaging additional attorneys to

prosecute ever more spurious claims and attacks on final orders.

12.    After failing to achieve his desired results in more than 10 proceedings in Texas

courts over three years of frivolous litigation, the Debtor filed his bankruptcy petition in

Massachusetts in a last-ditch effort to escape the effects of his knowing and voluntary actions in

Texas.

**C.    Termination of Debtor's Parental Rights**

13.    The case regarding the final and irrevocable termination of the Debtor's parental

rights in connection with Srivastava's child (the "Termination Case") is unrelated to the

bankruptcy: it is a separate cause of action from the parties' divorce case and Agreed Divorce

Property Judgment which is at issue in the bankruptcy. The Termination Case is progressing at

the Texas Supreme Court, with briefing on the merits just recently completed in November 2019.

The Termination Case involves issues of special importance to the State of Texas, which has

written an *amicus* brief in support of Srivastava. The Debtor's Texas counsel has agreed that

bankruptcy issues do not affect the Termination Case, and supported a motion in Texas to

reinstate the Termination Case notwithstanding this bankruptcy. Baruch himself, in full

awareness that he may not be approved or paid through the pending bankruptcy, consented to

moving forward. His representation of the Debtor outside the bankruptcy was never conditioned

on approval of his fees by the Bankruptcy Court.

14.     The Termination Case involves a four-year-old final judgment of termination of

the Debtor's parental rights, entered by the Texas Trial Court on October 21, 2015. The Debtor

voluntarily relinquished his parental rights. The Debtor agreed to the Texas Trial Court's order

terminating his rights. He never appealed.

15.     Six months later, the Debtor changed his mind, and collaterally attacked the

termination. The Debtor's collateral attack was denied by the Texas Bill-of-Review court, which

held unequivocally that the Debtor was not the victim of fraud, duress, or coercion, nor had the

Debtor ever appealed the order. It once again found him guilty of unclean hands and negligence.

The Texas Appeals Court overturned the denial of the termination bill of review on appeal, while

expressly holding that the Agreed Divorce Property Judgment was separately enforceable and

affirming the denial of Debtor's bill of review in the Divorce Case. Srivastava has appealed the

Texas Appeals Court's reversal of the termination bill of review to the Texas Supreme Court.

The State of Texas and several prominent family law practitioners have written Amicus Letters

in support of Srivastava. No party has filed any amicus letter in support of the Debtor.

### Debtor's Motion to Employ

16.     The Debtor filed the *Debtor's Motion to Employ Special Counsel* [Doc. No. 17]

(the "First Motion to Employ") on April 2, 2019, seeking authority to employ Baruch to

represent the Debtor in the pending Termination Case.

17.     On April 16, 2019 [Doc. No. 20], Srivastava objected to the First Motion to

Employ, which suffered from numerous procedural failures. For instance, the First Motion to

Employ consisted of a single sentence in its entirety—similar to the present Baruch Application,

which itself contains only a single sentence describing the services rendered. Accordingly, the

Court denied the First Motion to Employ.

18.     The Debtor filed the *Amended Motion of Debtor to Employ Special Counsel* [Doc.

No. 28] (the "Second Motion to Employ") on May 6, 2019, remedying various flaws in the First

Motion to Employ, but failing to address Srivastava's concerns regarding payment of additional

attorneys' fees while continuing in contempt of Texas court orders to pay Srivastava. Srivastava

objected once again to the Second Motion to Employ on May 20, 2019 [Doc. No. 37], raising

equitable concerns regarding disposition of funds which rightly were subject to payment to

Srivastava pursuant to Texas court orders.

19.     The Court allowed the Second Motion to Employ by order dated July 2, 2019

[Doc. No. 81], being careful to clarify **that Baruch's fees, if any, remain subject to Court**

**approval and objection by Srivastava:**

> FOR THE REASONS STATED ON THE RECORD, THE DEBTOR'S
> APPLICATION TO EMPLOY CHARLES "CHAD" BARUCH AS
> SPECIAL COUNSEL IS HEREBY GRANTED. SPECIAL COUNSEL'S
> FEES, OF COURSE, REMAIN SUBJECT TO THE COURT'S LATER
> DETERMINATION AS TO WHETHER THE FEES SHOULD BE
> AUTHORIZED AND PAID. MS. SRIVASTAVA'S RIGHT TO OBJECT
> TO THOSE FEES IS NOT WAIVED BY THE ALLOWANCE OF THIS
> MOTION.

