UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)

| | |
|---|---|
| In re<br><br>ANDREW GREENHUT,<br><br>Debtor. | Chapter 13<br>Case No. 19-10782-JNF |

### RESPONSE OF CREDITOR GITA SRIVASTAVA TO SUPPLEMENT TO APPLICATION BY ATTORNEY FOR THE DEBTOR FOR COMPENSATION

Gita Srivastava ("Srivastava"), the holder of divorce-related claims against Andrew Greenhut (the "Debtor") and the only significant bona fide claim holder in this case, hereby files her Response to the *Supplement to Application by Attorney for the Debtor for Compensation* filed by Attorney Charles "Chad" Baruch ("Baruch") [Doc. No. 173] (the "Baruch Supplement"). Baruch previously filed two substantially similar applications for compensation, both of which were unclear as to total fees sought, the source of payment to Baruch, and the proposed disposition of a sizable retainer from the Debtor. The Court ordered Baruch to file the Baruch Supplement to clarify these questions. The Baruch Application addresses some but not all of the issues raised by the Court. In support of this Response, Srivastava represents as follows:

### Factual Background

1.  On January 9, 2020, Baruch filed the *Application by Attorney for the Debtor(s) for Compensation under 11 U.S.C. § 330(a) and MLBR Appendix 1, Rule 13-7(f)(1)* [Doc. No. 150] (the "First Baruch Application"). Srivastava objected to the First Baruch Application on February 10, 2020 [Doc. No. 154]. Baruch consequently withdrew the First Baruch Application

12084441.1

on February 24, 2020 [Doc. No. 160], and immediately received an undisclosed payment from Gloria Greenhut, the mother of the Debtor.

2.  On March 30, 2020, Baruch then filed the *Application by Attorney for the Debtor(s) for Compensation under 11 U.S.C. § 330(a) and MLBR Appendix 1, Rule 13-7(f)(1)* filed by Baruch [Doc. No. 163] (the "Second Baruch Application"). Srivastava again objected to the Second Baruch Application on April 15, 2020 [Doc. No. 169]. Buried in the exhibits to the Second Baruch Application but undisclosed in the narrative, Baruch received a payment in the amount of $4,800 on the Debtor's account. There was no explanation of this unauthorized postpetition payment. Baruch also failed to address the disposition of the funds he had received from the Debtor prepetition in the amount of $20,000 (the "Retainer").

3.  The Court conducted a hearing on the Second Baruch Application on April 28, 2020. Based upon the unanswered questions in connection with the Second Baruch Application, including the source of the $4,800 payment and the proposed disposition of the Retainer, the Court ordered [Doc. No. 171] Baruch to file a supplement to the Second Baruch Application on or before May 19, 2020, to address these questions.

4.  On May 4, 2020, Baruch filed the Supplement. In the Supplement, Baruch disclosed that the $4,800 payment was made by the Debtor's mother as a gift to the Debtor. Baruch also clarified the fees actually sought in the various applications:

    a.  First Baruch Application—All fees in excess of $10,000 waived; $4,800 payment applied to request; remaining $5,200 waived; and

    b.  Second Baruch Application—$9,476.25 sought; all additional fees waived; no further fees sought or to be sought for services rendered through the date of the Supplement.

5. Baruch further requested in the Supplement to apply the Retainer to his request (i.e., the $9,476.25). Assuming such request is approved, $10,523.75 of funds from the Retainer would remain. The Supplement fails to disclose how the remaining funds will be disposed of.

### Texas Supreme Court's Disposition of the Debtor's Appeal

6. The Debtor's appeal to the Texas Supreme Court in connection with the voluntary termination of his parental rights in connection with Srivastava's child represents a five-year-long, fruitless attempt to collaterally attack an agreed final judgment which he never appealed. The Debtor's attempt to overturn this judgment was never anything but frivolous and wasteful.

7. On May 8, 2020, four days after the Supplement was filed,[1] the Texas Supreme Court issued its unanimous opinion in support of Srivastava, upholding the original judgment, and dismissing outright all of the Debtor's arguments and claims. Significantly, there were no dissenting Justices. In fact, one of the nine Justices authored a concurring opinion in which two additional Justices joined. The Texas Supreme Court through both opinions demonstrated the baselessness of the Debtor's challenge.

8. The Debtor has incurred significant legal fees as a serial litigant, bringing multiple, repetitive, and frivolous actions to challenge consensual final judgments with no realistic hope of success. The latest decision by the Supreme Court of Texas substantiates this position. Accordingly, it is inappropriate for the Debtor to fritter away estate assets that should be paid to creditors by devoting those assets to his doomed legal challenges.

### Debtor's Mischaracterization of Parents' Gifts

9. In the Supplement, Baruch not only discloses the $4,800 payment by the Debtor's mother, but is emphatic in his statement that the payment constituted a gift from the Debtor's

---

[1] It is unclear whether Baruch was aware of the Texas Supreme Court's decision and the complete defeat of the Debtor's frivolous appeal at the time of the Supplement's filing.

mother to the Debtor. This is consistent with the Debtor's mother's prior payments to attorneys retained by the Debtor, as Srivastava submits that all such payments were gifts. The Debtor's mother and father allegedly provided to him vast sums of money with no documentation whatsoever, only papering up such gifts as purported "loans" on the eve of bankruptcy. The gift to pay Baruch's fee is consistent with this practice of giving money to the Debtor or paying bills on his behalf, and only later characterizing the transfers as gifts or loans depending on the desired legal consequence. Such conduct supports Srivastava's allegations of the Debtor's bad faith.

WHEREFORE, for all of the foregoing reasons, Srivastava renews her objection to the Second Baruch Application and requests that the Court enter an order: (i) requiring the return of the Retainer to the Debtor's estate for distribution to legitimate creditors; and (ii) granting Srivastava such other and further relief as just and necessary.

Respectfully submitted,

GITA SRIVASTAVA,

By her attorneys,

/s/  Alex F. Mattera
Alex F. Mattera, BBO No. 641760
Pierce Atwood LLP
100 Summer Street
Boston, MA  02110
Telephone:  (617) 488-8112
Email:       amattera@pierceatwood.com

Dated:  June 2, 2020

12084441.1

## **CERTIFICATE OF SERVICE**

      I, Alex F. Mattera, hereby certify that on the 2nd day of June 2020 I caused to be served a copy of the above pleading on all parties registered for electronic service through the CM/ECF system. In addition, a copy was served by first-class mail upon:

    Charles Baruch, Esq.
    Johnston Tobey Baruch, P.C.
    12377 Merit Drive, Suite 880
    Dallas, TX  75251

                                  /s/ Alex F. Mattera
                                  Alex F. Mattera