**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

In re:
    **GREENHUT, Andrew**
    SS# xxx-xx-2515
    Debtor

Chapter 13
Case No. 19-10782-JEB

### TRUSTEE'S OBJECTION TO CONFIRMATION OF DEBTOR'S AMENDED CHAPTER 13 PLAN

Now comes Carolyn Bankowski, Standing Chapter 13 Trustee ("Trustee"), and respectfully objects to confirmation of the Debtor's Amended Chapter 13 Plan, (the "Plan"), and for reasons says as follows:

1. On May 1, 2019, the Trustee convened the §341 meeting of creditors at which the Debtor was present with counsel. On June 1, 2020 the Debtor filed the Plan. The Trustee cannot recommend the Plan for confirmation.

2. According to the Debtor's Chapter 13 Statement of Current Monthly and Disposable Income (Form 22C), the Debtor has monthly disposable income of $1,747.06 which when multiplied by 60 months would provide the general unsecured creditors with a total payment of $104,836.60. The Debtor's Plan proposes paying the unsecured creditors totaling $385,787.24 a 17.07% dividend which equals $65,852.40.

3. According to amended Schedules I & J, the Debtor's financial situation has changed due to the expected birth of a child in December 2020. The amended Schedule J adds an expense of $424.27 per month for furnishing a nursery which equals $25,440.00 over the term of the Plan and $80.14 x 60 for average purchases for infant care prior to birth. The aggregate cost total over $30,000.00. While the Trustee understands there will be additional costs, $30,000.00 to furnish a nursery and infant care items seems excessive.

4. Further, the Debtor adds a child care expense of $1,956.79 per month but there is no contributions from fiancée to household expenses. IF the Debtor's fiancée intends to return to work, there should be a contribution to household expenses. If the Debtor's fiancée is not going to return to work, the child care expense appears overstated.

5. The Trustee asserts the Plan does not satisfy the best efforts test set forth in 11 U.S.C. sec. 1325(b)(1)(B)

6. Finally, the plan proposes a fixed percentage of 17.07% to estimated general unsecured claims totaling $385,787.24 but claims total over $500,000.00. The Debtor has objected to two (2) claims but if unsuccessful, the Plan will be non-feasible.

WHEREFORE, the Trustee requests that the Court sustain the objection to confirmation and grant such other relief as is proper.

Dated:  June 8, 2020

                                    Respectfully submitted,

By: /s/ Carolyn Bankowski
Carolyn Bankowski, BBO#631056
Patricia A. Remer, BBO#639594
Standing Chapter 13 Trustee
Office of the Chapter 13 Trustee
PO Box 8250
Boston, MA  02114
(617) 723-1313
13trustee@ch13boston.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re:<br>    GREENHUT, Andrew<br>    SS# xxx-xx-2515<br>        Debtor | **Chapter 13**<br>**Case No. 19-10782-JEB** |

### Certificate of Service

The undersigned hereby certifies that on June 8, 2020, a copy of the Trustee's Objection to Debtors' Chapter 13 Plan was served via first class mail, postage prepaid or by electronic notice on the debtors and debtors counsel at the addresses set forth below.

Andrew Greenhut
21 Kingston Street
Somerville, MA 02144

Richard N. Gottlieb
Law Offices of Richard N. Gottlieb
Ten Tremont Street
Suite 11, 3rd Floor
Boston, MA 02108

/s/ Carolyn Bankowski