UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br>ANDREW GREENHUT,<br>                Debtor | IN PROCEEDINGS UNDER<br>CHAPTER 13<br>CASE NO.: 19-10782 |

### MOTION OF DEBTOR FOR SANCTIONS AGAINST CREDITOR GITA SRIVASTAVA AND HER ATTORNEYS PURSUANT TO 28 U.S.C. § 1927 AND 11 U.S.C. § 105(A) AND FED. R. BANKR. PRO. 9011(B) AND (C)

NOW COMES, the Debtor, Andrew Greenhut, and hereby moves this Honorable Court, pursuant to 28 U.S.C. § 1927, 11 U.S.C. § 105(a), and Fed. R. Bankr. Pro. 9011(b) and (c), hereby seeks sanctions against Creditor Gita Srivastava ("Creditor"), her attorney Alex Mattera and his affiliated law firm Pierce Atwood, LLP, relating to the repetitive and vexatious conduct of her and her counsel relative to the Fee Application of Special Counsel Charles "Chad" Baruch. As grounds therefor, the Debtor hereby states as follows:

### FACTUAL BACKGROUND OF CASE

1. On March 12, 2019, the Debtor filed his Voluntary Petition under Chapter 13 of the Bankruptcy Code.

2. Among the unsecured creditors listed in the Debtor's Schedule "E/F" was that of Gita Srivastava as a disputed unsecured claim in the face amount of $164,500.00.

3. The Section 341(a) Meeting of Creditors was conducted by the Chapter 13 Trustee on May 1, 2019. The Creditor attended the Section 341 Meeting, by and through her counsel Alex Mattera.

4. On May 6, 2019, the Debtor filed an Amended Motion to Employ Special Counsel, Charles "Chad" Baruch, to represent the Debtor before the Texas Supreme Court relative to an appeal

taken by the Creditor from a decision in favor of the Debtor by the Texas Fifth Court of Appeals (Dallas Division) concerning the legal propriety of the termination of the Debtor's parental rights vis a vis the Creditor's daughter.

5. On May 20, 2019, the Creditor filed a Response to the Amended Motion to Employ Special Counsel, Charles "Chad" Baruch, alleging, inter alia, that "[t]here is concern that the Debtor may attempt to utilize Mr. Baruch's services in connection with further collateral attacks on the final judgment approving his proposed property settlement as well, all while the bankruptcy stay prevents Ms. Srivastava from moving forward on her own rights to collect on final judgments against him. Ms. Srivastava, as the Debtor's only legitimate creditor of any consequence, should not be expected to bear the expense of yet another frivolous challenge to any of the nine orders previously defeating the Debtor's repeated attempts."

6. On May 21, 2019, the Creditor, by and through her counsel Alex Matera, at that time of Partridge, Snow and Hahn, LLP (now of Pierce Atwood, LLP), filed a Proof of Claim in the face amount of $164,500.00, exactly matching the figure listed by the Debtor in his Schedule "E/F" based upon a "property division" claim that she has as against the Debtor.

7. On June 5, 2019, after the bar date for the filing of Proofs of Claim had elapsed, the Creditor by and through her counsel Alex Mattera, filed an Amended Proof of Claim in the face amount of $290,749.17, based upon a "property settlement pursuant to final judgment" against the Debtor.[1]

---

[1] The underlying legal basis Amended Proof of Claim derives from her allegations set forth in paragraph 12 of the Creditor's Motion to Dismiss, the Creditor is seeking an additional $126,249.17, not in her ***individual*** capacity, but rather in a ***representative*** capacity, on behalf of the parties' daughter, D.S., so-called. The claim for the differential amount of $126,249.17 belongs to a separate, distinct party, the parties' child, as the true "party in interest". As such, the enforcement of such a claim that requires a ***separate*** proof of claim be filed since the claim relates to the rights of a person other than the Creditor herself. Consequently, because the

8. On the very same day her Amended Proof of Claim, June 5, 2019, the Creditor filed an Objection to the Confirmation of the Debtor's First Amended Chapter 13 Plan and a Motion to Dismiss, largely based upon the amount that she listed as being owed to her on her Amended Proof of Claim.

9. In due course, the Debtor filed an (a) an Objection to the Amended Proof of Claim of the Creditor, (b) a Response to the Creditor's Objection to the Confirmation of the Debtor's Chapter 13 Plan and (c) an Objection to the Creditor's Motion to Dismiss.

