UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br>ANDREW GREENHUT,<br>      Debtor | IN PROCEEDINGS UNDER<br>CHAPTER 13<br>CASE NO.: 19-10782 |

**OBJECTION OF DEBTOR TO MOTION OF
GITA SRIVASTAVA FOR RELIEF FROM THE AUTOMATIC STAY**

NOW COMES the Debtor, Andrew Greenhut, and herby serves notice, pursuant to MLBR 4001-1(c), of his Objections to the Motion of Unsecured Creditor Gita Srivastava (the "Creditor") for Relief from the Automatic Stay (the "Motion") and as grounds therefor, the Debtor hereby responds to each factual allegation contained in each paragraph of the Motion as follows:

1. The Debtor admits factual allegations contained in Paragraph 1 of the Motion.

2. The Debtor admits that, there has been substantial litigation between the Debtor and the Creditor in Texas State Courts, but otherwise denies all other allegations and characterizations contained in Paragraph 2 of the Motion.

3. The Debtor admits the allegations contained in Paragraph 3 and 4 of the Motion.

4. No response is required in reply to the statement contained in the first and second sentence of Paragraph 5 of the Motion, as they are conclusion of law. The Debtor denies the allegations and characterizations contained in the last sentence of Paragraph 5 of the Motion.

5. The Debtor denies the allegations and characterizations contained in Paragraph 6, 7 and 8 of the Motion.

6. The Debtor admits the allegations contained in the first sentence of Paragraph 9 of the Motion, but denies all remaining allegations and characterizations contained within said Paragraph.

7. No response is required in reply to the statements contained in Paragraph 10 of the Motion as it is a quotation from a document, which speaks for itself.

8. The Debtor denies the allegations and characterizations contained in Paragraph 11, 12, 13, 14 and 15 of the Motion. Further stating, the calculations employed by the Creditor in Paragraph 15 is erroneous and is, in fact, the focus of the Debtor's Objection to the Creditor's Amended Proof of Claim (*See* ECF Document No. 45 in Case No. 19-10782-JEB).

9. No response is required as the documents referenced in Paragraph 16 of the Motion speak for themselves.

10. The Debtor denies the allegations and characterizations contained in Paragraph 17, 18, 19, 20, 21, 22, 23, 24 and 25 of the Motion.

11. The Debtor denies the allegations, representations and characterizations contained in Paragraph 26 of the Motion.

12. No response is required in reply to the statements contained in Paragraphs 27 and 28 of the Motion as they are contentions of case law and not factual allegations.

13. The Debtor admits that the parties' respective counsel conferred on June 29, 2020, as represented in Paragraph 29 of the Motion, but denies that the bulk of the allegations raised by the Creditor were brought to the attention of Debtor's Counsel, only that the Creditor was going to seek relief from the automatic stay.

## FIRST AFFIRMATIVE BASIS FOR DENIAL OF RELIEF

To the extent that any dismissal of a pending appeal is required, which the Debtor asserts is ***not*** the case given the language of 11 U.S.C. § 362(a)(1)[1], it can be accomplished without the intervention of this Court. Therefore, the instant Motion is unnecessary and should be denied as a result. Upon information and belief, the conclusion of the Creditor's appeal to the Texas Supreme Court of the decision of the Texas Court of Appeals reversing the trial court's termination of the Debtor's parental rights forecloses the possibility of any further appeals concerning any matters related thereto, therefore rendering any other otherwise pending appeals moot and, thereby, obviating the need for any Order of this Court concerning relief from the automatic stay.

## SECOND AFFIRMATIVE BASIS FOR DENIAL OF RELIEF

The Creditor's intent in filing this Motion is to prevent this Court from exercising its ***core*** jurisdiction over the Debtor's Objection to the Amended Proof of Claim of the Creditor under 28 U.S.C. § 157(b)(2)(B), which has been pending since June 18, 2019 and which both parties have briefed for the Court. This Motion is simply a thinly-veiled attempt to continue the domestic relations litigation commenced in the Texas State Courts, which is necessarily stayed by the Debtor's Chapter 13 bankruptcy filing on March 12, 2019. The Creditor's unspoken but very much manifest purpose in filing the Motion is to continue her actions against the Debtor in State Court, which were the fount of much consternation for and oppression of the Debtor, leading to his Chapter 13 bankruptcy filing.

