UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)

| | |
|---|---|
| In re<br><br>ANDREW GREENHUT,<br><br>Debtor. | Chapter 13<br>Case No. 19-10782-JNF |

### SRIVASTAVA'S AMENDMENT TO JOINT PRETRIAL MEMORANDUM

Pursuant to this Court's *Proceeding Memorandum and Order* dated November 10, 2020 [Doc. No. 252], as amended by order dated December 21, 2020 [Doc. No. 261], creditor Gita Srivastava ("Srivastava"), the holder of divorce-related claims against Andrew Greenhut (the "Debtor"), hereby submits her independent amendment to the previously filed *Joint Pretrial Memorandum* dated October 22, 2020 [Doc. No. 248]. The Court had ordered the parties to amend the Joint Pretrial Memorandum:

> The parties shall by December 18, 2020 [continued by subsequent order], file an amendment to the Joint Pretrial Memorandum (i) reflecting the remaining issues of fact and law for trial; and (ii) advising if the parties have agreed to use deposition transcripts in lieu of testimony, and if so, which transcripts will be submitted.

Srivastava and the Debtor, through counsel, negotiated in an effort reach agreement on the required amendment. The parties did reach agreement on a number of issues, all of which are presented below. Srivastava submits this Amendment individually in compliance with the Court's order, and further submits that the following are agreed upon by the parties:

    A.    **Issues of Fact Which Remain to be Litigated**

    1.    The parties have agreed upon the following list of facts which remain to be litigated:

    a.    Whether the Debtor accurately reported his income on his Schedule I[1], including expected changes to income.

    b.    Whether the Debtor accurately listed the identity of his employer on his Schedule I.

    c.    Whether the Debtor accurately identified his debts, including the amount of each debt.

    d.    The correct calculation of Srivastava's claim (for chapter 13 filing eligibility purposes under section 109 of the Bankruptcy Code).

    e.    Whether the Debtor was under pressure from his creditors (other than Srivastava) to file for bankruptcy relief.

    f.    The reason(s) for which the Debtor filed for bankruptcy relief.

    g.    The nature of the transfers from the Debtor's Parents to the Debtor.

    h.    Whether the Debtor's bankruptcy filing constituted bad faith, based, *inter alia*, upon:

        i.    the Debtor's income;

        ii.    the Debtor's living expenses;

        iii.    the Debtor's attorney's fees;

        iv.    the expected duration of the plan;

        v.    the Debtor's sincerity in petitioning for chapter 13 relief;

        vi.    the Debtor's potential for future earning;

        vii.    any special circumstances (such as, for instance, high medical expenses);

        viii.    any prior filings;

        ix.    the circumstances under which the debt was incurred;

        x.    the amount of payment offered as an indication of the Debtor's sincerity to repay the debt;

        xi.    the burden administration would place on the Trustee; and

        xii.    the policy of construing relief in favor of Debtor.

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Joint Pretrial Memorandum.

   i.  Whether the Debtor's bankruptcy is in reality a two-party dispute between the Debtor and Srivastava.

   j.  Whether the Debtor had other legitimate debts besides those of Srivastava.

   k.  The degree to which the Debtor is truly burdened by his debt to Srivastava.

  2.  There are no further relevant facts which remain to be litigated. The Court's order provided:

> The Court held that the issues to be determined are limited to the Debtor's good faith *in filing the bankruptcy case in March 2019*. The trial will not address any issues of good faith in the Debtor proposing the Third Amended Chapter 13 Plan. (emphasis added)

  3.  The Debtor contends that his postpetition conduct remains relevant notwithstanding the order. The Debtor proposes to include numerous facts in dispute in connection with the proposal and filing of his multiple successive plans, his tardy postpetition disclosures, and the conduct of his fiancée. All such factual disputes are irrelevant to the Debtor's lack of good faith in *filing* his petition.

  **B.**  **Issues of Law to be Determined**

  4.  The sole issue of law to be determined is whether the Debtor lacked good faith in the filing of his bankruptcy petition sufficient to warrant dismissal for cause. The parties agree that this issue remains. Srivastava submits that this is the sole issue properly before this Court at this time and in the context of the Motion to Dismiss. The Debtor proposes to re-introduce issues of law related to postpetition conduct of the Debtor, which are inappropriate and contradict this Court's order.

  **C.**  **List of Witnesses Providing Testimony via Deposition Transcript**

  5.  At the pretrial conference conducted November 9, 2020, the Court indicated that direct witness testimony is to be provided by affidavit. As all witnesses in this matter are adverse

3

to Srivastava, Srivastava will provide testimony via deposition transcript for the following witnesses:

    a.    Andrew Greenhut—Transcript dated February 10, 2020.

    b.    Gloria Greenhut—Transcript dated February 21, 2020.

    c.    Alan Greenhut—Transcript dated February 21, 2020.

6.    While the Debtor has not opposed submission of these transcripts, he has, however, indicated that he intends to conduct live examinations of himself and his parents in contradiction of this Court's direction to submit direct testimony by affidavit. Srivastava reserves the right to object to live examination by the Debtor in lieu of using deposition transcripts.

**D.    Conclusion**

7.    Srivastava and the Debtor agree on a list of remaining facts and legal issues as set forth herein. Srivastava has not proposed any remaining facts or disputed legal issues for inclusion beyond those agreed upon by the parties. The Debtor, conversely, now seeks to reintroduce facts and legal issues previously reviewed and rejected by the Court.

    Respectfully submitted,

    GITA SRIVASTAVA,

    By her attorneys,

    */s/ Alex F. Mattera*
    Alex F. Mattera, BBO No. 641760
    Pierce Atwood LLP
    100 Summer Street, 22nd Floor
    Boston, MA  02110
    Telephone:  (617) 488-8112
    Email:    amattera@pierceatwood.com

Dated:  January 8, 2021

## CERTIFICATE OF SERVICE

    I, Alex F. Mattera, hereby certify that on the 8th day of January 2021 I caused to be served a copy of the above pleading on all parties registered for electronic service through the CM/ECF system.

                                      /s/ Alex F. Mattera
                                      Alex F. Mattera

12659456.1.1.1.1.1