UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br>ANDREW GREENHUT,<br>　　　　　　　　Debtor | IN PROCEEDINGS UNDER<br>CHAPTER 13<br>CASE NO.: 19-10782-JEB |

**AMENDMENT OF DEBTOR TO JOINT PRETRIAL MEMORANDUM**

Pursuant to this Court's *Proceeding Memorandum and Order* dated November 10, 2020 [Doc. No. 252], as amended by order dated December 21, 2020 [Doc. No. 261], Andrew Greenhut (the "Debtor"), hereby represents that, after good faith discussions by and between Counsels for the Debtor and the Creditor Gita Srivastava, and multiple drafts of a Joint Amendment to the Joint Pretrial Memorandum, they are unable to come to agreement regarding the relevant factual issues and legal standard to be applied concerning the Motion of Creditor Srivastava to Dismiss Chapter 13 Case.  Because of this impasse, the Parties' have decided to present their proposed Amendments to the Parties' previously filed *Joint Pretrial Memorandum* dated October 22, 2020, so as to be in compliance with the Court's prior Orders. Consequently, the Debtor hereby submits his amendment to the Parties' previously filed *Joint Pretrial Memorandum* dated October 22, 2020 [Doc. No. 248]:

　　A.　**Debtor's Statement of Issues of fact to be Determined by the Court**

**The Debtor asserts that the following issues of fact are relevant to the Court's inquiry concerning the Motion of Srivastava to Dismiss Chapter 13 Case, but as to which the Parties cannot come to agreement:**

1. What were the reasons, impetuses or motivations underlying his decision to file for bankruptcy under Chapter 13 on the date of his Chapter 13 bankruptcy filing?

2. Did the Debtor accurately list all his creditors on his original bankruptcy Schedules?

3. To what extent are the claims owed to persons that are "insiders" or "relatives "within the meaning of 11 U.S.C. §§ 31 and 45.

4. What was the historical treatment of sums received by the Debtor from his parents during the period of time prior to the date of the Debtor's Chapter 13 bankruptcy filing on March 12, 2019?

5. To what extent, if any, has the Debtor during the course of this Chapter 13 case, treated in any Chapter 13 Plan, original or amended, the claims of any creditors that could be identified as "insiders" or "relatives "within the meaning of 11 U.S.C. §§ 31 and 45 differently than those of other unrelated creditors?

6. Has the Debtor accurately listed the identity of his employer and the amount of his monthly income as it existed as of the date of his Chapter 13 bankruptcy filing?

7. What were the impetuses or motivations underlying his decision to file for bankruptcy under Chapter 13 on the date of his Chapter 13 bankruptcy filing?

8. Did the Debtor's Original Chapter 13 Plan propose to pay general unsecured creditors at least as much as required under the Debtor's Original Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Chapter 13 Calculation of Your Disposable Income (Official Form 122C-1 and C-2).

9. During the conduct of this Chapter 13 case's proceedings, has the Debtor been responsive to the demands for information by the Chapter 13 Trustee?

10. During the conduct of this Chapter 13 case's proceedings, has the Debtor been responsive to the demands for information by the Creditor?

11. Did the Debtor, during the course of this Chapter 13 case, file all appropriate motions and follow appropriate procedures concerning the retention and payment of his Special Counsel with respect to the Texas State Court litigation before the Texas Supreme Court?

12. At the time that the Texas Supreme Court returned a decision in 2020, what actions did the Debtor take with respect to amending his proposed Chapter 13 Plan, Schedules, and Chapter 13 Calculation of Disposable Income?

13. When the Chapter 13 Trustee objected to certain expenses set forth in the Amended Schedules of Income and Expenses associated with the Debtor's

       Second Amended Chapter 13 Plan, how did the Debtor react to those concerns raised by the Chapter 13 Trustee?

14. What actions did the Debtor, directly or by his attorney, take to assure the Chapter 13 Trustee of the accuracy of the Debtor's Amended Schedules of Income and Expenses and his Amended Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Chapter 13 Calculation of Your Disposable Income (Official Form 122C-1 and C-2)?

15. How substantial and regular have the Debtor's payments to the Chapter 13 Trustee been during the course of this Chapter 13 case?

16. Taken as a whole, does the Debtor's conduct during the course of this Chapter 13 case evidence a willingness on the Debtor's part to pay his creditors as a class fairly and equally, or merely as a ruse to stall and delay his creditors as a whole without making or proposing to make payment on their claims through a Chapter 13 Plan?

**B.** **Disputed Issues of Law to be Determined**

1. Whether the Debtor lacked good faith in the filing of his bankruptcy petition sufficient to warrant dismissal for cause.

2. Given the totality of the circumstances, both pre-petition and post-petition, was the Debtor's Chapter 13 filing done in good faith?

**C.** **List of Witnesses Whose Testimony May Be Providing Testimony via Deposition Transcript.**[1]

1. Andrew Greenhut—Transcript dated February 10, 2020.

2. Gloria Greenhut—Transcript dated February 21, 2020.

3. Alan Greenhut—Transcript dated February 21, 2020.

---

[1] The Debtor expressly reserve the right to call such personal as live witnesses at the time of the evidentiary hearing on the Creditor's Motion to Dismiss Chapter 13 Case and to utilize such deposition transcripts for the purposes of impeachment, and for Hearsay Exceptions such as "Present Recollection Refreshed" and "Past Recollection Recorded".

Respectfully submitted,

ANDREW GREENHUT, Debtor
By his Attorney,

Date:  1/8/2021  */s/ Richard N. Gottlieb, Esq.*
Richard N. Gottlieb, Esq. BBO# 547970
Law Offices of Richard N. Gottlieb
Ten Tremont Street
Suite 11, 3rd Floor
Boston, MA 02108
(617) 742-4491
rnglaw@verizon.net

-4-

UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br>ANDREW GREENHUT,<br>　　　　　　　Debtor | IN PROCEEDINGS UNDER<br>CHAPTER 13<br>CASE NO.: 19-10782-JEB |

## CERTIFICATE OF SERVICE

I, Richard N. Gottlieb, Esq., do hereby certify that I have this day served a copy of the Amendment of Debtor to Joint Pretrial Memorandum electronically via the CM/ECF Electronic Messaging System on the persons listed below.

Date: January 8, 2021　　　　　　　　　*/s/ Richard N. Gottlieb, Esq.*
　　　　　　　　　　　　　　　　　　　Richard N. Gottlieb, Esq. BBO # 547970
　　　　　　　　　　　　　　　　　　　Law Offices of Richard N. Gottlieb
　　　　　　　　　　　　　　　　　　　Ten Tremont Street
　　　　　　　　　　　　　　　　　　　Suite 11, 3rd Floor
　　　　　　　　　　　　　　　　　　　Boston, Massachusetts 02108
　　　　　　　　　　　　　　　　　　　(617) 742-4491
　　　　　　　　　　　　　　　　　　　rnglaw@verizon.net

**Persons Served:**

**Carolyn Bankowski, Esq.**
Chapter 13 Trustee
(Served via CM/ECF)

**Alex Mattera, Esq.**
Pierce Atwood, LLP
Counsel to Gita Srivastava
(Served via CM/ECF)