UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)

| | |
|---|---|
| In re<br><br>ANDREW GREENHUT,<br><br>Debtor. | Chapter 13<br>Case No. 19-10782-JNF |

## MOTION IN LIMINE TO EXCLUDE TESTIMONY OF LYNN BRATMAN

Creditor Gita Srivastava ("Srivastava"), the holder of divorce-related claims against Andrew Greenhut (the "Debtor"), hereby submits her *Motion in Limine to Exclude Testimony of Lynn Bratman* (the "Motion"). The Debtor failed to disclose Lynn Bratman ("Bratman")—a couple's therapist who saw the Debtor and his partner since prior to the Petition Date—as a witness during discovery despite his having full knowledge of her and any potential information she may have had well before the bankruptcy and throughout the pendency of this case and despite numerous discovery requests that required disclosure of this witness if Debtor so desired, and Srivastava has had no opportunity to examine the witness. Moreover, Bratman's proposed testimony is hearsay, needlessly cumulative, conclusory, and not the best evidence. Finally, the Debtor has provided no basis for Bratman's testimony as an expert, under the *Daubert* standard or otherwise. In further support of the Motion, Srivastava represents as follows:

1. The Court issued its original *Pretrial Order on Good Faith Issues* [Doc. No. 148] on February 28, 2020, setting forth deadlines and procedures governing this dispute. In response to a series of motions to extend the discovery deadline, fact discovery was extended through July 31, 2020, at which time discovery concluded.

13187659.1.1.1.1.1

2. Subsequent to concluding discovery, the parties filed their *Joint Pretrial Memorandum* [Doc. No. 248] on October 22, 2020. In the Joint Pretrial Memorandum, nearly three months after the close of discovery, the Debtor for the first time disclosed as potential witnesses two therapists: (a) Ayelet Pravda, LMHC (the Debtor's personal therapist) ("Pravda"); and (b) Lynn Bratman, LICSW (the Debtor's couple's therapist) ("Bratman"). As discovery had concluded three months prior, Srivastava has had no notice or opportunity to depose either proposed witness.

3. The Court issued its *Proceeding Memorandum and Order* [Doc. No. 271] on February 2, 2021, which set forth additional procedures and deadlines, including the requirement that the

> Debtor shall submit affidavits in lieu of direct testimony for the witnesses Ayelet Pravda and Lynn Brauman, if the Debtor seeks to call such witnesses. Such affidavits shall be filed and served by March 5, 2021. Any affiant must be available for cross examination at the evidentiary hearing. The Court will consider any objections to the direct testimony submitted in the affidavits at the evidentiary hearing.

4. The Debtor eventually filed an affidavit only by Bratman, a social worker that had seen the Debtor and his partner for couple's therapy beginning in March 2018, approximately one year prior to the Debtor's bankruptcy filing, and more than two years before the expiration of discovery in this matter. Nonetheless, the Debtor never identified Bratman during discovery and did not disclose Bratman as a potential witness until October 2020.

5. The Debtor did not submit an affidavit from his personal therapist, Pravda, who is a mental health counselor.

6. The Debtor filed the *Affidavit of Lynn Bratman* [Doc. No. 277] (the "Bratman Affidavit") on March 5, 2021. The evidentiary hearing in this matter is scheduled for May 11,

2021. Accordingly, pursuant to the Court's order, any objection to the testimony of Bratman may be asserted on or before May 11, 2021.

7. During discovery in this matter, on January 29, 2020, Srivastava propounded interrogatories upon the Debtor, including:

**Interrogatory No. 6**

State the name, business and residential address and telephone numbers of each fact witness who you expect to testify at trial, and for each such witness, set forth the expected substance of the testimony of each such witness and your relationship to each such witness.

**Interrogatory No. 7**

Identify each person whom you expect to call as an expert witness at trial of this matter, including in your answer:

a. the expert's name and address;
b. the expert's qualifications as an expert;
c. the subject matter on which such expert is expected to testify;
d. the substance of the facts and opinions to which the expert is expected to testify; and
e. provide a summary of the grounds for each opinion.

8. The Debtor submitted his answers to interrogatories on March 6, 2020:

**Answers to Interrogatory No. 6**

**Andrew Greenhut**, Debtor.
The Debtor anticipates testifying as to the circumstances surrounding his Chapter 13 bankruptcy filing, the debtor's good faith efforts in filing his Chapter 13 case and formulating his Chapter 13 Plan, as well as testifying as to the circumstances surrounding the claim of the Debtor's parents in loaning to the Debtor various sums prior to the commencement of the above-captioned Chapter 13 bankruptcy case. The Debtor's contact information is a matter of public record in the above-captioned Chapter 13 bankruptcy case.

**Gloria and Alan Greenhut**, Debtor's parents
1560 45th Street
Brooklyn, NY 11219
Testify to the fund amounts and purpose of the funds. Testify that money advanced was always as a loan.