### Baruch Application

20.     The Baruch Application seeks approval and payment of fees by the Debtor in the

amount of $10,000, the highest possible amount allowed without having to submit a Rule 2016

fee application pursuant to Rule 13-7(c) of the Massachusetts Local Bankruptcy Rules

("MLBR").

21.     The Baruch Application consists of a cover sheet, together with Exhibit 1 (block-

billed time entries) and Exhibit 2 (a narrative description of services rendered). Neither Exhibit is

sufficient to allow proper consideration of the Baruch Application.

22.     Exhibit 1 consists of 5 time entries, all of which are block entries with little

narrative. The time amounts, while technically in tenths of hours as required, are: 2.60, 6.50,

10.20, 8.00, and 0.40. Each description consists of a single sentence or phrase. Fully 18.20 hours

are summarized as "Continued legal research and drafting work on Respondent's Brief on the

Merits."

23.     Exhibit 2 is accurately styled a "brief narrative description of services". While

Exhibit 2 spends approximately half a page describing background for the termination

proceedings (background that would have been appropriate in the First Motion to Employ), the

actual description of services rendered in connection with the Baruch Application itself comprise

a single sentence:

> During the last few days of October, I spent approximately 30 hours over a
> period of 3 days researching and preparing Andrew's brief on the merits
> for the Supreme Court of Texas.

There is no other description of the services rendered in connection with the Application.

24.     Upon information and belief, Baruch is holding $20,000 in the form of a retainer.

But for the Debtor's bankruptcy filing, Srivastava could have sought to reach the retainer funds

pursuant to Texas court orders as part of her enforcement proceedings. ***Instead, the Debtor seeks***

*to enjoy the benefit of his bankruptcy filing by staying enforcement proceedings while at the same time disposing of valuable assets that could fund plan payments to Srivastava.* Moreover, it is unclear from the Baruch Application whether Baruch even intends to apply the retainer, or whether he expects the Debtor to affirmatively pay any award in addition to the retained funds.

25.     Debtor is a serial litigant who is no stranger to the courts and has already dragged his former wife and creditor Srivastava through four years of litigation. The Debtor's bankruptcy filing, coming contemporaneously with his continued efforts to challenge Texas divorce court orders, is merely the latest attempt to evade long-standing court orders. The Debtor has spent the last three years spending the money he owes Srivastava on frivolous litigation attacking the agreed divorce judgment. Texas courts have rejected his attacks, as should this Court. The Debtor's retention of Baruch as counsel arises from the Debtor's own refusal to abide by judgments to which he previously agreed in the Texas courts. Further exhausting assets which should have long ago been paid to Srivastava is not an appropriate use of the Debtor's estate.

26.     Lastly, Texas provides no absolute right to counsel for civil litigants. The employment of counsel is a privilege therefore, not a right, and moreover a privilege for which Srivastava should not bear the expense. While Srivastava does not, in principle, oppose the employment of counsel to assist the Debtor in the pending Texas proceedings, she does expressly object to payment of estate assets to such counsel, especially in light of the repeated and failed past collateral attacks of the Debtor.

27.     Equity demands that the Debtor not be emboldened to engage additional counsel in connection with further collateral attacks on final judgments, including the Agreed Divorce Property Judgment approving his proposed property settlement, all while the bankruptcy stay prevents Srivastava from moving forward on her own rights to collect on final judgments against

him. Srivastava, as the Debtor's only legitimate creditor of any consequence, should not be expected to bear the expense of yet another frivolous challenge to any of the ten orders previously defeating the Debtor's repeated attempts.

WHEREFORE, for all of the foregoing reasons, Srivastava requests that the Court enter an order: (i) sustaining this Objection; (ii) denying the Baruch Application; and (iii) granting Srivastava such other and further relief as just and necessary.