10. On June 20, 2019, the Creditor filed an Objection to the Proof of Claim of Gloria and Alan Greenhut (the "Greenhuts"). The Greenhuts retained separate counsel and filed a Response to the Creditor's Objection to the Greenhuts' Proof of Claim on July 16, 2019.

11. On July 2, 2019, the Court issued an Order granting the Debtor's Motion to Employ Special Counsel Charles "Chad" Baruch and issued an Order stating:

HEARING HELD ON JULY 27, 2019. FOR THE REASONS STATED ON THE RECORD, THE DEBTOR'S APPLICATION TO EMPLOY CHARLES "CHAD" BARUCH AS SPECIAL COUNSEL IS HEREBY GRANTED. SPECIAL COUNSEL'S FEES, OF COURSE, REMAIN SUBJECT TO THE COURT'S LATER DETERMINATION AS TO WHETHER THE FEES SHOULD BE AUTHORIZED AND PAID. MS. SRIVASTAVA'S RIGHT TO OBJECT TO THOSE FEES IS NOT WAIVED BY THE ALLOWANCE OF THIS MOTION. (*See* ECF Doc. No. 81.)

---

"Amended Proof of Claim" was filed on June 5, 2019, well after the bar date for the filing of all such unsecured claims had elapsed, it is subject to disallowance pursuant to 11 U.S.C. Section 502(b)(9) for not being timely-filed, despite the Creditor having had full knowledge of the bar date and having actively participated in this bankruptcy case. See **In re San Miguel Sandoval**, 327 B.R. 493 (B.A.P. 1st Cir., 2005) (notice sent to attorney sufficient to impose obligation on creditor to monitor proceedings; untimely filed proof of claim disallowed as creditor's counsel was aware of claim deadline); *accord* **In re Manausa**, 2013 WL 12233953 (Bankr. N.D. Fla. Dec. 12, 2013) (e-mail notice received by counsel providing less than thirty-six (36) hours' notice held insufficient). *See also* **Gee v. Breedlove** (**In re Breedlove**), Adv. Pro. No. 16-5179 (Bankr. N.D. Ga., 2018).

12. On September 19, 2019, the Court held a preliminary hearing and hear oral arguments concerning (a) the Objection filed by Gita Srivastava to Confirmation of the Plan, (b) Motion filed by Gita Srivastava to Dismiss Case, (c) Objection filed by the Debtor to Amended Proof of Claim of Gita Srivastava and (d) the Objection filed by Gita Srivastava to Proof of Claim the Greenhuts (the "consolidated Matters") .

13. During the Course of the Court's dialogue with counsels for the various parties, the Court raised the possibility of assigning this matter to a Mediator, to which both Debtor's Counsel and the Greenhuts' Counsel immediately agreed. However, the Creditor's counsel was more reticent regarding this matter and indicated he would need to speak first with his client. To that end, the Court issued an Order concerning each of the Consolidated Matters, stating:

THE PARTIES ARE CONSIDERING MEDIATION OF THIS MOTION. ALL PARTIES SHALL REPORT TO THE DEBTOR'S COUNSEL NO LATER THAN 4 P.M. ON SEPTEMBER 26, 2019 WHETHER THEY CONSENT TO MEDIATION. DEBTOR'S COUNSEL SHALL FILE A REPORT WITH THE COURT AT OR BEFORE 4:30 P.M. ON SEPTEMBER 26, 2019 WHETHER THE PARTIES CONSENT TO MEDIATION. THE CHAPTER 13 TRUSTEE NEED NOT PARTICIPATE IN THE MEDIATION. (*See* ECF Document No.'s 116, 117, 118 and 119)

14. On September 26, 2019, the Debtor filed a Statement indicating that the "the Debtor, Creditors Gloria and Alan Greenhut and Creditor Gita Srivastava, after consultations with their respective counsels, were not able at this time to arrive at an agreement to commit the contested matters presently before the Court in the above-captioned Chapter 13 case to mediation."