---

[1] By its terms, the statute automatically stays the "commencement or continuation" of a prepetition action or proceeding against the Debtor, not the dismissal thereof. Moreover, to the extent that that the provisions of 11 U.S.C. § 362(b)(2)(A), no Motion for Relief from Stay is even required.

Document    Page 4 of 5

This is not a situation where there is a pending divorce proceeding where there has yet to be a division of marital assets. Rather, the only matter is the interpretation and intention of the parties of the Agreement which is at the root of the Debtor's Objection to the Amended Proof of Claim of the Creditor. Therefore, deference to a state family court is neither required nor needed. Indeed, given the Creditor's past efforts towards collection of her alleged claims, the continuation and maintenance of the Automatic Stay is *essential* so that the Debtor has a reasonable opportunity to reorganize his debts under Chapter 13.[2]

WHEREFORE, the Debtor respectfully requests that the Motion of Unsecured Creditor Gita Srivastava for Relief from the Automatic Stay be denied and for such other and further relief as the Court deems mete and just under the circumstances.

ANDREW GREENHUT, Debtor
By his Attorney,

Date:   8/5/2020

*/s/ Richard N. Gottlieb, Esq.*
Richard N. Gottlieb, Esq. BBO# 547970
Law Offices of Richard N. Gottlieb
Ten Tremont Street
Suite 11, 3rd Floor
Boston, MA 02108
(617) 742-4491
rnglaw@verizon.net

---

[2]   *See* **In re Soares**, 107 F.3d 969, 975 (1st Cir., 1997) *quoting* **Sunshine Development, Inc. v. FDIC**, 33 F.3d 106(1st Cir., 1994)(" The automatic stay is among the most basic of debtor protections under bankruptcy law. . . The stay springs into being immediately upon the filing of a bankruptcy petition: "[b]ecause the automatic stay is exactly what the name implies--'automatic'--it operates without the necessity for judicial intervention." It remains in force until a federal court either disposes of the case, see 11 U.S.C. § 362(c)(2), or lifts the stay, see id. § 362(d)-(f). ***This respite enables debtors to resolve their debts in a more orderly fashion, and at the same time safeguards their creditors by preventing "different creditors from bringing different proceedings in different courts, thereby setting in motion a free-for-all in which opposing interests maneuver to capture the lion's share of the debtor's assets."***) Emphasis supplied and internal citation omitted.

UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br>ANDREW GREENHUT,<br>　　　　　　　　　Debtor | IN PROCEEDINGS UNDER<br>CHAPTER 13<br>CASE NO.: 19-10782 |

## **CERTIFICATE OF SERVICE**

I, Richard N. Gottlieb, Esq., do hereby certify that I have this day served a copy of the Objection of Debtor to Objection of Gita Srivastava for Relief from the Automatic Stay electronically via the CM/ECF Electronic Messaging System on the persons listed below.

Date: August 5, 2020　　　　　　　　　*/s/ Richard N. Gottlieb, Esq.*
　　　　　　　　　　　　　　　　　　　Richard N. Gottlieb, Esq. BBO # 547970
　　　　　　　　　　　　　　　　　　　Law Offices of Richard N. Gottlieb
　　　　　　　　　　　　　　　　　　　Ten Tremont Street
　　　　　　　　　　　　　　　　　　　Suite 11, 3rd Floor
　　　　　　　　　　　　　　　　　　　Boston, Massachusetts 02108
　　　　　　　　　　　　　　　　　　　(617) 742-4491
　　　　　　　　　　　　　　　　　　　rnglaw@verizon.net

**PERSONS SERVED:**

**Carolyn Bankowski, Esq.**
Chapter 13 Trustee
(Served via CM/ECF)

**Alex Mattera, Esq.**
Partridge, Snow and Hahn, LLP
Counsel to Gita Srivastava
(Served via CM/ECF)