**Note**: The Debtor explicitly reserves the right to supplement his Answers to Interrogatory No. 6 as a final list of actual witnesses that the Debtor anticipates calling of time of trial of the "Good Faith" phase of this matter has not as yet been finalized.

**Answers to Interrogatory No. 7**

None at this time.

**Note**: The Debtor explicitly reserves the right to supplement his Answers to Interrogatory No. 6 [sic] as a final list of actual witnesses that the Debtor anticipates calling of time of trial of the "Good Faith" phase of this matter has not as yet been finalized.

9. The Debtor never supplemented any of his answers to interrogatories, and never identified any additional witnesses until long after discovery had closed.

10. Given the Debtor's failure to identify Bratman as a potential witness and the lack of notice or opportunity to depose Bratman or conduct any discovery whatsoever in connection with her proposed testimony, allowing Bratman now to testify would be extremely prejudicial to Srivastava. This prejudice may not be cured by further delaying this matter to allow the Debtor another bite at the apple to cure his failure; discovery had gone on for nearly 18 months in this case, which itself has been pending for over two years.

11. By proposing Bratman as a witness, the Debtor has waived the privilege, if any, enjoyed by Bratman as a therapist of the Debtor. Bratman's affidavit and testimony concern events which occurred several years ago. No disclosure has been made of any contemporaneous notes or other records. As a consequence of the Debtor's nondisclosure, Srivastava has had no access or opportunity to review such records, and cannot adequately prepare any meaningful examination of Bratman based on the brief conclusory affidavit that was prepared now for trial.

12. Furthermore, because the Debtor did not identify Bratman as a witness until the filing of the Joint Pretrial Memorandum, it is unclear whether the Debtor is proffering Bratman's

testimony on a lay or expert basis. Either way, Bratman's testimony is inadmissible and should be excluded.

13. If Bratman's testimony is offered as a lay witness, the testimony is inadmissible hearsay. *See* Fed. R. Evid. 801, 802. Bratman's reports of statements or information provided to her by the Debtor constitute statements that: "(1) the declarant [the Debtor] does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801. For example, Bratman prefaces her statements with such qualifiers as, "As was explained to me by Andrew…" (Bratman Affidavit at ¶ 4), "Andrew reported to me…" (*Id.* at ¶ 7), and "Andrew has indicated to me…" (*Id.* at ¶ 11). The Debtor may testify for himself, and accordingly the statements by Bratman are inadmissible.

14. Bratman's testimony is also conclusory. Bratman makes statements such as "It was clear to me…." (Bratman Affidavit at ¶ 5) and "As the situation became more problematic…" (*Id.*) Such statements are clearly based upon what the Debtor told Bratman (or worse, what the Debtor's partner[1] told Bratman with or without the Debtor present). See, for example, the statement "As was explained to me by Andrew…" (*Id.* at ¶ 4) or "Andrew reported to me…" (*Id.* at ¶ 7) and "Andrew has indicated to me…" (*Id.* at ¶ 11). Bratman's statements and conclusions are unsupported and constitute mere repetitions of alleged out-of-court statements made by the Debtor. Worse, those statements were not made under oath and they were apparently made during some type of couple's session in which there could have been any number of other pressures or motivations present, none of which can be reliably assessed today.

---

[1] Debtor's partner has never been disclosed by the Debtor as a witness and, likewise, Creditor Srivastava has had no notice or opportunity to evaluate her potential statements. Nor is that possible now, years after the fact on the eve of trial.

15. As Bratman is the therapist of both the Debtor and the Debtor's partner, it is impossible to unlink Bratman's conclusions that derive from Debtor's statements or his partner's, who lacked personal knowledge of the Debtor's state of mind. By definition, only the Debtor may testify to his own state of mind. As such, Bratman's testimony is not relevant and adds nothing to the Debtor's own testimony regarding his state of mind.

16. This risk underscores one of the greatest weaknesses of Bratman's testimony—it is purely speculative. Bratman is being asked today to opine and testify as to why the Debtor filed his bankruptcy more than two years previously. Bratman was never engaged to make such a determination, and did not offer debt relief counseling or advice on the Debtor's bankruptcy filing as part of his *couple's* therapy. Any information Bratman remembers years later regarding why the Debtor filed for bankruptcy relief is clearly based upon what the Debtor himself or his partner reported to Bratman at the time. Bratman's repetition of hearsay or speculation and guesswork as to the Debtor's motives is not a valid basis for testimony.

17. Apparently, the Bratman Affidavit is offered as proof of the Debtor's stress in late 2018. Bratman was not treating the Debtor for stress; Bratman is the Debtor's and the Debtor's partner's couple's therapist. The Debtor did have a personal therapist who, incidentally, presumably *was* treating the Debtor for stress, yet the Debtor chose not to introduce evidence from that therapist.[2] Any financial stress reported by the Debtor to Bratman was at best incidental to the reasons for his visits with her.