Respectfully submitted,

GITA SRIVASTAVA,

By her attorneys,

/s/ Alex F. Mattera
Alex F. Mattera, BBO No. 641760
Partridge Snow & Hahn LLP
30 Federal Street
Boston, MA 02110
Telephone: (857) 214-3118
Facsimile: (617) 272-7910
Email:      amattera@psh.com

Dated: February 10, 2020

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)

In re

    ANDREW GREENHUT,

        Debtor.

Chapter 13
Case No. 19-10782-JEB

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of February, 2020, I caused to be served the within *Objection of Creditor Gita Srivastava to Application for Compensation by Special Counsel, Charles "Chad" Baruch* upon the following participants electronically via the CM/ECF System:

Richard N. Gottlieb, Esq.
Law Offices of Richard N. Gottlieb
Ten Tremont Street
Suite 11, 3rd Floor
Boston, MA  02108

John Fitzgerald, Esq., U.S. Trustee
Office of the U.S. Trustee
J.W. McCormack Post Office &
Courthouse
5 Post Office Square, 10th Fl., Ste. 1000
Boston, MA  02109

Carolyn Bankowski, Trustee
Chapter 12-12 Trustee Boston
P.O. Box 8250
Boston, MA  02114

Gary W. Cruickshank, Esq.
21 Custom House Street
Suite 920
Boston, MA  02110

and I hereby certify that a copy of the *Objection of Creditor Gita Srivastava to Application for Compensation by Special Counsel, Charles "Chad" Baruch* was served by regular, first class mail, to the following interested parties as set forth below:

Andrew Greenhut
21 Kingston Street
Somerville, MA  02144

Barclays Bank Delaware
Attn:  Correspondence
P.O. Box 8801
Wilmington, DE  19899

Capital One
Attn: Bankruptcy
P.O. Box 30285
Salt Lake City, UT 84130

Capital One Bank (USA), N.A.
4515 N. Santa Fe Ave.
Oklahoma City, OK 73118

Chase Bank USA, N.A.
c/o Robertson, Anschutz & Schneid, P.L.
6409 Congress Avenue, Suite 100
Baca Raton, FL 33487

Chase Card Services
Correspondence Dept.
P.O. Box 15298
Wilmington, DE 19850

Christopher and Andrea Haas
164R Summer Street
Arlington, MA 02474

Deborah G Hankinson, Esq.
Hankinson, PLLC
750 N. St. Paul Street, Ste. 1800
Dallas, TX 75201

Elan Financial Service
Attn: Bankruptcy
4801 Frederica Street
Owensboro, KY 42301

Harriet O'Neill, Esq.
Law Office of Harriet O'Neill, PC
919 Congress Avenue, Suite 1400
Austin, TX 78701

Gloria and Alan Greenhut
1560 45th Street
Brooklyn, NY 11219

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101

Ike Vanden Eykel, Esq.
Koonsfuller, P.C.
1717 McKinney Ave., Suite 1500
Dallas, TX 75202

Mass. Dept. of Revenue
P.O. Box 9564
Boston, MA 02204

Israel Suster, Esq.
The Suster Law Group, PLLC
1316 Village Creek Drive, Ste. 500
Plano, TX 75093

Portfolio Recovery Associates, LLC
P.O. Box 41067
Norfolk, VA 23541

Mass. Dept. of Revenue
Bankruptcy Unit
P.O. Box 9564
Boston, MA 02114-9564

Rtn Federal Credit Union
600 Main Street
Waltham, MA 02452

Rick Thompson, Esq.
Kelly, Durham & Pittard L.L.P.
2223 W. Jefferson Boulevard
Dallas, TX 75208

Wallace B. Jefferson, Esq.
Alexander Dubose Jefferson & Townsend
515 Congress Avenue, Ste. 2350
Austin, TX 78701

U.S. Bank NA dba Elan Financial
Services
Bankruptcy Department
P.O. Box 108
St. Louis, MO  63166-0108

Charles Baruch, Esq.
12377 Merit Drive, Suite 880
Dallas, TX  75251

/s/  Alex F. Mattera
Alex F. Mattera, BBO No. 641760

3773070.1/16306-2