15. The following day, September 27, 2019, Chief Judge Panos reassigned the above-captioned Chapter 13 case to Judge Bostwick. Upon transfer of the case from Judge Bailey to Judge Bostwick, the Court requested a Statement of Proceedings to be filed disclosing the course of the State-Court Litigation between the Debtor and the Creditor. On December 4, 2019, the

Creditor filed her Statement in response to the Court's Order (*See* ECF Doc. No. 144, Page 5, ¶ 16) and stated, *inter alia*, that:

> ***The Texas Appeals Court overturned the denial of the termination bill of review on appeal***, while expressly holding that the Agreed Divorce Property Judgment was separately enforceable and affirming the denial of Debtor's bill of review in the Divorce Case. ***Srivastava has appealed the Texas Appeals Court's reversal of the termination bill of review to the Texas Supreme Court.***[2]

16. On January 9, 2020, Special Counsel Charles "Chad" Baruch filed a Fee Application seeking compensation of $9,989.00 and expenses of $10.29 for services rendered in connection with the Texas Suprema Court Parental Termination Appeal (the "First Baruch Fee Application") for the period between 10/28/2019 to 11/23/2019.

17. On February 10, 2020, the Creditor filed an Objection to the First Baruch Fee Application (*See* ECF Document No. 154), claiming, among other things, that the First Baruch Fee Application should be denied because:

   a. "Debtor is a serial litigant who is no stranger to the courts and has already dragged his former wife and creditor Srivastava through four years of litigation. The Debtor's bankruptcy filing, coming contemporaneously with his continued efforts to challenge Texas divorce court orders, is merely the latest attempt to evade long-standing court orders. The Debtor has spent the last three years spending the money he owes Srivastava on fnvolous [*sic*] litigation attacking the agreed divorce judgment. Texas courts have rejected his attacks, as should this Court. The Debtor's retention of

---

[2]  *See* ECF Doc. No. 144-1, Page 5, ¶ 16 (Emphasis supplied.) *See also* Exhibit "A" to "Statement of Gita Srivastava", ECF Doc. No. 144-2.

      Baruch as counsel arises from the Debtor's own refusal to abide by judgments to which he previously agreed in the Texas courts. Further exhausting assets which should have long ago been paid to Srivastava is not an appropriate use of the Debtor's estate.";

    b. "While Srivastava does not, in principle, oppose the employment of counsel to assist the Debtor in the pending Texas proceedings, she does expressly object to payment of estate assets to such counsel, especially in light of the repeated and failed past collateral attacks of the Debtor."; and that

    c. "Equity demands that the Debtor not be emboldened to engage additional counsel in connection with further collateral attacks on final judgments, including the Agreed Divorce Property Judgment approving his proposed property settlement, all while the bankruptcy stay prevents Srivastava from moving forward on her own rights to collect on final judgments against him. Srivastava, as the Debtor's only legitimate creditor of any consequence, should not be expected to bear the expense of yet another fnvolous [*sic*] challenge to any of the ten orders previously defeating the Debtor's repeated attempts."

18. In the face of the Creditor's Objection to the First Baruch Fee Application, Special Counsel, the Special Counsel withdrew the First Baruch Fee Application on February 24, 2020.

19. On March 30, 2020, Special Counsel Charles "Chad" Baruch filed a new Fee Application seeking compensation of $9,450.00 and expenses of $26.25 for services rendered in connection with the Texas Suprema Court Parental Termination Appeal (the "Second Baruch Fee Application") for the period between 2/24/2020 to 3/5/2020.

20. On April 15, 2020, the Creditor filed an Objection to the Second Baruch Fee Application (*See* ECF Document No. 169), claiming among other things, that the Second Baruch Fee Application should be denied because:

   a. "Debtor is a serial litigant who is no stranger to the courts and has already dragged his former wife and creditor Srivastava through four years of litigation. The Debtor's bankruptcy filing, coming contemporaneously with his continued efforts to challenge Texas divorce court orders, is merely the latest attempt to evade long-standing court orders. The Debtor has spent the last three years spending the money he owes Srivastava on frivolous litigation attacking the agreed divorce judgment. Texas courts have rejected his attacks, as should this Court. The Debtor's retention of Baruch as counsel arises from the Debtor's own refusal to abide by judgments to which he previously agreed in the Texas courts. Further exhausting assets which should have long ago been paid to Srivastava is not an appropriate use of the Debtor's estate.";

   b. "While Srivastava does not, in principle, oppose the employment of counsel to assist the Debtor in the pending Texas proceedings, she does expressly payment of estate assets to such counsel, especially in light of the repeated and failed past collateral attacks of the Debtor."; and that

   c. "Equity demands that the Debtor not be emboldened to engage additional counsel in connection with further collateral attacks on final judgments, including the Agreed Divorce Property Judgment approving his proposed property settlement, all while the bankruptcy stay prevents Srivastava from moving forward on her own rights to collect on final judgments against him. Srivastava, as the Debtor's only legitimate creditor of any consequence, should not be expected to bear the expense of yet

another frivolous challenge to any of the ten orders previously defeating the Debtor's repeated attempts."