18. Bratman's testimony is needlessly cumulative. Rule 403 of the Federal Rules of Evidence (the "Rules" and each, a "Rule") provides that

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following:

---

[2] Srivastava expressly reserves the right to oppose any attempt by the Debtor to introduce evidence from *any* therapist at this stage given the lack of disclosure, lack of foundation, and manifest prejudice to Srivastava.

6

> unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Fed. R. Evid. 403. The Debtor himself may testify as to his state of mind, and the testimony of Bratman constitutes a mere repetition of the Debtor's own testimony and statements. The Debtor chose not to include testimony from his personal therapist. The Debtor instead proposes to provide testimony from Bratman, a couple's therapist who was seeing the Debtor and his partner for issues in connection with their relationship. Similarly, the Best Evidence Rule dictates that the Debtor himself testify as to his state of mind, rather than a party to whom the Debtor is alleged to have previously reported it.

19. Bratman's testimony is inadmissible for all of the reasons set forth under Rule 403, with the exception of misleading the jury, which is inapplicable in this case. It is prejudicial to have a person whose entire opinion is based on a combination of hearsay statements uttered by the Debtor and his partner, especially where those utterances are now inextricably linked in Bratman's mind. Any conclusions Bratman has formed are the result of the Debtor's suggestion; Bratman prepared her opinion on bases other than her treatment of the Debtor and his partner for their romantic relationship. The probative value of such testimony—an eve-of-trial opinion by an undisclosed witness on an issue never previously evaluated—is staggeringly low. The prejudicial risk, conversely, is unacceptably high.

20. If Bratman is to be considered an expert witness, the Debtor has failed to provide any foundation or basis for such consideration. Pursuant to Rule 702

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;

7

>   (c) the testimony is the product of reliable principles and methods; and
>
>   (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Neither the Debtor nor the Bratman Affidavit provide any basis or compliance with Rule 702 whatsoever. Nor has the Debtor complied with any of the disclosures required by Rule 26 of the Federal Rules of Civil Procedure. Bratman has offered no *curriculum vitae*, no foundation for her opinion (if that is what the Bratman Affidavit purports to be), and no opportunity for investigation or testing of this witness or her testimony.

21. The Supreme Court of the United States has further set forth the standard for expert testimony in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). The Court provided guidelines for determining whether an expert's methodology is valid. The *Daubert* standard comprises five factors:

   a. whether the theory or technique in question can be and has been tested;
   b. whether it has been subjected to peer review and publication;
   c. its known or potential error rate;
   d. the existence and maintenance of standards controlling its operation; and
   e. whether it has attracted widespread acceptance within a relevant scientific community.

22. The Bratman Affidavit fails to address a single one of these factors. Bratman's conclusions are based on what the Debtor and his partner told her ("As was explained to me by Andrew…"), and not on any kind of diagnostic or other testing. Her sole qualification is that she is a social worker. She does not disclose or expand upon her expertise or qualifications, or even the purpose of her affidavit. Indeed, the one thing we do know, is that the couple's therapist Bratman was not hired to form an opinion or even evaluate the questions presented here—i.e., whether and how financial pressure from creditors was related to the Debtor's decision to file

bankruptcy—and she was never asked to consider it until years later for purposes of this litigation.

23. Furthermore, "stress" itself is not a mental disorder (see https://www.mqmentalhealth.org/stress-and-mental-health/). There is nothing in the Diagnostic and Statistical Manual of Mental Disorders (DSM–5) that recognizes that stress is related to other mental disorders (such other diagnosable disorders as depression, anxiety, ASD and PTSD, etc.). Bratman, as a social worker, should be precluded from testifying as to the Debtor's "stress", as stress is within a fact finder's common knowledge. There is nothing particularly complex about stress that requires expert testimony. The Debtor could as well have had his parents, his partner, or any other third party to whom he "explained" his state of mind testify.

24. The burden is on the proponent of the proposed expert testimony to establish its admissibility by a preponderance of proof. The Debtor has offered *no* proof.

25. For all of the foregoing reasons, the Bratman Affidavit should be excluded, and Bratman should not be allowed to testify as either a lay or expert witness.

WHEREFORE, Srivastava requests that the Court enter an order: (i) granting this Motion; (ii) excluding any testimony by Bratman; and (iii) granting such other and further relief as just and necessary.

Respectfully submitted,

GITA SRIVASTAVA,

By her attorneys,

/s/ Alex F. Mattera
Alex F. Mattera, BBO No. 641760
Pierce Atwood LLP
100 Summer Street, 22nd Floor
Boston, MA 02110
Telephone: (617) 488-8112
Email: amattera@pierceatwood.com

Dated:  May 10, 2021

## CERTIFICATE OF SERVICE

    I, Alex F. Mattera, hereby certify that on the 10th day of May 2021 I caused to be served a copy of the above pleading on all parties registered for electronic service through the CM/ECF system.

                                      /s/ Alex F. Mattera
                                      Alex F. Mattera