21. On April 28, 2020, the Court held a telephonic hearing on the Second Baruch Fee Application in which Debtor's Counsel, Special Counsel and Creditor's Counsel participated. During the course of his oral arguments, Creditor's Counsel repeated how the payment of Special Counsel's Fee Application was inappropriate because the Debtor's appeal to the Texas Supreme Court was frivolous, repeating orally what he had previously written throughout the history of this case. The Court, based upon the recollection of Debtor's Counsel, then orally remonstrated with Creditor's Counsel that the appeal in question was taken by Creditor's Counsel's own client to the Texas Supreme Court based upon the fact that the Texas Court of Appeals had ruled in the Debtor's favor on the issue of the legal propriety of the termination of the Debtor's parental rights .

22. Consequently, as a result of the Creditor's appeal to the Texas Supreme Court, the Debtor's actions in defending the same, employing Special Counsel and seeking the payment of Special Counsel for such a defense simply could not be characterized as "frivolous", as repeatedly exhorted by Creditor's Counsel. Moreover, the Court found that the salient issue was solely as to whether the services performed by Special Counsel were of benefit to the Debtor, rather than the 'bankruptcy estate" at large as claimed by the Creditor.

23. Ultimately, the Court issued the following Order concerning the Second Baruch Fee Application:

HEARING HELD. FOR THE REASONS SET FORTH ON THE RECORD, THE COURT FINDS THAT THE LEGAL SERVICES RENDERED BY MR. BARUCH WERE OF BENEFIT TO THE DEBTOR AND THAT THE FEES ARE REASONABLE AND OVERRULES THE OBJECTION. MR. BARUCH SHALL FILE AND SERVE A SUPPLEMENT TO THE APPLICATION BY MAY 19, 2020 WHICH INCLUDES ALL FEES SINCE HIS ENGAGEMENT BY THE ESTATE, PROVIDES INFORMATION ON

THE SOURCE OF ANY PAYMENTS MADE SINCE HIS ENGAGEMENT, AND CONFIRMS WHETHER THE ALLOWED FEES WILL BE PAID BY APPLICATION OF THE RETAINER. MS. SRIVASTAVA AND THE CHAPTER 13 TRUSTEE MAY FILE ANY OBJECTIONS TO THE ADDITIONAL INFORMATION PROVIDED IN THE SUPPLEMENT BY JUNE 2, 2020. THE COURT WILL RULE ON THE APPLICATION AFTER CONSIDERING THE SUPPLEMENT AND ANY FURTHER OBJECTIONS. (*See* ECF Document No. 171)

24. On May 4, 2020, Special Counsel, in compliance with the Court's Order of April 28, 2020, submitted his "Supplement to Application for Compensation" with the Court, delineating all of the information requested in the Order of April 28, 2020, and served the same on all interested parties.

25. On June 2, 2020, the Creditor filed her "Response of Creditor Gita Srivastava to Supplement to Application by Attorney for the Debtor for Compensation", claiming, among other matters that the Second Baruch Fee Application be denied, and " requiring the return of the Retainer [of Special Counsel] to the Debtor's estate for distribution to legitimate creditors" because:

   a. "The Debtor's appeal to the Texas Supreme Court in connection with the voluntary termination of his parental rights in connection with Srivastava's child represents a five-yearlong, fruitless attempt to collaterally attack an agreed final judgment which he never appealed. The Debtor's attempt to overturn this judgment was never anything but frivolous and wasteful.";

   b. "The Debtor has incurred significant legal fees as a serial litigant, bringing multiple, repetitive, and frivolous actions to challenge consensual final judgments with no realistic hope of success. The latest decision by the Supreme Court of Texas substantiates this position. Accordingly, it is inappropriate for the Debtor to fritter away estate assets that should be paid to creditors by devoting those assets to his doomed legal challenges."; and

    c. "In the Supplement, Baruch not only discloses the $4,800 payment by the Debtor's mother, but is emphatic in his statement that the payment constituted a gift from the Debtor's mother to the Debtor. This is consistent with the Debtor's mother's prior payments to attorneys retained by the Debtor, as Srivastava submits that all such payments were gifts. The Debtor's mother and father allegedly provided to him vast sums of money with no documentation whatsoever, only papering up such gifts as purported "loans" on the eve of bankruptcy. The gift to pay Baruch's fee is consistent with this practice of giving money to the Debtor or paying bills on his behalf, and only later characterizing the transfers as gifts or loans depending on the desired legal consequence. Such conduct supports Srivastava's allegations of the ***Debtor's*** bad faith." [Emphasis supplied.].

**FIRST BASIS FOR RELIEF REQUESTED
UNDER 28 U.S.C. § 1927 AND 11 U.S.C. § 105(a)**

26. The provisions of 28 U.S.C. § 1927 state as follows: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  In interpreting the language of 28 U.S.C. § 1927, the First Circuit has been helpful in providing guidance:

> In the First Circuit's view, Congress' use of the verb "multipl[y]" in the text of the statute "clearly contemplates that, to be sanctionable thereunder, conduct must have an effect on an already initiated proceeding." Id. Litigation conduct qualifies as "vexatious" within the meaning of § 1927 if it is " 'harassing or annoying, regardless of whether it is intended to be so.' The First Circuit has also explained that § 1927"does not apply to '[g]arden-variety carelessness or even incompetence,' but instead requires that the 'attorney's actions ... evince a studied

    disregard of the need for an orderly judicial process, or add up to a reckless breach of the lawyer's obligations as an officer of the court.[3]

. . .

    Although some courts of appeals have construed § 1927's language, "unreasonably and vexatiously," to require a finding of subjective bad faith as a predicate to the imposition of sanctions, the First Circuit has not. *Cruz v. Savage*, 896 F.2d 626, 631–32 (1st Cir.1990) (stating "we do not require a finding of subjective bad faith" to justify § 1927 sanctions) (citations omitted). In assessing whether an attorney acted unreasonably and vexatiously, the First Circuit instructs courts to apply an objective standard. Id. at 632. "[C]ommon sense suggests that [the trial judge] must be accorded wide latitude in drawing inferences as to when multiplication of the proceedings crosses the line between what is acceptable if tedious and what is unreasonable and vexatious."[4]

27. Notably, the First Circuit Bankruptcy Appellate Panel has determined that, based upon First Circuit precedent, a law firm is vicariously liable for the actions taken by one of its attorneys when that attorney violated 28 U.S.C. § 1927.[5]

28. Furthermore, it has been found that sanctionable conduct includes by way of example, "resubmitting a motion that had previously been denied; bringing a motion based on 'facts' the opposite of which were previously found by the court; continually engaging in obfuscation of the issues, hyperbolism and groundless presumptions in addition to insinuating that the court was biased; and waiting until the eve of trial before making a

---

[3] **In re MJS Las Croabas Props., Inc.**, 545 B.R. 401, 418-419 (1st Cir. BAP, 2016).

[4] *Id.* at 419.

[5] *Id.* at 421 ("Although the First Circuit has not explicitly authorized the imposition of § 1927 sanctions against a law firm, it did so implicitly in *Jensen, supra*. There, the First Circuit reviewed a district court's imposition of sanctions against a law firm under § 1927 without ever stating or intimating that law firms were beyond the statute's reach, and remanded the matter for reasons unrelated to this issue. *See Jensen*, 546 F.3d at 68. In addition to the First Circuit's tacit approval of a court's ability to impose § 1927 against a law firm, we find the reasoning of *Brignoli*, *supra*, and cases similarly decided, persuasive. We, therefore, conclude that the bankruptcy court did not err when it ruled that § 1927 permits sanctions against law firms.")

jury demand."[6] It has been further found that the provisions of 11 U.S.C. § 105(a) may be utilized to expand the scope of 28 U.S.C. § 1927 in appropriate circumstances.[7]

29. In the present case, Creditor's Counsel has repeatedly interjected objections based upon the same false premises, even when this Court has, both verbally and in writing, found that the factual predicate statements made by him are patently not true and therefore overruled the same. These factual and logical misrepresentations include, but are not limited to (a) that the appeal heard before the Texas Supreme Court was as a result of the "frivolous" litigation tactics of the Debtor, (b) that the appeal before and heard by the Texas Supreme Court was taken by the Debtor in the first instance; and (c) that the Debtor's "collateral attack" on the judgment terminating his Parental Rights to the parties' child "was never anything but frivolous and wasteful", all despite the fact that the Texas Court of Appeals reversed the judgment below and ruling in favor of the Debtor.

30. This "false narrative" manufactured by the Creditor's Counsel is in evidence in virtually every single substantive paper and pleading submitted on behalf of the Creditor during the course of this case. The Creditor and her counsel have repetitively contended that it is the Debtor's pre-petition litigation behavior that serves as the basis for the legal allegation that the Debtor Chapter 13 Plan and the Debtor's Chapter 13 case should be dismissed based upon the Debtor's lack of "good faith".

---

[6] **In re Emanuel**, 422 B.R. 452, 465 (Bankr. S.D.N.Y. 2010) (*citing* **Keller v. Mobil Corp.**, 55 F.3d 94, 99 (2d Cir. 1995)).

[7] *See e.g.* **In re Brown**, 444 B.R. 691,695 (Bankr. E.D. Tex., 2009) (Sanctions awarded under 28 U.S.C. 1927 can, under 11 U.S.C § 105(a), be expanded into include the creditor represented by the offending counsel)

31. This belligerently oppositional conduct by the Creditor's Counsel is ostensibly done with the ostensible knowledge and implicit support of the Creditor herself, as evidenced by her steadfast refusal to attempt to resolve her disputes with the Debtor through voluntary mediation, despite the encouragement of Judge Bailey in times past. Indeed, time has now clearly demonstrated that the Creditor is pursuing her aggressive litigation posture, through the aegis of her counsel, primarily based upon her overarching desire to punish the Debtor and those lawfully employed by him for perceived past wrongs during their marital relationship. Therefore, it is clear that the Creditor is herself is an enabler and encourager of her counsel's pugnacious actions.

**SECOND BASIS FOR RELIEF
UNDER FED. R. BANKR. PRO. 9011(B) AND (C)**

32. The provisions of Fed. R. Bankr. Pro. 9011(b) state, in pertinent part, as follows:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; [and]
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

33. The Debtor asserts that the representations made in the "Response of Creditor Gita Srivastava to Supplement to Application by Attorney for the Debtor for Compensation" dated and filed June 2, 2020 violate the provisions of Fed. R. Bankr. Pro. 9011(b) in that (a) the

factual contentions made therein do not have the required "evidentiary support", (b) the "claims, defenses, and other legal contentions therein" are not "warranted by existing law or a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law"[8] and (c) that, based upon the Creditor's and her counsel repetitious pattern of conduct evidenced in the papers and pleadings filed by them in this case making those same patently false allegations, the document filed was indeed presented for an "improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation".

34. On June 2, 2020, Debtor's Counsel sent an email providing the requisite notification of the substance of the within Motion of the violation of Fed. R. Bankr. Pro. 9011 and basis for the Debtor seeking sanctions against him, his law firm and his client. to Creditor's Counsel, thereby meeting the requirements Fed. R. Bankr. Pro. 9011(c)(1)(A). A true and accurate copy of the email providing the notification under . R. Bankr. Pro. 9011(c)(1)(A) is attached hereto as Exhibit "A".

---

[8] In the Creditor's "Response of Creditor Gita Srivastava to Supplement to Application by Attorney for the Debtor for Compensation", counsel for the Creditor, acknowledges that "Baruch not only discloses the $4,800 payment by the Debtor's mother, but is emphatic in his statement that the payment constituted a gift from the Debtor's mother to the Debtor." Under the express provisions of 11 U.S.C. § 329(b)all(2), any monies paid by the debtor's parents as a gift, so alleged, would, to the extent found to "exceed the reasonable value of the services provided" by Attorney Baruch, would necessarily have to be returned back to the Debtor's parents, and would not be distributable to the bankruptcy estate. Nonetheless, in the Creditor's prayer for relief in the same document, the Creditor requests that this court issue an order " requiring the return of the Retainer to the Debtor's estate for distribution to legitimate creditors". This is manifestly against the weight of the law on this issue and no good faith argument is made by creditor's Counsel in the document for variance from this basic proposition of statutory law.

35. More than twenty-one (21) days have elapsed since the Debtor, by his Counsel, served notice of the purported violation under Fed. R. Bankr. Pro. 9011(c)(1)(A) and the Creditor and her counsel have failed to withdraw the same from the Court's docket.

36. Given the pattern of the Creditor's course of conduct and her Counsel's willingness to ignore the directives and findings, both written and oral, of this Court, the Debtor asserts that appropriate sanctions against the Creditor and her Counsel, should include, but not be limited to, (a) the denial of the Creditor's Motion to Dismiss Chapter 13 Case and (b) the sustaining of the Debtor's Objection to the Amended Proof of Claim of Gita Srivastava. Because the nature of the violation of Fed. R. Bankr. Pro. 9011(b) is emblematic of the Creditor's and her lawyer's entire strategy of engaging in character assassination of the Debtor, through the use of a repetitive false narrative perpetuated by them, it is altogether fitting that the legal mechanisms upon which they wish to continue to proceed with their "scorched-earth policy" toward the Debtor and this Court in this case, be eliminated. Such a sanction vindicates the Court's legitimate right to control its docket and balances the Creditor's right of Due Process. against the Debtor's right to be free from the Creditor's oppressive and abusive conduct in this case.[9]

WHEREFORE, the debtor respectfully requests that the court issue an Order:

---

[9] By narrowly tailoring this sanction specifically to the proceedings related to Creditor's Motion to Dismiss Chapter 13 Case and the Debtor's Objection to the Amended Proof of Claim of Gita Srivastava, this preserves the Creditor's Due Process rights in the future in that the Creditor may still proceed with all any new objection to any Amended Chapter 13 Plan, based upon any other ground other than those set forth in the Creditor's Motion to Dismiss Chapter 13 Case and her Response to the Debtor's Objection to the Amended Proof of Claim of Gita Srivastava.

1. Finding that Creditor's Counsel has violated the provisions of 28 U.S.C.§ 1927 and Fed. R. Bankr. Pro. 9011(b) with the filing of the "Response of Creditor Gita Srivastava to Supplement to Application by Attorney for the Debtor for Compensation" dated June 2, 2020.

2. Finding that the aforementioned violation by Creditor's Counsel is done with the support and encouragement of the Creditor herself and represents a pattern and repetitive course of conduct constituting an "abuse of process" within the meaning of 11 U.S.C. § 105(a);

3. Directing, as sanction therefor:

    a. the denial and dismissal of the Motion of Creditor Gita Srivastava to Dismiss Chapter 13 Case and the sustaining of the Objection of the Debtor to the Amended Proof of Claim of Creditor Gita Srivastava; and

    b. The award of legal fees and costs against the Creditor Gita Srivastava, her counsel, Alex Mattera, and his law firm Pierce Attwood, LLP, jointly and severally, in the amount of $3,500.00, or such other amount as the court deems appropriate; and

4. For such other and further relief as the Court deems mete and just under the circumstances.

ANDREW GREENHUT, Debtor
By his Attorney,

Date: 7/6/2020        */s/ Richard N. Gottlieb, Esq.*
Richard N. Gottlieb, Esq. BBO# 547970
Law Offices of Richard N. Gottlieb
Ten Tremont Street
Suite 11, 3rd Floor
Boston, MA 02108
(617) 742-4491
rnglaw@verizon.net

# Exhibit "A"

**rnglaw@verizon.net**

| | |
|---|---|
| **From:** | rnglaw@verizon.net |
| **Sent:** | Tuesday, June 2, 2020 2:22 PM |
| **To:** | 'amattera@pierceatwood.com' |
| **Subject:** | Notice of Rule 9011 Violation; Demand for Withdrawal of Pleading |
| **Importance:** | High |

Dear Mr. Mattera:

I have just reviewed your "RESPONSE OF CREDITOR GITA SRIVASTAVA TO SUPPLEMENT TO APPLICATION BY ATTORNEY FOR THE DEBTOR FOR COMPENSATION" filed earlier today. There are a number of substantial misstatements of both law and fact in your filed document, specifically that the appeal to the Texas Supreme Court was the result of "frivolous actions to challenge consensual final judgments with no realistic hope of success" on the part of the Debtor whom I represent in his Chapter 13 case. The fact that the Texas Supreme Court reversed the Texas Court of Appeals in ruling in favor of your client does not vitiate the incontestable fact that the Texas Court of Appeals did, indeed, rule in favor of the Debtor and that, as even Judge Bostwick noted on the record in remonstrating you on this same issue, that the appeal to the Texas Supreme Court was taken by your own client ***and not the Debtor***. Moreover, you have cited no statutory or legal basis for the disgorgement of any monies paid to my client's domestic relations firm or for the proposition that any such disgorgement, even were it to be ordered, could lawfully be turned over to anyone other than the Debtor or his parents.

Indeed, during the course of the April 28, 2020 hearing Judge Bostwick explicitly told you in no uncertain terms that the only basis for any response would necessarily have to be based on the value or lack thereof to the Debtor for the professional services provided by Mr. Baruch and ***not*** the same arguments that were previously made. In filing your "RESPONSE OF CREDITOR GITA SRIVASTAVA TO SUPPLEMENT TO APPLICATION BY ATTORNEY FOR THE DEBTOR FOR COMPENSATION", you have willfully ignored and defied the Court's instructions. Consequently, unless within twenty-one (21) days from today you do not withdraw the "RESPONSE OF CREDITOR GITA SRIVASTAVA TO SUPPLEMENT TO APPLICATION BY ATTORNEY FOR THE DEBTOR FOR COMPENSATION", I will be forced to file a Motion for Sanctions under Fed. R. Bankr. Pro 9011(b) and (c) against both you and your law firm, Pierce Attwood, LLP, which is jointly responsible for your actions under the last sentence of Fed. R. Bankr. Pro. 9011(c)(1)(A). The basis for said Motion will be that the "RESPONSE OF CREDITOR GITA SRIVASTAVA TO SUPPLEMENT TO APPLICATION BY ATTORNEY FOR THE DEBTOR FOR COMPENSATION" was (a) presented for the purpose of harassment and the needless increase in cost of litigation in this Chapter 13 case as there are duplicative of arguments previously made before and rejected by Judge Bostwick, and that (b) the allegations made by you in said paper are, at their core, without evidentiary support as the Debtor's defense of your client's appeal to the Texas Supreme Court of his success in the Texas Court of Appeals cannot be considered frivolous or wrongful in any way.

On a personal note, I am saddened to have to send you this Notice of Rule 9011 Violation because of our mutual respect for one another in this and other matters before the U.S. Bankruptcy Court and I therefore hope that you will, upon reflection, determine that discretion is, indeed, the better part of valor, and do the appropriate thing and withdraw the offending paper before any action is needed on my part. If you have any questions, please feel free to contact me. With great earnestness, I remain . . .

Very truly yours,


*/s/Richard N. Gottlieb, Esq.*
Law Offices of Richard N. Gottlieb

Ten Tremont Street
Suite 11, 3rd Floor
Boston, MA 02108
Tel (617) 742-4491
Fax(617) 742-5188
www.rngbankruptcy.com
Board Certified Specialist – Consumer Bankruptcy Law – American Board of Certification*
Board Certified Specialist – Business Bankruptcy Law – American Board of Certification*
*Original Certification 1995; Re-Certified 2000, 2005 and 2010
Pursuant to Mass. SJC Rule 3:03, The American Board of Certification is "a private organization whose standards for certification are not regulated by the Commonwealth of Massachusetts."

UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br>ANDREW GREENHUT,<br>　　　　　　　　Debtor | IN PROCEEDINGS UNDER<br>CHAPTER 13<br>CASE NO.: 19-10782 |

## CERTIFICATE OF SERVICE

I, Richard N. Gottlieb, Esq., do hereby certify that I have this day served a copy of the Motion of Debtor for Sanctions against creditor Gita Srivastava and her Attorneys Pursuant to 28 U.S.C. § 1927 and 11 U.S.C. § 105(a) and Fed. R. Bankr. Pro. 9011(b) and (c), by First-class mail postage paid and/or electronically via the CM/ECF Electronic Messaging System on the persons listed below.

Date: July 6, 2020　　　　　　　　　　　　*/s/ Richard N. Gottlieb, Esq.*
　　　　　　　　　　　　　　　　　　　　　Richard N. Gottlieb, Esq. BBO # 547970
　　　　　　　　　　　　　　　　　　　　　Law Offices of Richard N. Gottlieb
　　　　　　　　　　　　　　　　　　　　　Ten Tremont Street
　　　　　　　　　　　　　　　　　　　　　Suite 11, 3rd Floor
　　　　　　　　　　　　　　　　　　　　　Boston, Massachusetts 02108
　　　　　　　　　　　　　　　　　　　　　(617) 742-4491
　　　　　　　　　　　　　　　　　　　　　rnglaw@verizon.net

**PERSONS SERVED:**

**Carolyn Bankowski, Esq.**
Chapter 13 Trustee
(Served via CM/ECF)

**Alex Mattera, Esq.**
Pierce Atwood, LLP
Counsel to Gita Srivastava
(Served via CM/ECF)

**Pierce Atwood, LLP**
Attn: William L. Worden, Esq., Partner-in-Charge
100 Summer Street
Boston, MA 02110